1   SCOTT N. SCHOOLS
    United States Attorney
2   CHARLES O'CONNOR
    Assistant United States Attorney
3   450 Golden Gate Avenue
    San Francisco, CA 94102
4   Telephone:  (415) 436-7180
    Facsimile:  (415) 436-6748
5   Email: charles.oconnor@usdoj.gov

6

7   RONALD J. TENPAS
    Acting Assistant Attorney General
    Environment & Natural Resources Division
8   JEAN E. WILLIAMS, Chief
    SETH M. BARSKY,  Assistant Chief
9   REBECCA J. RILEY, Trial Attorney
    IL Bar No. 6284356
10  U.S. Department of Justice
    Environment & Natural Resources Division
11  Wildlife & Marine Resources Section
    Ben Franklin Station, P.O. Box 7369
12  Washington, D.C. 20044-7369
    Telephone: (202) 305-0202
13  Facsimile: (202) 305-0275
    Email: rebecca.riley@usdoj.gov

14
    Attorneys for Defendants
15

16
                IN THE UNITED STATES DISTRICT COURT
17         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN FRANCISCO DIVISION
18

19  CENTER FOR BIOLOGICAL DIVERSITY,        )      Case No. C -07-2794-JCS
                                            )
20              Plaintiff,                   )
           vs.                              )
21                                          )      **FEDERAL DEFENDANTS'**
    ENVIRONMENTAL PROTECTION AGENCY,        )      **ANSWER TO PLAINTIFFS'**
22  et al.,                                 )      **COMPLAINT FOR**
                                            )      **DECLARATORY AND**
23              Defendants.                  )      **INJUNCTIVE RELIEF**
    _____)

24

25          Come now, Federal Defendants, the United States Environmental Protection Agency

26  ("EPA") and Stephen L. Johnson, in his official capacity as Administrator of the EPA

27  (collectively "Defendants"), and, by and through undersigned counsel, hereby answer and assert

28  the following defenses to the allegations contained within the Center for Biological Diversity's

    Complaint seeking both declaratory and injunctive relief ("Complaint").  The numbered

1   paragraphs in this Answer correspond to the numbered paragraphs in Plaintiff's Complaint.

2                                    **INTRODUCTION**

3        1.      The allegations set out in this paragraph constitute a characterization of Plaintiff's

4   claims and conclusions of law, to which no response is required.

5        2.      The allegations set out in this paragraph constitute a characterization of Plaintiff's

6   claims and requests for relief, to which no response is required.

7        3.      The allegations set out in this paragraph constitute a characterization of Plaintiff's

8   claims and requests for relief, to which no response is required.

9                              **JURISDICTION AND VENUE**

10       4.      The allegations set out in the first two sentences of this paragraph constitute

11  conclusions of law, to which no response is required.  The allegation set out in the third sentence

12  of this paragraph constitutes a characterization of Plaintiff's claims and conclusions of law, to

13  which no response is required.

14       5.      Defendants admit that EPA received a letter from Plaintiff dated January 9, 2007,

15  and the letter speaks for itself and is the best evidence of its contents.  Defendants are without

16  information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegation that

17  Secretary Dirk Kempthorne received Plaintiff's letter on January 16, 2007 and therefore deny

18  such allegation.  Defendants further deny as stated the allegation that EPA received Plaintiff's

19  letter on January 16, 2007.

20       6.      The allegation set out in this paragraph constitutes a conclusion of law, to which

21  no response is required.

22       7.      The allegations set out in this paragraph constitute a characterization of Plaintiff's

23  claims and conclusions of law, to which no response is required.  Furthermore, Defendants are

24  without information or knowledge sufficient to form a belief as to the truth of Plaintiff's

25  allegations as to what has occurred or continues to occur "in this district" and therefore deny

26  such allegations.

27                             **INTRADISTRICT ASSIGNMENT**

28       8.      The allegations set out in this paragraph constitute a conclusion of law, to which

- 2 -

1   no response is required.  Furthermore, Defendants are without information or knowledge

2   sufficient to form a belief as to the truth of Plaintiff's allegations as to what has occurred or

3   continues to occur in the specific counties identified and therefore deny such allegations.

4                                    **THE PARTIES**

5        9.     Defendants are without information or knowledge sufficient to form a belief as to

6   the truth of Plaintiff's allegations set out in this paragraph and, on that basis, deny such

7   allegations.

8        10.    Defendants are without information or knowledge sufficient to form a belief as to

9   the truth of Plaintiff's allegations set out in the first and second sentences of this paragraph and,

10  on that basis, deny such allegations.  In addition, the remaining allegations set out in the

11  remaining sentences of this paragraph constitute conclusions of law, to which no response is

12  required.

13       11.    In response to the allegations set out in paragraph 11, Defendants admit that EPA

14  is a federal agency.  The remaining allegations set out in this paragraph purport to characterize,

15  summarize, and/or quote provisions of the Federal Insecticide, Fungicide, and Rodenticide Act

16  ("FIFRA"), the Endangered Species Act ("ESA"), and the Federal Food, Drug, and Cosmetic

17  Act ("FFDCA"), as amended by the Food Quality Protection Act ("FQPA"), which speak for

18  themselves and are the best evidence of their contents.  Defendants deny any allegations contrary

19  to the plain language and meaning of those statutes.

20       12.    Defendants admit that Stephen Johnson is the Administrator of the EPA, and state

21  that the remaining allegation set out in paragraph 12 constitutes a conclusion of law, to which no

22  response is required.

23                               **LEGAL BACKGROUND**

24       13.    This paragraph purports to characterize, summarize, and/or quote the ESA, which

25  speaks for itself and is the best evidence of its contents, and no response is required.

26  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required,

27  Defendants deny the allegations set out in this paragraph to the extent that they are contrary to

28  the plain language and meaning of the ESA.

1    14.    This paragraph purports to characterize, summarize, and/or quote the ESA, which

2  speaks for itself and is the best evidence of its contents, and no response is required.

3  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required,

4  Defendants deny the allegations set out in this paragraph to the extent that they are contrary to

5  the plain language and meaning of the ESA.

6    15.    This paragraph purports to characterize, summarize, and/or quote the ESA and

7  federal regulations, which speak for themselves and are the best evidence of their contents, and

8  no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

9  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

10  they are contrary to the plain language and meaning of the ESA and the referenced federal

11  regulations.

12    16.    This paragraph purports to characterize, summarize, and/or quote the ESA and

13  federal regulations, which speak for themselves and are the best evidence of their contents, and

14  no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

15  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

16  they are contrary to the plain language and meaning of the ESA and the referenced federal

17  regulations.

18    17.    This paragraph purports to characterize, summarize, and/or quote federal

19  regulations, which speak for themselves and are the best evidence of their contents, and no

20  response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

21  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

22  they are contrary to the plain language and meaning of the referenced federal regulations.

23    18.    This paragraph purports to characterize, summarize, and/or quote federal

24  regulations, which speak for themselves and are the best evidence of their contents, and no

25  response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

26  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

27  they are contrary to the plain language and meaning of the referenced federal regulations.

28    19.    With the exception of the fourth and fifth sentences, this paragraph purports to

1   characterize, summarize, and/or quote federal regulations, which speak for themselves and are

2   the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a

3   response to this paragraph is deemed necessary or required, Defendants deny the allegations set

4   out in this paragraph to the extent that they are contrary to the plain language and meaning of the

5   referenced federal regulations.  As to the allegation set out in the fourth sentence of this

6   paragraph, Defendants deny that EPA, along with FWS and the National Marine Fisheries

7   Service issued joint counterpart regulations concerning the consultation process for the

8   registration of pesticides.  As to the allegation set out in the fifth sentence of this paragraph,

9   Defendants deny this allegation as stated.

10          20.     This paragraph purports to characterize, summarize, and/or quote the ESA and

11  federal regulations, which speak for themselves and are the best evidence of their contents, and

12  no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

13  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

14  they are contrary to the plain language and meaning of the ESA and the referenced federal

15  regulations.

