UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation;<br><br>    Plaintiff,<br><br>    v.<br><br>ENVIRONMENTAL PROTECTION AGENCY *et al.*,<br><br>    Defendants.. <br>_____ | Case No: C-07-02794-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: September 21, 2007<br>Time: 1:30 p.m.<br>Courtroom A, 15th Floor<br><br>Honorable Joseph C. Spero |

## JOINT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.   Jurisdiction and Service**

The EPA has been served and proof of service has been filed with the Court. No parties remain to be served. The EPA does not object to venue. The EPA may likely dispute the Center's standing and may raise other objections to subject matter jurisdiction. These matters will be dealt with during summary judgment briefing.

**2.   Facts**

Plaintiff (the "Center") has sued Defendants (collectively the "EPA") for violating Section 7 of the Endangered Species Act ("ESA"). 16 U.S.C. § 1536(a)(2). Specifically, the Center's complaint alleges that the EPA has failed to consult with the U.S. Fish and Wildlife Service ("FWS") over the impacts of certain pesticide registrations (as specifically identified in the Complaint) on eleven endangered and threatened species occurring in the San Francisco Bay Area. The Center alleges that such

consultation is required by Section 7(a)(2) of the ESA.

**3.    Legal Issues**:

The Center and the EPA will likely dispute whether EPA is violating Section 7(a)(2) of the ESA in its registration of the pesticides specifically at issue in this case. The EPA may also dispute the Center's standing. These matters may be dealt with during summary judgment briefing (see below). The parties may also dispute the nature of the appropriate remedies if the EPA is found in violation of its consultation obligations.

**4.    Motions**

There are no prior or pending motions. Plaintiff intends to file a summary judgment motion on their legal claims. EPA may file its own cross-motion for summary judgment on the issue of EPA's liability.

**5.    Amendment of Pleadings**

Plaintiff reserves the right to amend their pleadings but do not intend to do so at this time. The parties propose November 1, 2007 as the deadline for amendment of pleadings.

**6.    Evidence Presentation**

Not applicable to this case.

**7.    Disclosures**

The EPA contends that claims pursuant to the ESA, whether stated as a challenge to final agency action or to agency action that has been withheld, are subject to the standard and scope of review set forth in the Administrative Procedure Act (APA). Accordingly, EPA asserts that judicial review of Plaintiff's claims is limited to the Administrative Record (*see* 5 USC §706) and, therefore, that initial disclosures and discovery are wholly inappropriate.

The Center contends that this case addresses EPA's failure to take action, namely initiate consultation under Section 7(a)(2), in light of EPA's ongoing registration of certain pesticides, as described in Plaintiff's complaint. The Center contends its action concerns ongoing agency action that has been unlawfully withheld, rather than a review of final agency action, and therefore there is no administrative record to be prepared. The Center believes that the normal procedures for initial

disclosures and discovery apply. However, at this time, the parties agree that no initial disclosures need be exchanged.

**8.  Discovery**

No discovery has taken place. The parties' views on the appropriateness of discovery in this case are set forth immediately above.

**9.  Class Actions**

Not applicable.

**10. Related Cases**

There are no related cases to this action.

**11. Relief**

Plaintiff's complaint seeks the following relief:

- Declaration that EPA is violating ESA § 7(a)(2) by failing to consult with FWS concerning the effects of the EPA pesticide registrations specifically identified in the Complaint on the eleven identified endangered and threatened species in the Bay Area;

- Court Order that EPA initiate consultation on the effects of the pesticide registrations specifically identified in the Complaint on the eleven identified endangered and threatened species within 30 days of the signing of an order;

- Injunctive relief enjoining EPA from authorizing use of the challenged pesticides in the San Francisco Bay watershed until the consultation process has been completed and EPA has brought the challenged pesticide registrations into compliance with the ESA § 7(a)(2).

**12. Settlement and ADR**

The Parties have not yet agreed to an ADR process. The parties had an initial ADR Phone Conference on September 5, 2007. At that call, the parties did not agree to an ADR process but discussed the possibility of using ADR in the future should settlement become an option.

**13. Consent to Magistrate**

The parties have consented to the assignment of this case to Magistrate Spero.

**14. Other references.**

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

3                    C-07-02794-JCS

Not applicable

**15.  Narrowing of Issues**

The factual and legal issues in this case may be narrowed for court review through the summary judgment motion process.

**16.  Expedited Schedule**

Not applicable.

**17.  Scheduling**

Plaintiff proposes to file a summary judgment motion by a date certain, which has not yet been agreed upon by the parties. Plaintiff proposes that any necessary discovery can occur after the filing of Plaintiff's motion.

As stated above, EPA believes judicial review of Plaintiff's claims is limited to the Administrative Record and that discovery, therefore, is inappropriate. Discovery on jurisdictional issues, however, may be appropriate.

**18.  Trial**

The parties expect this case to either settle or be resolved on summary judgment briefing.

**19.  Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The federal government is not required to file this certification.

**20.  Other Matters that May Facilitate Resolution of this Matter**

There are no other matters other than the items discussed above.

DATED: September 12, 2007         /s/  Michael W. Graf
                                  Michael W. Graf (CA Bar # 136172)
                                  Law Offices
                                  227 Behrens Street
                                  El Cerrito, CA 94530
                                  Telephone:  (510) 525-7222
                                  Facsimile:  (510) 525-1208
                                  mwgraf@aol.com

                                  Justin Augustine (CA Bar No. 235561)
                                  Center for Biological Diversity
                                  1095 Market St., Suite 511

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
                                  4         C-07-02794-JCS

```
 1                                      San Francisco, CA 94103
                                        Tel: (415) 436-9682 x302
 2                                      Fax: (415) 436-9683
                                        jaugustine@biologicaldiversity.org
 3
                                        Attorneys for Plaintiff
 4
                                        Acting Assistant Attorney General
 5                                      JEAN E. WILLIAMS, Section Chief
                                        SETH M. BARSKY, Assistant Chief
 6
                                         /s/ Rebecca J. Riley
 7                                      REBECCA J. RILEY
                                        U.S. Department of Justice
 8                                      Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
 9                                      Ben Franklin Station, P.O. Box 7369
                                        Washington, D.C. 20044-7369
10                                      Telephone: (202) 305-0202
                                        Facsimile: (202) 305-0275
11
                                        Attorneys for Defendants
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
   JOINT CASE MANAGEMENT STATEMENT
   AND PROPOSED ORDER
                                         5              C-07-02794-JCS
```

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED the _____ day of _____, 2007.

_____
Honorable Joseph C. Spero

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
6            C-07-02794-JCS