# Exhibit A

Steven P. Rice (SBN 094321)
CROWELL & MORING LLP
3 Park Plaza
20th Floor
Irvine, CA 92614-8505
Phone:  949-263-8400
Facsimile:  949-263-8414
srice@crowell.com

Steven P. Quarles
squarles@crowell.com
J. Michael Klise (*pro hac vice* application pending)
jmklise@crowell.com
Thomas R. Lundquist
tlundquist@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595
Phone:  202-624-2629
Facsimile:  202-628-5116

Attorneys for Proposed Intervenors

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>            Plaintiff,<br><br>      v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>            Defendants,<br><br>      and<br><br>CROPLIFE AMERICA and RISE,<br><br>            Applicants for Intervention. | No. C-07-2794-JCS<br><br>DECLARATION OF DOUGLAS T. NELSON |

I, DOUGLAS T. NELSON, make this declaration based upon my personal knowledge and belief and state:

Declaration of Douglas T. Nelson, Case No. C-07-2794-JCS                                                                                            Page 1

1. I am the Executive Vice President, General Counsel, and Secretary of CropLife America ("CLA"), located in Washington, DC. In that capacity, I am familiar with the nature and activities of CLA. I make this declaration based on my personal knowledge and a review of CLA records, where necessary.

2. CLA is a national not-for-profit trade association organized in 1933 to represent the major manufacturers, formulators, and distributors of crop protection and pest control products. CLA member companies produce, sell, and distribute most of the active compounds used in crop protection products registered for use in the United States under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), including at least 32 of the pesticide active ingredients identified in the Complaint in this case.

3. Pesticides cannot be sold unless they are registered by the Environmental Protection Agency ("EPA") under FIFRA. CLA's members are responsible for, and have invested hundreds of millions of dollars in research and studies to obtain, FIFRA registration for their products. Registration assures, inter alia, that the pesticide "will not generally cause unreasonable adverse effects on the environment." 7 U.S.C. § 136a(c)(5). Moreover, CLA's members have made substantial capital investments in production facilities and contracts in reliance on the registrations and the continued marketability of their products. Thus, any action affecting the status of pesticide registrations or the availability of currently registered crop protection products, such as the injunction plaintiff seeks in this case, would gravely impact CLA's members.

4. A central component CLA's service to members is to ensure the continued viability of its members' products and the legal integrity of the registrations CLA's members have obtained from EPA. CLA has led industry efforts to increase public understanding of crop protection products, support responsible product stewardship, and promote the health and safety of humans and the environment.

5. CLA's activities on behalf of its members include monitoring federal agency regulations and actions and related litigation to identify issues that are of concern to the crop protection and pest control industry. CLA frequently participates, or assists members and affiliates in participating, in judicial proceedings concerning agency actions in which the industry has an

1 interest – both to challenge unfavorable actions, and to defend other actions in lawsuits, such as this
2 one, that seek to enjoin pesticide registrations and impose additional regulatory burdens on the
3 industry under a variety of federal and state laws, including the Endangered Species Act ("ESA")
4 and FIFRA. For example, CLA has been an Intervenor-Defendant in four cases challenging EPA's
5 compliance with the ESA in pesticide registration actions. *Washington Toxics Coal. v. EPA*, No. 01-
6 0132C (W.D. Wash. July 2, 2002 and Jan. 22, 2004), *aff'd*, 413 F.3d 1024 (9th Cir. 2005); *Center*
7 *for Biological Diversity v. Johnson*, No. C-02-1580-JSW (N.D. Cal. Sept. 19, 2005 and Oct. 20,
8 2006); *Center for Biological Diversity v. Johnson*, No. 1:04-cv-00126-CKK (D.D.C. Aug. 29, 2005);
9 *Natural Resources Defense Council v. EPA*, No. 1:03-cv-02444-RDB (D. Md. Mar. 29, 2006). In
10 addition, CLA submitted comments on a proposed consent decree in a similar earlier case,
11 *Californians for Alternatives to Toxics v. EPA*, No. C-00-3150-CW (N.D. Cal. Sept. 18, 2002).
12 Most recently, CLA filed a Supreme Court *amicus* brief in support of the successful petitioners in
13 *National Association of Home Builders v. Defenders of Wildlife*, 127 S. Ct. 2518 (2007). That case
14 addressed the applicability of the ESA consultation provisions to EPA's activities under another
15 statute it administers, the Clean Water Act – a situation one court had deemed analogous to the
16 relationship between the ESA and FIFRA at issue in the instant case. *See Washington Toxics Coal.*
17 *v. U.S. Dep't of Interior*, 457 F. Supp. 2d 1158, 1177-78 (W.D. Wash. 2006) (citing *Defenders*).

