# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br>　　Plaintiff, | * <br> * <br> * |
| v. | CIVIL ACTION NO: RDB-03-2444 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br>　　Defendants. | * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending are the motions to intervene by Syngenta Crop Protection, Inc. ("Syngenta"), Kansas Corn Growers Association, et al. ("Farmer Intervenors"), and CropLife America ("CropLife") (collectively, the "intervenors").[1] Neither the Plaintiff nor the Defendants opposed any of the above motions.

Although three separate motions to intervene have been filed, each of the prospective intervenors are represented by the same counsel, Latham and Watkins, LLP. Consequently, the Plaintiff has requested that should the Court grant the motions to intervene, that it also issue an order that the intervenors submit joint filings in the future. Counsel for the proposed intervenors has consented to the Plaintiff's joint filing request, with the understanding that the Plaintiff will be flexible

---

[1] Syngenta is the inventor and world's largest registered producer of the pesticide atrazine; the Farmer Intervenors are comprised of 22 state organizations representing most of the farmers in the United States; and CropLife is a non-profit national trade association representing the major developers, manufacturers, formulators and distributors of pesticides, including atrazine or combination pesticides formulated with atrazine.

regarding page limitations of such filings.[2] For the reasons discussed below, the motions to intervene are granted and Plaintiff's request that the intervenors submit joint filings in the future also is granted.

## BACKGROUND

The National Resources Defense Council ("NRDC"), a non-profit, environmental membership organization, is seeking declaratory and injunctive relief against the United States Environmental Protection Agency and, in her official capacity, Marianne Lamont Horinko, Acting Environmental Protection Agency Administrator (collectively, the "EPA"), for allegedly failing to comply with their statutory obligations concerning the ongoing review of the pesticide atrazine's impact on endangered species under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* (2003) ("ESA").[3] The ESA establishes a framework for the protection of threatened or endangered species. Section 7(a)(2) of the ESA contains a procedural mechanism that requires an agency to consult with either the National Oceanic and Atmospheric Administration ("NOAA") or the United States Fish and Wildlife Service ("FWS") if that agency's proposed action will have an effect on listed endangered species or a designated critical habitat. *See* 16 U.S.C. § 1536(a)(2); 50 C.F.R. Parts 402, 424. Although the EPA has not made a final decision as to what, if any, effect atrazine use has on endangered species, the NRDC contends that, regardless, the EPA must at least consult with either the NOAA or FWS

---

[2] The exception to joint filing, obviously, is where a filing only applies to one intervenor, such as financial disclosures.

[3] Before a pesticide may be marketed in the United States, it must be registered with the EPA. Atrazine is a pesticide designed to interfere with the photosynthesis of weeds and has been in use since 1958. Because atrazine originally was registered before November 1, 1984, Section 4 of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq.* (2003) ("FIFRA"), requires that it be "reregistered" to ensure that it currently meets FIFRA's requirement that it not cause "unreasonable adverse effects on the environment." 7 U.S.C. §§ 136a-1(a), 136a(c)(5).

because it is clear that atrazine "may effect" the survival and recovery of certain endangered amphibians, reptiles, fish and aquatic invertebrates nationwide. Thus, NRDC's complaint seeks a court order: (1) declaring that the EPA is violating the ESA by failing to consult with NOAA and FWS concerning the effect of atrazine's registration on endangered species and designated critical habitats; (2) directing the EPA to begin consulting with NOAA and FWS concerning the effects of atrazine's registration; (3) enjoining the EPA from authorizing uses of atrazine that may impact endangered species until the consultation process has been completed; and (4) awarding NRDC attorneys' fees and costs.

## DISCUSSION

The intervenors have moved for leave to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("FRCP").[4] FRCP 24(a)(2) provides for intervention as of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Fourth Circuit Court of Appeals has interpreted Rule 24(a)(2) to entitle intervention as of right if one can demonstrate that: (1) the motion to intervene was timely; (2) the proposed intervenor has an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the proposed intervenor's ability to protect its interest; and (4) the proposed intervenor's interest is not adequately represented by the existing parties to the litigation. *Houston Gen.*

---

[4] The intervenors have moved, in the alternative, for permissive intervention pursuant to FRCP 24(b)(2). It is not necessary to consider this alternative issue because the Court grants intervention as of right.

3

*Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (citing Fed. R. Civ. Proc. 24(a); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)).

The first consideration-- the timeliness requirement-- turns on "whether [any] delay has prejudiced the other parties." *Spring Construction Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) (holding that neither party had been prejudiced by a third party intervention that did not occur until the case was remanded to the district court, which was four years after the litigation began). The present action was initiated by NRDC on August 20, 2003, and the intervenors filed their motions approximately two months thereafter. Given this quick response, coupled with the fact that no hearings, decisions, or discovery have occurred in the case, the motions to intervene will not prejudice either of the existing parties and, therefore, are timely.