16          21.     This paragraph purports to characterize, summarize, and/or quote the ESA and

17  federal regulations, which speak for themselves and are the best evidence of their contents, and

18  no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

19  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

20  they are contrary to the plain language and meaning of the ESA and the referenced federal

21  regulations.

22          22.     This paragraph purports to characterize, summarize, and/or quote the ESA, which

23  speaks for itself and is the best evidence of its contents, and no response is required.

24  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required,

25  Defendants deny the allegations set out in this paragraph to the extent that they are contrary to

26  the plain language and meaning of the ESA.

27          23.     This paragraph purports to characterize, summarize, and/or quote the ESA, which

28  speaks for itself and is the best evidence of its contents, and no response is required.

1   Nonetheless, to the extent that a response to this paragraph is deemed necessary or required,

2   Defendants deny the allegations set out in this paragraph to the extent that they are contrary to

3   the plain language and meaning of the ESA.

4          24.     The allegation set out in the first sentence of this paragraph constitutes a

5   conclusion of law, to which no response is required.  The remaining allegations set out in this

6   paragraph purport to characterize, summarize, and/or quote FIFRA, which speaks for itself and is

7   the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a

8   response to this paragraph is deemed necessary or required, Defendants deny the allegations set

9   out in this paragraph to the extent that they are contrary to the plain language and meaning of

10  FIFRA.

11         25.     The allegations set out in this paragraph purport to characterize, summarize,

12  and/or quote FIFRA, which speaks for itself and is the best evidence of its contents, and no

13  response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

14  necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

15  they are contrary to the plain language and meaning of FIFRA.

16         26.     The first sentence of this paragraph constitutes a conclusion of law, to which no

17  response is required.  The second through fourth sentences of this paragraph purport to

18  characterize, summarize, and/or quote FIFRA, which speaks for itself and is the best evidence of

19  its contents, and no response is required.  Nonetheless, to the extent that a response to the second

20  through fourth sentences of this paragraph is deemed necessary or required, Defendants deny the

21  allegations set out in the second through fourth sentences of this paragraph to the extent that they

22  are contrary to the plain language and meaning of FIFRA.  In response to the allegations set out

23  in the fifth sentence of this paragraph, Defendants admit that EPA considers information

24  regarding "unreasonable adverse effects" for any given pesticide, when such information is

25  submitted to EPA.

26         27.     Defendants are without information or knowledge sufficient to form a belief as to

27  the truth of the allegations set out in the last sentence of this paragraph and, on that basis, deny

28  those allegations.  The remainder of this paragraph purports to characterize, summarize, and/or

1   quote FIFRA, which speaks for itself and is the best evidence of its contents, and no response is

2   required.  Nonetheless, to the extent that a response to the remainder of this paragraph is deemed

3   necessary or required, Defendants deny the allegations in the remainder of this paragraph to the

4   extent that they are contrary to the plain language and meaning of FIFRA.

5        28.    In response to the allegations set out in the first sentence of this paragraph,

6   Defendants admit that EPA has used and continues to use the reregistration scheme established

7   pursuant to the 1988 amendments to FIFRA.  In response to the allegations set out in the last

8   sentence of this paragraph, Defendants admit that EPA is making reregistration decisions for

9   some pesticides in accordance with Phase 5 of the reregistration process established under the

10  1988 amendments to FIFRA.  The remaining allegations in this paragraph purport to

11  characterize, summarize, and/or quote the 1988 amendments to FIFRA, which amendments

12  speak for themselves and are the best evidence of their contents, and no response is required.

13  Nonetheless, to the extent that a response to the remainder of this paragraph is deemed necessary

14  or required, Defendants deny the allegations set out in the remainder of this paragraph to the

15  extent that they are contrary to the plain language and meaning of the 1988 amendments to

16  FIFRA.

17       29.    In response to the allegations set out in the second sentence of this paragraph,

18  Defendants admit that the results of EPA reregistration reviews typically are presented in a

19  Reregistration Eligibility Decision ("RED") document.  The remaining allegations set out in this

20  paragraph purport to characterize, summarize, and/or quote FIFRA, which speaks for itself and is

21  the best evidence of its content, and no response is required.  Nonetheless, to the extent that a

22  response to the remainder of this paragraph is deemed necessary or required, Defendants deny

23  the allegations set out in the remainder of this paragraph to the extent that they are contrary to

24  the plain language and meaning of FIFRA.

25       30.    In response to the allegations set out in the first sentence of this paragraph,

26  Defendants admit that any given RED typically contains a human health assessment and to the

27  extent appropriate an environmental assessment.  In response to the allegations set out in the

28  third sentence of this paragraph, Defendants admit that the effects can be direct or indirect, but

deny as stated the remaining allegations set out in this sentence.  Defendants also admit the

allegations set out in the seventh and eighth sentences of this paragraph.  Finally, Defendants

admit, in response to the allegations set out in the sixth sentence of this paragraph, that these are

some of the "basic questions" that EPA generally seeks to answer in determining the

environmental fate of a pesticide.  However, the allegations set out in the second, fourth, fifth,

and ninth sentences of this paragraph are too vague and ambiguous to enable Defendants to

admit or deny same, but, to the extent that a response may be deemed necessary or required, the

allegations as stated in the second, fourth, fifth, and ninth sentences of this paragraph are denied.

31.    Defendants deny as stated the allegations set out in this paragraph.

32.    Defendants deny as stated the allegations set out in the first, third, and sixth

sentences of this paragraph.  The allegations set out in the second and seventh sentences of this

paragraph purport to characterize, summarize, and/or quote FIFRA and/or FIFRA regulations,

which speak for themselves and are the best evidence of their contents, and no response is

required.  Nonetheless, to the extent that a response to the allegations set out in the second

sentence of this paragraph is deemed necessary or required, Defendants deny such allegations to

the extent that they are contrary to the plain language and meaning of FIFRA and/or the FIFRA

regulations.  Finally, Defendants admit the allegations set out in the fourth and fifth sentences of

this paragraph.

33.    Defendants admit that EPA issued Pesticide Registration Notice 97-6 in

September 1997.  The remaining allegations set out in this paragraph purport to characterize,

summarize, and/or quote Pesticide Registration Notice 97-6, which speaks for itself and is the

best evidence of its contents, and no response is required.  Nonetheless, to the extent that a

response to the remaining allegations set out in this paragraph is deemed necessary or required,

Defendants deny such allegations to the extent that they are contrary to the plain language and

meaning of FIFRA Pesticide Registration Notice 97-6.

34.    In response to the allegations set out in this paragraph, Defendants admit that the

"types of measures" identified by Plaintiffs in this paragraph are among those that may be

included in a RED to reduce possible risks of concern, should any be identified.  Because the

1   type of measure, if any, that is chosen may vary in important regards on a pesticide-by-pesticide

2   basis, to the extent that the allegations in this paragraph are inconsistent with this qualification,

3   they are denied.

4        35.    In response to the allegations set out in the first and last sentences of this

5   paragraph, Defendants admit that Congress amended FIFRA in 1996 through the enactment of

6   FQPA, and that EPA is using the reregistration program under FIFRA to accomplish some

7   portion of the tolerance reassessments required under FQPA.  The remaining allegations set out

8   in this paragraph purport to characterize, summarize, and/or quote FQPA, which speaks for itself

9   and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent

10  that a response to the remainder of this paragraph is deemed necessary or required, Defendants

11  deny the allegations set out in the remainder of this paragraph to the extent that they are contrary

12  to the plain language and meaning of FQPA.

13       36.    Defendants admit the allegations set out in the first and second sentences of this

14  paragraph.  Defendants further admit that an IRED may identify measures to reduce food,

15  drinking water, residential, occupational, and/or ecological risks.  However, Defendants deny as

16  stated all the remaining allegations set out in the third sentence of this paragraph.

17       37.    Defendants admit the allegations set out in this paragraph.

18       38.    Defendants admit the allegations set out in the first and second sentence of this

19  paragraph.  Defendants deny as stated the allegations set out in the third sentence of this

20  paragraph.