18       6.       I have reviewed the Complaint filed by Plaintiff Center for Biological Diversity
19 ("CBD") in this litigation. CBD alleges that the use of 46 pesticide active ingredients, including at
20 least 32 registered by CLA members, poses a threat to 11 species in the San Francisco Bay
21 watershed that are listed and "endangered" or "threatened" species under the ESA. As it has done in
22 other similar cases, CBD seeks declaratory and injunctive relief, including an order prohibiting the
23 EPA from "authorizing uses of the identified pesticides in the San Francisco Bay watershed" until
24 EPA has consulted with the U.S. Fish and Wildlife Service pursuant to § 7(a)(2) of the ESA and has
25 "brought its pesticide registrations into compliance with the [sic] ESA § 7(a)(2)."

26       7.       CLA's members have significant interests in the outcome of this litigation. As shown
27 in the following table, CLA members hold registrations for at least 32 of the 46 pesticide active
28 ingredients identified in CBD's Complaint:

| Active Ingredient | CLA-Member Registrant(s) |
|---|---|
| 2,4-D | Dow, Nufarm, PBI/Gordon |
| Acephate | Valent, Cheminova, UPI, Drexel, Arysta |
| Alachlor | Monsanto |
| Aldicarb | Bayer |
| Aluminum phosphide | Drexel, UPI |
| Atrazine | Syngenta, Drexel, Aceto, MANA, Dow |
| Azinphos-methyl | MANA, Gowan |
| Brodifacoum | Syngenta |
| Carbaryl | Drexel |
| Carbofuran | FMC |
| Chlorpyrifos | Dow, Cheminova, Drexel, MANA |
| Diazinon | MANA, Drexel |
| Diquat dibromide | Syngenta |
| Endosulfan | Bayer, Drexel, MANA |
| EPTC | Gowan, Drexel, MANA |
| Fenamiphos | Bayer |
| Magnesium phosphide | UPI |
| Malathion | Cheminova, Gowan, Drexel, Arysta |
| Mancozeb | Dow, Dupont, UPI |
| Maneb | Dupont, UPI, Drexel |
| Metam sodium (plant protection) | Amvac, Tessenderlo Kerley, BASF |
| Methyl bromide | Great Lakes Chem Corp. |
| Metolachlor | MANA, Syngenta, Drexel |
| Naled | Amvac |
| Oryzalin | UPI |
| Permethrin | FMC, Syngenta, Amvac, UPI, Valent |
| Phorate | Amvac, Aceto |
| Phosmet | Gowan |
| Simazine | Syngenta, Drexel |
| Thiobencarb | K-1 Chemical USA, Valent |
| Trifluralin | Dow, MANA, Drexel, Dintec |
| Warfarin | Dupont |

8.  CLA's members' interests would be substantially impaired if CBD's requested injunction is granted. An order prohibiting EPA from authorizing uses of the pesticides CBD identifies in its Complaint would directly affect the livelihood and activities of CLA's members. Moreover, approved pesticide registrations and authorized uses could be subjected to additional restrictions to satisfy CBD's view of the law.

9.  In addition, CLA's members have rights under FIFRA to defend their registrations and present supporting evidence in any proceedings to cancel, suspend, or modify registrations. 7 U.S.C. § 136d(b)-(d). Those rights are imperiled by this lawsuit in two ways: first, CBD is seeking to achieve, through an ESA citizen suit, a result (suspension of pesticide uses) that bypasses the due

process safeguards for registrants required by FIFRA; and second, by suing only EPA and not the registrants, CBD has foreclosed the registrants from *any* voice in these proceedings – such as to present expert reports, introduce evidence into the record, make motions, and appeal an adverse decision – unless intervention is granted.

10. CLA also has an interest in ensuring that, in the context of pesticide registration and usage under FIFRA, the ESA is interpreted in a way that accommodates the respective goals of both of those statutes. Those interests would be impaired if CBD succeeds in imposing its view that the ESA should predominate, and that broad injunctive relief against pesticide registration and use is appropriate. CLA has an interest in avoiding adverse precedent against EPA's registration of pesticides, and against pesticide uses themselves. Without industry intervention to guard against unduly broad relief in this case, an adverse decision with precedential significance could result and impair CLA's and its members' abilities to defend against other actions seeking to limit pesticide registration, manufacture, sale, and application based on alleged effects on other ESA-listed species.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of September, 2007.

*/s/ Douglas T. Nelson*
Douglas T. Nelson

**ATTESTATION**

I hereby attest that I am the registered ECF User whose User ID and Password will be utilized in the electronic filing of this declaration, and that concurrence in the filing of this declaration has been obtained from the declarant.

Executed this 21st day of September, 2007.

*/s/ J. Michael Klise*
J. Michael Klise