To satisfy the second requirement for intervention as of right-- having an interest in the underlying subject matter-- the intervenors must show that they have "a significantly protectable interest" at stake. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The Fourth Circuit has liberally construed the "significantly protectable interest" standard. *See Teague*, 931 F.2d at 261 (concluding that an intervenor need not demonstrate anything more than "a mere provable claim" to satisfy the protectable interest factor and allowing intervention where intervenor stood to gain or lose directly as a result of the underlying litigation). Thus, the threat of economic injury from the outcome of litigation has been recognized as a sufficient interest to justify intervention. *See, e.g., United Guaranty Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987) (finding sufficient interest to

4

support intervention as of right where disposition of the case could result in a million dollar loss to the proposed intervenor).

In the present case, the subject of the litigation is atrazine's registration, and the related authorization that the registration provides for the manufacture and use of atrazine by pesticide manufacturers and agricultural entities in the United States. Syngenta and CropLife have proffered that they have invested large sums of money and resources to protect their authorization to use atrazine, as well as to compile related safety data, and any alteration or cessation of atrazine's registration would therefore significantly impact their financial health. Similarly, the Farmer Intervenors proffer that their members have spent decades making capital investments in the necessary equipment for atrazine use, training personnel for proper atrazine use, and developing product plans using atrazine and, consequently, any loss of atrazine will cost them approximately one billion dollars annually.[5] Thus, given the significant economic threat that atrazine's loss of EPA registration poses to the intervenors, this second factor is satisfied.

When considering the third part of the test for intervention as of right-- impediment of the intervenors ability to protect their interest-- the Court looks to readily predictable developments in, and subsequent to, the present proceeding to ascertain whether an impediment will exist. *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Asso.*, 646 F.2d 117, 121 (4th Cir. 1981).

---

[5] The Farmer Intervenors also assert that under FIFRA, farmers are deemed "adversely affected" persons who may participate in EPA proceedings to determine whether to amend or revoke a pesticide registration; hence, they assert a due process right to participate in any adjudicatory hearing before the registration of atrazine is amended or revoked. 7 U.S.C. §§ 136d(b), 136d(d). Given the Farmer Intervenors above referenced economic stake in atrazine's registration, the Court need not reach this issue.

Here, without being allowed to intervene, the intervenors would have no right to cross-examine witnesses, to confront the Plaintiff's evidence concerning atrazine's safety, to introduce its own safety evidence, and to make motions or appeal an adverse judgment. *See Newport News*, 646 F.2d at 121-22 (stating that not being able to make substantive motions or appeal an adverse judgment constitutes an impairment). Thus, given that denying the motions to intervene would impair the intervenors' ability to protect their rights to manufacture and use atrazine, either during or subsequent to the present litigation, this third factor also is satisfied.

The fourth and final part of the test for intervention as of right concerns the adequacy of representation of the intervenors' interests by existing parties. The burden of establishing this lack of adequate representation is "minimal," *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972), and is satisfied if the intervenor shows "that representation of its interest 'may be' inadequate." *United Guaranty Residential Ins. Co. of Iowa v. Philadelphia Savings Fund Soc'y,* 819 F.2d 473, 475 (4th Cir. 1987) (quoting *Trbovich,* 404 U.S. at 538 n.10).

In the instant matter, the EPA is not charged by law with representing the intervenors' private interests and, unlike the intervenors, has a significantly broader concern than the narrow issue of atrazine regulation and has no financial interest in the continuation of atrazine use. *See Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) (finding that the Department of Labor, whose position was defined by the public interest, could not adequately represent the interest of apple pickers who sought intervention in a case that threatened the pickers' private interests); *see also Washington v. Keller*, 479 F. Supp. 569, 572 (D. Md. 1979) (citations omitted) (stating that the presumption of adequate representation generally arises when an agency is charged by law with representing absentee party).

Consequently, the EPA cannot be expected to consistently safeguard the intervenors narrow private economic rights and interests concerning the registration of atrazine.

Moreover, each of the intervenors aver that they will bring forth relevant independent information, ranging from unique safety data to practical agricultural experience using atrazine, that otherwise would not be presented by the other parties, the absence of which would adversely impact the proceedings. Thus, as the interests of the EPA and the intervenors are, or have the potential to become, sufficiently divergent, the intervenors also satisfy the final prong of the four part test.[6]

## CONCLUSION

The pending motions to intervene were: (1) timely; (2) demonstrated that the intervenors have an interest in the subject matter of the underlying action; (3) demonstrated that the intervenors' ability to protect their interest would be impaired or impeded if their motions were denied; and (4) demonstrated that the intervenors' interests would not be adequately represented by the EPA or each other. Accordingly, the motions to intervene as of right will be GRANTED. Moreover, given that the intervenors are represented by the same counsel and consent to the Plaintiff's request that they submit joint filings in the future, Plaintiff's joint filings request also is GRANTED. A separate ORDER will be entered.

---

[6] While the Court is not yet ruling on whether additional parties would be granted the right to intervene in this matter, such a proposition seems unlikely given that the present intervenors likely would adequately represent the interests of any other pesticide manufacturer or agricultural entity.

/s/

_____
Richard D. Bennett
United States District Judge

Dated: December 1, 2003