21       39.    Defendants admit that EPA published a final notice for its Field Implementation

22  of its Endangered Species Protection Program ("ESPP") in November 2005.  The allegations set

23  out in the second, third, and fifth (up to the comma) sentences of this paragraph purport to

24  characterize, summarize, and/or quote the ESPP as published in the November 2005 notice,

25  which speaks for itself and is the best evidence of its contents, and no response is required.

26  Nonetheless, to the extent that a response to the allegations set out in the second, third, and fifth

27  (up to the comma) sentences of this paragraph is deemed necessary or required, Defendants deny

28  such allegations to the extent that they are contrary to the plain language and meaning of the

ESPP as published.  Defendants admit the allegations set out in the fourth, fifth (after the comma), and sixth sentences of this paragraph.

### FACTUAL BACKGROUND

40.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny all such allegations.

41.     The allegations set out in this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in this paragraph are denied.

42.     The allegations set out in this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in this paragraph are denied.

43.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first, third, fourth, and fifth sentences of this paragraph and, on that basis, deny all such allegations.  Defendants admit that EPA has registered more than 18,000 pesticides, but deny the remaining allegations set out in the second sentence of this paragraph.

44.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first sentence of this paragraph and, on that basis, deny all such allegations.  The allegation set out in the second sentence of this paragraph purports to characterize, summarize, and/or quote the San Francisco Estuary Project's *Pesticides in Urban Surface Waters:  Urban Pesticides Use Trends Annual Report 2005* ("*Annual Report*"), which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the allegation set out in the second sentence of this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the *Annual Report*.

45.     Defendants deny as stated the allegations set out in this paragraph.

46.     The allegations set out in this paragraph purport to characterize, summarize, and/or quote unidentified U.S. Geological Survey ("USGS") reports, which speak for themselves

1   and are the best evidence of their contents, and no response is required.  Nonetheless, to the

2   extent that a response to the allegations set out in this paragraph is deemed necessary or required,

3   Defendants deny such allegations to the extent that they are contrary to the plain language and

4   meaning of the unidentified USGS reports.

5          47.    The allegations set out in the first sentence of this paragraph are too vague and

6   ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

7   deemed necessary or required, the allegations as stated in the first sentence of this paragraph are

8   denied.  The remainder of the allegations set out in this paragraph purport to characterize,

9   summarize, and/or quote unidentified USGS reports, which speak for themselves and are the best

10  evidence of their contents, and no response is required.  Nonetheless, to the extent that a

11  response to these remaining allegations set out in this paragraph is deemed necessary or required,

12  Defendants deny such allegations to the extent that they are contrary to the plain language and

13  meaning of the unidentified USGS reports.

14         48.    Defendants are without information or knowledge sufficient to form a belief as to

15  the truth of the allegations set out in this paragraph and, on that basis, deny all such allegations.

16         49.    The allegations set out in the first sentence of this paragraph are too vague and

17  ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

18  deemed necessary or required, the allegations as stated in the first sentence of this paragraph are

19  denied.  Defendants deny as stated the allegations set out in the second sentence of this

20  paragraph.

21         50.    Defendants are without information or knowledge sufficient to form a belief as to

22  the truth of the allegations set out in the first, second, third, and fourth sentences of this

23  paragraph and, on that basis, deny all such allegations.  The remainder of the allegations set out

24  in the fifth and sixth sentences of this paragraph purport to characterize, summarize, and/or quote

25  an unidentified study conducted in 1997, which speaks for itself and is the best evidence of its

26  contents, and no response is required.  Nonetheless, to the extent that a response to the

27  allegations set out in the fifth and sixth sentences of this paragraph is deemed necessary or

28  required, Defendants deny such allegations to the extent that they are contrary to the plain

language and meaning of the unidentified 1997 study.

51.     The allegations set out in this paragraph purport to characterize, summarize, and/or quote one or more unidentified USGS studies, which speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the unidentified USGS study(ies).

52.     Defendants deny as stated the allegation set out in the first sentence of this paragraph.  The allegations set out in the second and third sentences of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the second and third sentences of this paragraph are denied.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the fourth sentence of this paragraph and, on that basis, deny all such allegations.

53.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny all such allegations.

54.     Defendants admit generally that sediment provides, among other things, habitat for benthic organisms, which may be a food source for fish, but deny as stated all the remaining allegations set out in the first sentence of this paragraph.  The allegations set out in the second sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the second sentence of this paragraph are denied.

55.     The allegations set out in this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in this paragraph are denied.

56.     The allegations set out in the first sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the first sentence of this paragraph are

1    denied.  Defendants are without information or knowledge sufficient to form a belief as to the

2    truth of the allegations set out in the second sentence of this paragraph and, on that basis, deny

3    all such allegations.

4        57.    The allegations set out in the first and second sentences of this paragraph purport

5    to characterize, summarize, and/or quote an unidentified USGS study, which speaks for itself

6    and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent

7    that a response to the allegations set out in the first and second sentence of this paragraph is

8    deemed necessary or required, Defendants deny such allegations to the extent that they are

9    contrary to the plain language and meaning of the unidentified USGS study.  Defendants are

10   without information or knowledge sufficient to form a belief as to the truth of the allegations set

11   out in the third and fourth sentences of this paragraph and, on that basis, deny all such

12   allegations.

13       58.    Defendants are without information or knowledge sufficient to form a belief as to

14   the truth of the allegations set out in the first sentence of this paragraph and, on that basis, deny

15   all such allegations.  The allegations set out in the second sentence of this paragraph are too

16   vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a

17   response may be deemed necessary or required, the allegations as stated in the second sentence

18   of this paragraph are denied.

19       59.    The allegations set out in the first through fourth sentences of this paragraph

20   purport to characterize, summarize, and/or quote a 1999 Pesticide Action Network North

21   America ("PANNA") report entitled *Disrupting the Balance: Ecological Impacts of Pesticides in*

22   *California*, which speaks for itself and is the best evidence of its contents, and no response is

23   required.  Nonetheless, to the extent that a response to the allegations set out in the first through

24   fourth sentences of this paragraph is deemed necessary or required, Defendants deny such

25   allegations to the extent that they are contrary to the plain language and meaning of the 1999

26   PANNA report.  The allegations set out in the fifth sentence of this paragraph are too vague and

27   ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

28   deemed necessary or required, the allegations as stated in the fifth sentence of this paragraph are

1   denied.  Defendants are without information or knowledge sufficient to form a belief as to the

2   truth of the allegations set out in the sixth sentence of this paragraph and, on that basis, deny all

3   such allegations.

4          60.     The allegations set out in the first sentence of this paragraph are too vague and

5   ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

6   deemed necessary or required, the allegations as stated in the first sentence of this paragraph are

7   denied.  The allegations set out in the second sentence of this paragraph purport to characterize,

8   summarize, and/or quote unidentified "numerous studies," which speaks for themselves and are

9   the best evidence of their content, and no response is required.  Nonetheless, to the extent that a

10  response to the allegations set out in the second sentence of this paragraph is deemed necessary

11  or required, Defendants deny such allegations to the extent that they are contrary to the plain

12  language and meaning of the unidentified numerous studies.  Defendants are without information

13  or knowledge sufficient to form a belief as to the truth of the allegations set out in the third and

14  fourth sentences of this paragraph and, on that basis, deny all such allegations.

15         61.     The allegations set out in the first sentence of this paragraph purport to

16  characterize, summarize, and/or quote an unidentified U.S. Fish and Wildlife report or study, and

17  the allegations set out in the second sentence of this paragraph purport to characterize,

18  summarize, and/or quote reports by unidentified "researchers," all of which speak for themselves

19  and are the best evidence of their content, and no response is required.  Nonetheless, to the extent

20  that a response to the allegations set out in the first and second sentences of this paragraph is

21  deemed necessary or required, Defendants deny such allegations to the extent that they are

22  contrary to the plain language and meaning of the unidentified reports and study.  The

23  allegations set out in the third sentence of this paragraph are too vague and ambiguous to enable

24  Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or

25  required, the allegations as stated in the third sentence of this paragraph are denied.

26         62.     Defendants are without information or knowledge sufficient to form a belief as to

27  the truth of the allegations set out in this paragraph and, on that basis, deny all such allegations.

28         63.     Defendants deny as stated the allegation set out in this paragraph.

64. The allegations set out in the first sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the first sentence of this paragraph are denied. Defendants admit the allegations set out in the second and third sentences of this paragraph. The allegations set out in the fourth sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the fourth sentence of this paragraph are denied.

65. This paragraph purports to characterize, summarize, and/or quote "several [unidentified] studies," which speak for themselves and are the best evidence of their contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent that they are contrary to the plain language and meaning of the referenced unidentified studies.

66. This paragraph purports to characterize, summarize, and/or quote an unidentified report or study on endosulfan exposure, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent that they are contrary to the plain language and meaning of the referenced unidentified report or study.

67. This paragraph purports to characterize, summarize, and/or quote an unidentified USGS atrazine study, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent that they are contrary to the plain language and meaning of the referenced unidentified USGS study.

68. This paragraph purports to characterize, summarize, and/or quote an unidentified study on the pesticide carbaryl, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent

1    that they are contrary to the plain language and meaning of the referenced unidentified carbaryl

2    study.

3        69.    This paragraph purport to characterize, summarize, and/or quote unidentified

4    studies on the herbicide atrazine, which speak for themselves and are the best evidence of their

5    contents, and no response is required.  Nonetheless, to the extent that a response to this

6    paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to

7    the extent that they are contrary to the plain language and meaning of the referenced unidentified

8    atrazine studies.

9        70.    Defendants deny as stated the allegations set out in the first sentence of this

10   paragraph.  The remaining allegations set out in this paragraph purport to characterize,

11   summarize, and/or quote unidentified studies on the herbicide atrazine, which speak for

12   themselves and are the best evidence of their contents, and no response is required.  Nonetheless,

13   to the extent that a response to the remaining allegations is deemed necessary or required,

14   Defendants deny the remaining allegations in this paragraph to the extent that they are contrary

15   to the plain language and meaning of the referenced unidentified atrazine studies.

16       71.    This paragraph purports to characterize, summarize, and/or quote an unidentified

17   study on the reproductive system of frogs, which speaks for itself and is the best evidence of its

18   contents, and no response is required.  Nonetheless, to the extent that a response to this

19   paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to

20   the extent that they are contrary to the plain language and meaning of the referenced unidentified

21   study on the reproductive system of frogs.

22       72.    This paragraph purports to characterize, summarize, and/or quote an unidentified

23   study on trematode infection and pesticide exposure, which speaks for itself and is the best

24   evidence of its contents, and no response is required.  Nonetheless, to the extent that a response

25   to this paragraph is deemed necessary or required, Defendants deny the allegations in this

26   paragraph to the extent that they are contrary to the plain language and meaning of the

27   referenced unidentified study.

28

73. The allegations set out in this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in this paragraph are denied.

74. This paragraph purports to characterize, summarize, and/or quote an unidentified "2001 Canadian study," which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent that they are contrary to the plain language and meaning of the referenced unidentified 2001 Canadian study.

75. This paragraph purports to characterize, summarize, and/or quote an unidentified 2000 USGS study on pesticides and amphibian populations in California, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to the extent that they are contrary to the plain language and meaning of the referenced unidentified 2000 USGS study.

76. The allegations set out in the first and third sentences of this paragraph are too vague and ambiguous to enable Defendants to admit or deny them, but, to the extent that a response is deemed necessary or required, the allegations as stated in the first and third sentences of this paragraph are denied. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the second sentence of this paragraph and, on that basis, deny the allegations in the second sentence of this paragraph.

77. The allegations set out in the first sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the first sentence of this paragraph are denied. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the second sentence of this paragraph and, on that basis, deny the allegations in the second sentence of this paragraph.

78. The allegations set out in this paragraph are too vague and ambiguous to enable

1  Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or

2  required, the allegations as stated in this paragraph are denied.

3      79.    The allegations set out in the first, third, fourth, and fifth sentences set out in this

4  paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the

5  extent that a response may be deemed necessary or required, the allegations as stated in the first,

6  third, fourth, and fifth sentences in this paragraph are denied.  Defendants admit that many

7  beneficial insects play roles in pollination, soil aeration, nutrient cycling and pest control.

8  Defendants are without information or knowledge sufficient to form a belief as to the truth of the

9  allegations set out in the sixth sentence of this paragraph and, on that basis, deny the allegations

10  in the sixth sentence of this paragraph.

11      80.    Defendants are without information or knowledge sufficient to form a belief as to

12  the truth of the allegations set out in the first, second, and fourth, and fifth sentences of this

13  paragraph and, on that basis, deny those allegations.  Defendants admit the allegations set out in

14  the third and sixth sentences of this paragraph.  The allegations set out in the seventh sentence of

15  this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to

16  the extent that a response may be deemed necessary or required, the allegations as stated in the

17  seventh sentence of this paragraph are denied.

18      81.    Defendants are without information or knowledge sufficient to form a belief as to

19  the truth of the allegations set out in the first and fourth sentences of this paragraph and, on that

20  basis, deny those allegations.  Defendants admit the allegations set out in the second sentence of

21  this paragraph and that the FWS published a five-year review for the species in 2004.

22  Defendants are without information or knowledge sufficient to form a belief as to the truth of the

23  remaining allegations set out in the third sentence of this paragraph and, on that basis, deny those

24  allegations.

25      82.    Defendants are without information or knowledge sufficient to form a belief as to

26  the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

27      83.    This paragraph purports to characterize, summarize, and/or quote unidentified

28  "research" and research reports, which speaks for themselves and are the best evidence of their

1   contents, and no response is required.  Nonetheless, to the extent that a response to this

2   paragraph is deemed necessary or required, Defendants deny the allegations in this paragraph to

3   the extent that they are contrary to the plain language and meaning of the referenced unidentified

4   research and research reports.

5       84.    The allegations set out in the first and second sentences of this paragraph are too

6   vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a

7   response may be deemed necessary or required, the allegations as stated in the first and second

8   sentences of this paragraph are denied.  Defendants are without information or knowledge

9   sufficient to form a belief as to the truth of the allegations set out in the third through fifth

10  sentences of this paragraph and, on that basis, deny those allegations.  The last sentence of this

11  paragraph purports to characterize, summarize, and/or quote an unidentified USGS report, which

12  speaks for itself and is the best evidence of its contents, and no response is required.

13  Nonetheless, to the extent that a response to the last sentence of this paragraph is deemed

14  necessary or required, Defendants deny the allegations in the last sentence of this paragraph to

15  the extent that they are contrary to the plain language and meaning of the referenced unidentified

16  USGS report.

17      85.    With the exception of the last sentence of this paragraph, this paragraph purports

18  to characterize, summarize, and/or quote an unidentified USGS study on the impact of pesticides

19  on the delta smelt, which speaks for itself and is the best evidence of its contents, and no

20  response is required.  Nonetheless, to the extent that a response to these particular allegations in

21  this paragraph is deemed necessary or required, Defendants deny such allegations to the extent

22  that they are contrary to the plain language and meaning of the referenced unidentified USGS

23  study.  The allegations set out in the last sentence of this paragraph are too vague and ambiguous

24  to enable Defendants to admit or deny same, but, to the extent that a response may be deemed

25  necessary or required, the allegations as stated in the last sentence of this paragraph are denied.

26      86.    Defendants are without information or knowledge sufficient to form a belief as to

27  the truth of the allegations set out in the first through third, fifth through eighth, and tenth

28  sentences of this paragraph and, on that basis, deny those allegations.  Defendants admit the

1  allegations set out in the fourth sentence of this paragraph.  The allegations set out in the ninth

2  sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny

3  same, but, to the extent that a response may be deemed necessary or required, the allegations as

4  stated in the ninth sentence of this paragraph are denied.

5     87.     Defendants are without information or knowledge sufficient to form a belief as to

6  the truth of the allegations set out in the first through third sentences of this paragraph and, on

7  that basis, deny those allegations.  Defendants admit the allegations set out in the fourth sentence

8  of this paragraph.

9     88.     Defendants are without information or knowledge sufficient to form a belief as to

10  the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

11     89.     This paragraph purports to characterize, summarize, and/or quote a 1993

12  Biological Opinion on the Effects of 16 Vertebrate Control Agents on Threatened and

13  Endangered Species ("1993 BO"), which speaks for itself and is the best evidence of its contents,

14  and no response is required.  Nonetheless, to the extent that a response to the allegations in this

15  paragraph is deemed necessary or required, Defendants deny such allegations to the extent that

16  they are contrary to the plain language and meaning of the referenced 1993 BO.

17     90.     This paragraph purports to characterize, summarize, and/or quote the regulations

18  implementing section 7 of the ESA, which speaks for themselves and are the best evidence of

19  their contents, and no response is required.  Nonetheless, to the extent that a response to the

20  allegations in this paragraph is deemed necessary or required, Defendants deny such allegations

21  to the extent that they are contrary to the plain language and meaning of the referenced

22  regulations.

23     91.     This paragraph purports to characterize, summarize, and/or quote a 1996 letter

24  from FWS to EPA ("FWS 1996 letter"), which speaks for itself and is the best evidence of its

25  contents, and no response is required.  Nonetheless, to the extent that a response to the

26  allegations in this paragraph is deemed necessary or required, Defendants deny such allegations

27  to the extent that they are contrary to the plain language and meaning of the referenced FWS

28  1996 letter.

1    92.    The allegations set out in this paragraph constitute a conclusion of law, to which

2    no response is required.

3    93.    The first sentence of this paragraph purports to characterize, summarize, and/or

4    quote a 1999 FWS memo, which speaks for itself and is the best evidence of its contents, and no

5    response is required.  Nonetheless, to the extent that a response to the allegations in this

6    paragraph is deemed necessary or required, Defendants deny such allegations to the extent that

7    they are contrary to the plain language and meaning of the referenced 1999 FWS memo.  The

8    allegations set out in the second and third sentences of this paragraph are too vague and

9    ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

10   deemed necessary or required, the allegations as stated in the second and third sentences of this

11   paragraph are denied.

12   94.    Defendants are without information or knowledge sufficient to form a belief as to

13   the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

14   95.    The first sentence of this paragraph purports to characterize, summarize, and/or

15   quote an unidentified FWS report or study or other document, which speaks for itself and is the

16   best evidence of its contents, and no response is required.  Nonetheless, to the extent that a

17   response to the allegations in the first sentence of this paragraph is deemed necessary or

18   required, Defendants deny such allegations to the extent that they are contrary to the plain

19   language and meaning of the referenced unidentified FWS report or study or other document.

20   Defendants admit the allegations set out in the second sentence of this paragraph.  Defendants

21   deny as stated the allegations set out in the third sentence of this paragraph.

22   96.    The first and fourth sentences of this paragraph purport to characterize,

23   summarize, and/or quote an unidentified FWS report or study or other document, which speaks

24   for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the

25   extent that a response to the allegations in the first and fourth sentences of this paragraph is

26   deemed necessary or required, Defendants deny such allegations to the extent that they are

27   contrary to the plain language and meaning of the referenced unidentified FWS report or study or

28   other document.  The allegations set out in the second and third sentences of this paragraph are

too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the second and third sentences of this paragraph are denied.

97.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

98.    The first sentence of this paragraph purports to characterize, summarize, and/or quote an unidentified FWS report or study or other document, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations in the first sentence of this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the referenced unidentified FWS report or study or other document. The allegations set out in the second sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the second sentence of this paragraph are denied.

99.    The first through third sentences of this paragraph purports to characterize, summarize, and/or quote a South Sacramento Draft Habitat Conservation Plan ("Draft HCP"), which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the allegations in the first through third sentences of this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the referenced Draft HCP.  The allegations set out in the fourth sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the fourth sentence of this paragraph are denied.

100.    Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants admit the allegations set out in the second sentence of this paragraph. Defendants are without information or knowledge sufficient to form a belief as to the truth of the

1   allegations set out in the third sentence of this paragraph and, on that basis, deny those

2   allegations.    The allegations set out in the fourth sentence of this paragraph are too vague and

3   ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

4   deemed necessary or required, the allegations as stated in the fourth sentence of this paragraph

5   are denied.

6        101.    Defendants are without information or knowledge sufficient to form a belief as to

7   the truth of the allegations set out in the first and third sentences of this paragraph and, on that

8   basis, deny those allegations.  Defendants admit the allegations set out in the second sentence of

9   this paragraph and that the FWS published a five-year review for the species in 2006.

10  Defendants are without information or knowledge sufficient to form a belief as to the truth of the

11  remaining allegations set out in the third sentence of this paragraph and, on that basis, deny those

12  allegations.

13       102.    Defendants are without information or knowledge sufficient to form a belief as to

14  the truth of the allegations set out in the first, third, and fourth sentences of this paragraph and,

15  on that basis, deny those allegations.  The second sentence of this paragraph purports to

16  characterize, summarize, and/or quote an unidentified FWS report or study or other document,

17  which speaks for itself and is the best evidence of its contents, and no response is required.

18  Nonetheless, to the extent that a response to the allegations in the second sentence of this

19  paragraph is deemed necessary or required, Defendants deny such allegations to the extent that

20  they are contrary to the plain language and meaning of the referenced unidentified FWS report or

21  study or other document.

22       103.    This paragraph purports to characterize, summarize, and/or quote a 1999 FWS

23  memo, which speaks for itself and is the best evidence of its contents, and no response is

24  required.  Nonetheless, to the extent that a response to the allegations set out in this paragraph is

25  deemed necessary or required, Defendants deny such allegations to the extent that they are

26  contrary to the plain language and meaning of the referenced 1999 FWS memo.

27       104.    The first and third sentence in this paragraph purport to characterize, summarize,

28  and/or quote a 1993 BO, which speaks for itself and is the best evidence of its contents, and no

- 23 -

1    response is required.  Nonetheless, to the extent that a response to the allegations set out in the

2    first and third sentence in this paragraph is deemed necessary or required, Defendants deny such

3    allegations to the extent that they are contrary to the plain language and meaning of the

4    referenced 1993 BO.  Defendants admit that aluminum phosphide, magnesium phosphide,

5    potassium nitrate, and sodium nitrate are registered for use as rodenticides.  Defendants are

6    without information or knowledge sufficient to form a belief as to the truth of the allegations set

7    out in the fourth sentence of this paragraph and, on that basis, deny those allegations.

8         105.    The first and second sentences in this paragraph purport to characterize,

9    summarize, and/or quote a 1996 FWS letter, which speaks for itself and is the best evidence of

10   its contents, and no response is required.  Nonetheless, to the extent that a response to the

11   allegations set out in the first and second sentences in this paragraph is deemed necessary or

12   required, Defendants deny such allegations to the extent that they are contrary to the plain

13   language and meaning of the referenced 1996 FWS letter.  The allegations set out in the third

14   sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny

15   same, but, to the extent that a response may be deemed necessary or required, the allegations as

16   stated in the third sentence of this paragraph are denied.

17        106.    Defendants are without information or knowledge sufficient to form a belief as to

18   the truth of the allegations set out in the first and second sentences of this paragraph and, on that

19   basis, deny those allegations.  Defendants admit the allegations set out in the third and fourth

20   sentences of this paragraph.

21        107.    Defendants are without information or knowledge sufficient to form a belief as to

22   the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

23        108.    The first sentence in this paragraph purports to characterize, summarize, and/or

24   quote both a June 14, 1989 Biological Opinion on the National Pesticide Consultation ("1989

25   BO") and a 1999 FWS memo, both of which speak for themselves and are the best evidence of

26   their content, and no response is required.  Nonetheless, to the extent that a response to the

27   allegations set out in the first sentence in this paragraph is deemed necessary or required,

28   Defendants deny such allegations to the extent that they are contrary to the plain language and

1   meaning of the referenced 1989 BO and/or the 1999 FWS memo.  The allegations set out in the

2   second sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or

3   deny same, but, to the extent that a response may be deemed necessary or required, the

4   allegations as stated in the second sentence of this paragraph are denied.

5           109.    Defendants are without information or knowledge sufficient to form a belief as to

6   the truth of the allegations set out in the first through fifth sentences of this paragraph and, on

7   that basis, deny those allegations.  Defendants admit the allegations set out in the sixth and

8   seventh sentences of this paragraph.

9           110.    Defendants are without information or knowledge sufficient to form a belief as to

10  the truth of the allegations set out in the first and third sentences of this paragraph and, on that

11  basis, deny those allegations.  Defendants admit that above-ground application of strychnine

12  within the range of the kit fox was prohibited in 1988.  The remaining allegations set out in the

13  second sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or

14  deny same, but, to the extent that a response may be deemed necessary or required, the

15  remaining allegations as stated in the second sentence of this paragraph are denied.

16          111.    Defendants are without information or knowledge sufficient to form a belief as to

17  the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

18          112.    Defendants are without information or knowledge sufficient to form a belief as to

19  the truth of the allegations set out in the first and second sentences of this paragraph and, on that

20  basis, deny those allegations.  Defendants admit that brodifacoum is an active ingredient in

21  certain rat and mouse baits, but deny the remainder of the allegations as stated in the third

22  sentence of this paragraph.

23          113.    The allegations set out in the first sentence of this paragraph are too vague and

24  ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

25  deemed necessary or required, the allegations as stated in the first sentence of this paragraph are

26  denied.  Defendants are without information or knowledge sufficient to form a belief as to the

27  truth of the allegations set out in the second and third sentences of this paragraph and, on that

28  basis, deny those allegations.

114.    The first and third sentences of this paragraph purport to characterize, summarize, and/or quote a 1999 FWS memo, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first and third sentence of this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the referenced 1999 FWS memo.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the second sentence of this paragraph and, on that basis, deny those allegations.

115.    The first through fourth sentences in this paragraph purport to characterize, summarize, and/or quote both a 1993 BO and a 1996 FWS letter, both of which speak for themselves and are the best evidence of their content, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first through fourth sentences in this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the referenced 1993 BO and/or the 1996 FWS letter.  The allegations set out in the last sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the last sentence of this paragraph are denied.

116.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first through fifth sentences of this paragraph and, on that basis, deny those allegations.  Defendants admit the allegations set out in the sixth and eighth sentence of this paragraph.  Defendants deny as stated the allegations set out in the seventh sentence of this paragraph.

117.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

118.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first sentence of this paragraph and, on that basis, deny those allegations.  The second sentence in this paragraph purports to characterize, summarize,

1    and/or quote a 1996 letter from the FWS to EPA, which speaks for itself and is the best evidence

2    of its content, and no response is required. Nonetheless, to the extent that a response to the

3    allegations set out in the second sentence in this paragraph is deemed necessary or required,

4    Defendants deny such allegations to the extent that they are contrary to the plain language and

5    meaning of the referenced 1996 letter. Defendants deny as stated the allegations set out in the

6    third sentence of this paragraph. The allegations set out in the last sentence of this paragraph are

7    too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a

8    response may be deemed necessary or required, the allegations as stated in the last sentence of

9    this paragraph are denied.

10        119.    Defendants are without information or knowledge sufficient to form a belief as to

11    the truth of the allegations set out in the first through third sentences of this paragraph and, on

12    that basis, deny those allegations. Defendants admit the allegations set out in the fourth and

13    sixth sentences of this paragraph. The fifth sentence in this paragraph purports to characterize,

14    summarize, and/or quote FWS Conservation Guidelines issued in 1999, which speaks for itself

15    and is the best evidence of its content, and no response is required. Nonetheless, to the extent

16    that a response to the allegations set out in the fifth sentence in this paragraph is deemed

17    necessary or required, Defendants deny such allegations to the extent that they are contrary to

18    the plain language and meaning of the referenced 1999 Conservation Guidelines.

19        120.    The first through fourth sentences in this paragraph purport to characterize,

20    summarize, and/or quote an unidentified 1999 FWS memo, which speaks for itself and is the best

21    evidence of its content, and no response is required. Nonetheless, to the extent that a response to

22    the allegations set out in the first through fourth sentences in this paragraph is deemed necessary

23    or required, Defendants deny such allegations to the extent that they are contrary to the plain

24    language and meaning of the referenced 1999 FWS memo. The allegations set out in the last

25    sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny

26    same, but, to the extent that a response may be deemed necessary or required, the allegations as

27    stated in the last sentence of this paragraph are denied.

28        121.    Defendants are without information or knowledge sufficient to form a belief as to

the truth of the allegations set out in the first sentence of this paragraph and, on that basis, deny those allegations.  Defendants admit the allegations set out in the second and third sentences of this paragraph.

122.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

123.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in this paragraph and, on that basis, deny those allegations.

124.    The first through fourth sentences in this paragraph purport to characterize, summarize, and/or quote both a 1989 BO and a 1999 FWS memo, both of which speak for themselves and are the best evidence of their content, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first through fourth sentences in this paragraph is deemed necessary or required, Defendants deny such allegations to the extent that they are contrary to the plain language and meaning of the referenced 1989 BO and/or the 1999 FWS memo.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the fifth sentence of this paragraph and, on that basis, deny those allegations.  The allegations set out in the sixth and seventh sentences of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the sixth and seventh sentences of this paragraph are denied.

**CLAIMS FOR RELIEF**

125.    Defendants' responses to all preceding paragraphs are incorporated by reference as if fully stated herein.

126.    The allegations in this paragraph constitute conclusions of law, to which no response is required.  In addition, the ESA and FIFRA statutory provisions that are characterized and/or summarized in this paragraph speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to these characterizations is deemed necessary or required, Defendants deny the allegations of this

paragraph to the extent that they are contrary to the plain language and meaning of the ESA and FIFRA.

127.    Defendants admit the allegations set out in this paragraph.

128.    Defendants admit the allegations set out in this paragraph.

129.    Defendants admit that EPA is currently developing risk management decisions for several rodenticides, including those specifically identified, but deny all other allegations set out in the first sentence of this paragraph.  Defendants deny as stated the allegations set out in the second sentence of this paragraph.

130.    Defendants deny as stated the allegations set out in this paragraph.

131.    The allegations in this paragraph constitute conclusions of law, to which no response is required.  To the extent that a further response to this paragraph is deemed necessary or required, the allegations as stated are denied.

132.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of diazinon on the tidewater goby.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

133.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of alachlor on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

134.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of atrazine on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

135.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of carbaryl on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

136.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of carbofuran on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

137.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

138.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of diazinon on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

139.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of eptc (eptam) on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

140.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of malathion on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

141.     Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants admit that EPA has not consulted with FWS on the impacts of the registration of metolachlor on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

142.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of pebulate on the Delta smelt.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

1    143.    Defendants admit the allegations set out in the first sentence of this paragraph.
2  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
3  of simazine on the Delta smelt.  The remaining allegations set out in this paragraph are
4  conclusions of law, to which no response is required.

5    144.    Defendants admit the allegations set out in the first sentence of this paragraph.
6  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
7  of sulfotep on the Delta smelt.  The remaining allegations set out in this paragraph are
8  conclusions of law, to which no response is required.

9    145.    Defendants admit the allegations set out in the first sentence of this paragraph.
10  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
11  of thiobencarb on the Delta smelt.  The remaining allegations set out in this paragraph are
12  conclusions of law, to which no response is required.

13    146.    Defendants admit the allegations set out in the first sentence of this paragraph.
14  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
15  of trifluralin on the Delta smelt.  The remaining allegations set out in this paragraph are
16  conclusions of law, to which no response is required.

17    147.    Defendants admit the allegations set out in the first sentence of this paragraph.
18  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
19  of diquat dibromide on the Delta smelt.  The remaining allegations set out in this paragraph are
20  conclusions of law, to which no response is required.

21    148.    Defendants admit the allegations set out in the first sentence of this paragraph.
22  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
23  of acephate on the California clapper rail.  The remaining allegations set out in this paragraph are
24  conclusions of law, to which no response is required.

25    149.    Defendants admit the allegations set out in the first sentence of this paragraph.
26  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration
27  of permethrin on the California clapper rail.  The remaining allegations set out in this paragraph
28  are conclusions of law, to which no response is required.

150.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the California clapper rail.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

151.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of azinphos-methyl on the California clapper rail.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

152.    Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants admit that EPA has not consulted with FWS on the impacts of the registration of naled on the California clapper rail.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

153.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of acephate on the salt marsh harvest mouse.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

154.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the salt marsh harvest mouse.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

155.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of endosulfan on the salt marsh harvest mouse.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

156.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of permethrin on the salt marsh harvest mouse.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

1    157.    Defendants admit the allegations set out in the first sentence of this paragraph.

2    Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

3    the impacts of the registration of broadifacoum on the salt marsh harvest mouse.  The remaining

4    allegations set out in this paragraph are conclusions of law, to which no response is required.

5    158.    Defendants admit the allegations set out in the first sentence of this paragraph.

6    Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

7    the impacts of the registration of bromadiolone on the salt marsh harvest mouse.  The remaining

8    allegations set out in this paragraph are conclusions of law, to which no response is required.

9    159.    Defendants admit the allegations set out in the first sentence of this paragraph.

10   Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

11   the impacts of the registration of bromethalin on the salt marsh harvest mouse.  The remaining

12   allegations set out in this paragraph are conclusions of law, to which no response is required.

13   160.    Defendants admit the allegations set out in the first sentence of this paragraph.

14   Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

15   the impacts of the registration of chlorophacinone on the salt marsh harvest mouse.  The

16   remaining allegations set out in this paragraph are conclusions of law, to which no response is

17   required.

18   161.    Defendants admit the allegations set out in the first sentence of this paragraph.

19   Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

20   the impacts of the registration of cholecalciferol on the salt marsh harvest mouse.  The remaining

21   allegations set out in this paragraph are conclusions of law, to which no response is required.

22   162.    Defendants admit the allegations set out in the first sentence of this paragraph.

23   Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

24   the impacts of the registration of diphacinone on the salt marsh harvest mouse.  The remaining

25   allegations set out in this paragraph are conclusions of law, to which no response is required.

26   163.    Defendants admit the allegations set out in the first sentence of this paragraph.

27   Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

28   the impacts of the registration of warfarin on the salt marsh harvest mouse.  The remaining

allegations set out in this paragraph are conclusions of law, to which no response is required.

164.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on the impacts of the registration of zinc phosphide on the salt marsh harvest mouse.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

165.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegations set out in the second sentence of this paragraph.  The allegations set out in the last sentence of this paragraph are too vague and ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be deemed necessary or required, the allegations as stated in the last sentence of this paragraph are denied.

166.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of acephate on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

167.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of azinphos-methyl on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

168.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

169.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of endosulfan on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

170.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

of fenamiphos on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

171.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of malathion on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

172.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of maneb on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

173.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of mancozeb on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

174.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of metam sodium on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

175.    . Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants admit that EPA has not consulted with FWS on the impacts of the registration of methyl bromide on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

176.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of oryzalin on the California tiger salamander.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

177.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

1  of phosmet on the California tiger salamander.  The remaining allegations set out in this

2  paragraph are conclusions of law, to which no response is required.

3          178.    Defendants admit the allegations set out in the first sentence of this paragraph.

4  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

5  of aluminum phosphide on the California tiger salamander.  The remaining allegations set out in

6  this paragraph are conclusions of law, to which no response is required.

7          179.    Defendants admit the allegations set out in the first sentence of this paragraph.

8  Defendants deny that EPA has not consulted with FWS on the impacts of the registration of

9  chlorophacinone on the California tiger salamander.  The remaining allegations set out in this

10  paragraph are conclusions of law, to which no response is required.

11          180.    Defendants admit the allegations set out in the first sentence of this paragraph.

12  Defendants deny that EPA has not consulted with FWS on the impacts of the registration of

13  diphacinone on the California tiger salamander.  The remaining allegations set out in this

14  paragraph are conclusions of law, to which no response is required.

15          181.    Defendants admit the allegations set out in the first sentence of this paragraph.

16  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

17  of strychnine on the California tiger salamander.  The remaining allegations set out in this

18  paragraph are conclusions of law, to which no response is required.

19          182.    Defendants deny as stated the allegations set out in the first sentence of this

20  paragraph.  Defendants admit that EPA has not consulted with FWS on the impacts of the

21  registration of methoprene on the California tiger salamander.  The remaining allegations set out

22  in this paragraph are conclusions of law, to which no response is required.

23          183.    Defendants admit the allegations set out in the first sentence of this paragraph.

24  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

25  of acephate on the San Francisco garter snake.  The remaining allegations set out in this

26  paragraph are conclusions of law, to which no response is required.

27          184.    Defendants admit the allegations set out in the first sentence of this paragraph.

28  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

1    of azinphos-methyl on the San Francisco garter snake.  The remaining allegations set out in this

2    paragraph are conclusions of law, to which no response is required.

3         185.    Defendants admit the allegations set out in the first sentence of this paragraph.

4    Defendants deny that EPA has not consulted with FWS on the impacts of the registration of

5    carbofuran on the San Francisco garter snake.  The remaining allegations set out in this

6    paragraph are conclusions of law, to which no response is required.

7         186.    Defendants admit the allegations set out in the first sentence of this paragraph.

8    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

9    of chlorpyrifos on the San Francisco garter snake.  The remaining allegations set out in this

10   paragraph are conclusions of law, to which no response is required.

11        187.    Defendants admit the allegations set out in the first sentence of this paragraph.

12   Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

13   of endosulfan on the San Francisco garter snake.  The remaining allegations set out in this

14   paragraph are conclusions of law, to which no response is required.

15        188.    Defendants deny as stated the allegations set out in the first sentence of this

16   paragraph. Defendants admit that EPA has not consulted with FWS on the impacts of the

17   registration of naled on the San Francisco garter snake.  The remaining allegations set out in this

18   paragraph are conclusions of law, to which no response is required.

19        189.    Defendants admit the allegations set out in the first sentence of this paragraph.

20   Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

21   of permethrin on the San Francisco garter snake.  The remaining allegations set out in this

22   paragraph are conclusions of law, to which no response is required.

23        190.    Defendants admit the allegations set out in the first sentence of this paragraph.

24   Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

25   of trifluralin on the San Francisco garter snake.  The remaining allegations set out in this

26   paragraph are conclusions of law, to which no response is required.

27        191.    Defendants admit the allegations set out in the first sentence of this paragraph.

28   Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of

1  the registration of aluminum phosphide on the San Francisco garter snake.  The remaining

2  allegations set out in this paragraph are conclusions of law, to which no response is required.

3      192.  Defendants admit the allegations set out in the first sentence of this paragraph.

4  Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of

5  the registration of magnesium phosphide on the San Francisco garter snake.  The remaining

6  allegations set out in this paragraph are conclusions of law, to which no response is required.

7      193.  Defendants deny as stated the allegations set out in the first sentence of this

8  paragraph.  Defendants further admit that EPA has not reinitiated consultation with FWS on the

9  impacts of the registration of inorganic nitrates (potassium and sodium) on the San Francisco

10  garter snake.  The remaining allegations set out in this paragraph are conclusions of law, to

11  which no response is required.

12      194.  Defendants admit the allegations set out in the first sentence of this paragraph.

13  Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of

14  the registration of acephate on the California freshwater shrimp.  The remaining allegations set

15  out in this paragraph are conclusions of law, to which no response is required.

16      195.  Defendants admit the allegations set out in the first sentence of this paragraph.

17  Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of

18  the registration of chlorpyrifos on the California freshwater shrimp.  The remaining allegations

19  set out in this paragraph are conclusions of law, to which no response is required.

20      196.  Defendants admit the allegations set out in the first sentence of this paragraph.

21  Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

22  the impacts of the registration of brodifacoum on the San Joaquin kit fox.  The remaining

23  allegations set out in this paragraph are conclusions of law, to which no response is required.

24      197.  Defendants admit the allegations set out in the first sentence of this paragraph.

25  Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on

26  the impacts of the registration of chlorophacinone on the San Joaquin kit fox.  The remaining

27  allegations set out in this paragraph are conclusions of law, to which no response is required.

28      198.  Defendants admit the allegations set out in the first sentence of this paragraph.

Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on the impacts of the registration of bromadiolone on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

199.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of the registration of strychnine on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

200.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of the registration of aluminum phosphide on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

201.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of the registration of magnesium phosphide on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

202.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not reinitiated consultation with FWS on the impacts of the registration of diphacinone on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

203.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of the registration of pival on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

204.     Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not reinitiated consultation with FWS on the impacts of the registration of inorganic nitrates (sodium and potassium nitrate) on the San Joaquin kit fox. The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

205.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of acephate on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

206.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny that EPA has not consulted with FWS on the impacts of the registration of aldicarb on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

207.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of azinphos-methyl on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

208.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny that EPA has not consulted with FWS on the impacts of the registration of carbofuran on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

209.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

210.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of endosulfan on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

211.    Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of naled on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

1    212.    Defendants admit the allegations set out in the first sentence of this paragraph.

2    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

3    of phorate on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are

4    conclusions of law, to which no response is required.

5    213.    Defendants admit the allegations set out in the first sentence of this paragraph.

6    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

7    of trifluralin on the San Joaquin kit fox.  The remaining allegations set out in this paragraph are

8    conclusions of law, to which no response is required.

9    214.    Defendants admit the allegations set out in the first and second sentences of this

10   paragraph.  The allegations set out in the last sentence of this paragraph are too vague and

11   ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

12   deemed necessary or required, the allegations as stated in the last sentence of this paragraph are

13   denied.

14   215.    Defendants admit the allegations set out in the first sentence of this paragraph.

15   Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

16   of 2,4 D on the Alameda whipsnake.  The remaining allegations set out in this paragraph are

17   conclusions of law, to which no response is required.

18   216.    Defendants admit the allegations set out in the first sentence of this paragraph.

19   Defendants deny that EPA has not consulted with FWS on the impacts of the registration of

20   chlorophacinone on the Alameda whipsnake.  The remaining allegations set out in this paragraph

21   are conclusions of law, to which no response is required.

22   217.    Defendants admit the allegations set out in the first sentence of this paragraph.

23   Defendants deny that EPA has not consulted with FWS on the impacts of the registration of

24   diphacinone on the Alameda whipsnake.  The remaining allegations set out in this paragraph are

25   conclusions of law, to which no response is required.

26   218.    Defendants admit the allegations set out in the first sentence of this paragraph.

27   Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

28   of aluminum phosphide on the Alameda whipsnake.  The remaining allegations set out in this

paragraph are conclusions of law, to which no response is required.

219.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of magnesium phosphide on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

220.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of inorganic nitrates (sodium and potassium nitrate) on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

221.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of brodifacoum on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

222.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of bromadiolone on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

223.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of bromethalin on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

224.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of difethialone on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

225.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of pival on the Alameda whipsnake.  The remaining allegations set out in this paragraph are

conclusions of law, to which no response is required.

226.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of warfarin on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

227.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of the registration of zinc phosphide on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

228.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of acrolein on the Alameda whipsnake.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

229.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of acephate on the valley elderberry longhorn beetle.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

230.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlopyrifos on the valley elderberry longhorn beetle.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

231.    Defendants deny as stated the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of naled on the valley elderberry longhorn beetle.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

232.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of permethrin on the valley elderberry longhorn beetle.  The remaining allegations set out in this

1    paragraph are conclusions of law, to which no response is required.

2    233.    Defendants admit the allegations set out in the first sentence of this paragraph.

3    Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of

4    the registration of aldicarb on the valley elderberry longhorn beetle.  The remaining allegations

5    set out in this paragraph are conclusions of law, to which no response is required.

6    234.    Defendants admit the allegations set out in the first sentence of this paragraph.

7    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

8    of azinphos-methyl on the valley elderberry longhorn beetle.  The remaining allegations set out

9    in this paragraph are conclusions of law, to which no response is required.

10    235.    Defendants admit the allegations set out in the first sentence of this paragraph.

11    Defendants deny as stated the allegation that EPA has not consulted with FWS on the impacts of

12    the registration of carbofuran on the valley elderberry longhorn beetle.  The remaining

13    allegations set out in this paragraph are conclusions of law, to which no response is required.

14    236.    Defendants admit the allegations set out in the first sentence of this paragraph.

15    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

16    of endosulfan on the valley elderberry longhorn beetle.  The remaining allegations set out in this

17    paragraph are conclusions of law, to which no response is required.

18    237.    Defendants admit the allegations set out in the first sentence of this paragraph.

19    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

20    of phorate on the valley elderberry longhorn beetle.  The remaining allegations set out in this

21    paragraph are conclusions of law, to which no response is required.

22    238.    Defendants admit the allegations set out in the first and second sentences of this

23    paragraph.  The allegations set out in the last sentence of this paragraph are too vague and

24    ambiguous to enable Defendants to admit or deny same, but, to the extent that a response may be

25    deemed necessary or required, the allegations as stated in the last sentence of this paragraph are

26    denied.

27    239.    Defendants admit the allegations set out in the first sentence of this paragraph.

28    Defendants further admit that EPA has not consulted with FWS on the impacts of the registration

of acephate on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

240.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of azinphos-methyl on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

241.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of chlorpyrifos on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

242.    Defendants deny as stated the allegations set out in the first sentence of this paragraph.  Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of naled on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

243.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of permethrin on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

244.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of endosulfan on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

245.    Defendants admit the allegations set out in the first sentence of this paragraph. Defendants further admit that EPA has not consulted with FWS on the impacts of the registration of phorate on the bay checkerspot butterfly.  The remaining allegations set out in this paragraph are conclusions of law, to which no response is required.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no

1   response.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the

2   relief requested or to any relief whatsoever.

3                                **GENERAL DENIAL**

4           Defendants hereby deny each and every allegation, explicit or implicit, in Plaintiff's

5   Complaint not specifically admitted, denied, or qualified herein, including Plaintiff's claims and

6   requests for relief.

7                          **FIRST AFFIRMATIVE DEFENSE**

8           Plaintiff lacks standing to assert some or all of the claims raised in the Complaint.

9                         **SECOND AFFIRMATIVE DEFENSE**

10          The Court lacks jurisdiction over the subject matter of the claims in the Complaint.

11                          **THIRD AFFIRMATIVE DEFENSE**

12          Some or all of the claims asserted in the Complaint are not ripe for adjudication.

13                         **FOURTH AFFIRMATIVE DEFENSE**

14          The Complaint fails to state a claim upon which relief can be granted.

15                          **FIFTH AFFIRMATIVE DEFENSE**

16          Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

17                          **SIXTH AFFIRMATIVE DEFENSE**

18          Some or all of Plaintiff's claims are barred by the doctrine of laches.

19          WHEREFORE, having fully answered, Defendants pray that judgment be entered for

20  Defendants, that this action be dismissed with prejudice, that the Court order each party to bear

21  their own costs and fees, and that the Court grant Defendants such other and further relief as may

22  be appropriate.

23

24

25

26

27

28

Dated:    July 31, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
SETH M. BARSKY, Assistant Chief


  /s/ Rebecca J. Riley
REBECCA J. RILEY
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0202
Facsimile: (202) 305-0275

Attorneys for Defendants

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.


_____/s/ Rebecca J. Riley_____

REBECCA J. RILEY