IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HELLS CANYON PRESERVATION COUNCIL,<br>a non-profit corporation<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. FOREST SERVICE, DANIEL ROBERT<br>GLICKMAN, in his official capacity<br>as Secretary of Agriculture, MIKE<br>DOMBECK, Chief United States Forest<br>Service, HARV FORSGREN, in his<br>official capacity as Regional<br>Forester, KARYN L. WOOD, in her<br>capacity as Forest Supervisor for<br>Wallow-Whitman National Forest,<br>JACK BLACKWELL, in his official<br>capacity as Forest Supervisor for<br>the Payette National Forest, DALE<br>BOSWORTH, in his official capacity<br>as Regional Forester, Region 1,<br>BRUCE BURNHART, in his capacity as<br>Forest Supervisor for the Nez Perce<br>National Forest | Civil No. 00-755-HU<br><br><br><br><br><br>FINDINGS AND<br>RECOMMENDATION |

1 -- FINDINGS AND RECOMMENDATION

```
          Defendants.              )
_____)
```

JAMIE B. JEFFERSON
WILD EARTH ADVOCATES
1624 SE 32nd Place
Portland, OR  97214

JULIA A. OLSON
WILD EARTH ADVOCATES
Presido Building 1004
San Francisco, CA  94129

          Attorneys for Plaintiff

KRISTINE OLSON
United States Attorney
THOMAS C. LEE
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
SW Third Ave
Suite 600
Portland, OR 97204-2902

VAL BLACK
Special Assistant United States Attorney
OFFICE OF GENERAL COUNSEL, USDA
1220 SW Third Avenue
1734 Federal Building
Portland, OR 97204

SAMUEL D. RAUCH, III
Senior Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Wildlife & Marine Resources Section
Ben Franklin Station
PO Box 7369
Washington, DC 20044-7369

          Attorneys for Defendants

HUBEL, Magistrate Judge.

    This matter is before the court on Wallowa County's motion

2 -- FINDINGS AND RECOMMENDATION

to intervene (#16). For the following reasons, Wallowa County's motion should be granted in part and denied in part.

## PROCEDURAL BACKGROUND

Plaintiff, the Hells Canyon Preservation Council ("HCPC"), is a non-profit corporation dedicated to the preservation of the Hells Canyon area in its natural condition. Plaintiff and its members use the Hells Canyon National Recreation Area ("HCNRA") for recreational, scientific, and commercial purposes.

Plaintiff brings this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 - 576, the Hells Canyon National Recreation Area Act ("HCNRA Act"), 16 U.S.C. §§ 460gg-1 to 406gg-13, and the Endangered Species Act, 16 U.S.C. § 1531-1544, to obtain declaratory and injunctive relief requiring the United States Forest Service ("Forest Service") to engage in notice and comment rulemaking with respect to the regulations governing uses of the Hells Canyon National Recreation Area ("HCNRA") and to engage in formal consultation regarding newly listed fish in the HCNRA.

Congress enacted the HCNRA Act in 1975, establishing the Hells Canyon National Recreation Area, located generally along the Snake River in Eastern Oregon and Western Idaho. The HCNRA Act requires the Secretary of Agriculture ("Secretary") to

3 -- FINDINGS AND RECOMMENDATION

promulgate a Comprehensive Management Plan ("CMP") for the HCNRA to provide for a broad range of land uses and recreational opportunities. 16 U.S.C. § 460gg-5(a). The Forest Service adopted a CMP for the

HCNRA after receipt of public comment and preparation of an Environmental Impact Statement.

In addition to the requirement that the Secretary promulgate a CMP, the HCNRA Act requires the Secretary to "promulgate . . . such rules and regulations as he deems necessary to accomplish the purposes of [the HCNRA Act which] shall include but are not limited to [standards and provisions governing certain uses of the HCNRA]." 16 U.S.C. § 460gg-7(a) - (e). In 1989, the Ninth Circuit Court of Appeals held that this section, rather than giving the Secretary discretion, mandated that the Secretary "promulgate nonduplicative regulations of the sort described by [Section 10]." Oregon Natural Resources Council v. Lyng, 882 F.2d 1417, 1427 (9th Cir. 1989), amended on other grounds, 899 F.2d 1565 (1990).

In response to this decision, the Forest Service adopted an "interim rule" applicable to public lands in the HCNRA. The "interim rule" was adopted without prior notice and comment and was made effective immediately upon publication, but was open to

4 -- FINDINGS AND RECOMMENDATION

a subsequent sixty-day comment period.  The "interim rule" called for management of public lands in the HCNRA in a manner consistent with the CMP and with existing regulations of general applicability to Forest Service lands.  36 C.F.R. § 292.40-.43.  The "interim rule" did not address use or development of private lands in the HCNRA.   After adopting this "interim rule", the Forest Service solicited and received comments, including comments from plaintiff HCPC.  On or about November 3, 1992, the Forest Service published two notices of proposed rule making in the Federal Register.  The first notice, published at 57 Fed. Reg. 51103, announced the Forest Service's intent to issue regulations governing uses of private lands in the HCNRA.  The Notice of Proposed Rulemaking was scheduled for publication in March of 1993, with the comment period to close in September, 1993.  The second notice announced the Forest Service's intent to adopt rules governing federal lands in the HCNRA.  The proposed rules were scheduled to become effective in June, 1993. 57 Fed. Reg. 51108.

In April of 1993, plaintiff filed suit in this court contending that the Forest Service failed to promulgate regulations addressing specific subsections of 16 U.S.C. § 460gg-7(a) to (e) (Section 10 of the HCNRA Act), or that the Forest Service had improperly deferred to the CMP for control of

5 -- FINDINGS AND RECOMMENDATION

the activities specifically identified in those subsections. <u>Hells Canyon Preservation Council v. Richmond</u>, CV 92-1432-ST (D. Or. Apr. 15, 1993).  Plaintiff sought an order requiring the Forest Service to promulgate permanent regulations.

On December 9, 1993, the court entered an order in the above case requiring the Forest Service to promulgate permanent regulations.  <u>Id</u>. (D.Or. Dec. 9. 1993).  The Forest Service later adopted permanent regulations for private and public lands pursuant to the court's order.  59 Fed. Reg. 30, 492 (June 13, 1994) (private and regulations); 59 Fed. Reg. 36,882 (July 19, 1994) (public land regulations).

Plaintiff filed the current action on June 5, 2000, challenging the new regulations.  On that same day, plaintiff submitted a 60-day notice letter pursuant to section 11(g)(2)(A) of the ESA, indicating that it would bring suit within 60 days unless the USFS initiated consultation with the National Marine Fisheries Service ("NMFS") and the Fish and Wildlife Service ("FWS") pursuant to sections 7(a)(1) and 7(a)(2) of the ESA.  On August 8, 2000, defendants sent HCPC a letter stating that the USFS intended to initiate consultation with NMFS and FWS regarding the regulations and the Comprehensive Management Plan for the HCNRA.  On August 30, 2000, plaintiff moved for leave to file an amended complaint to include claims for violation of the

6 -- FINDINGS AND RECOMMENDATION

ESA. Plaintiff filed its amended complaint including ESA claims on September 12, 2000.

Currently before the court is Wallowa County's motion to intervene either as of right or permissively. Plaintiff objects to Wallowa County's motion and argues that Wallowa County lacks a significant protectable interest in this action and that the Forest Service adequately represents the County's interests in this matter.

## DISCUSSION

I.  Intervention as of Right

"To intervene as of right under Fed. R. Civ. P. 24(a), the applicant must claim an interest the protection of which may, as a practical matter be impaired or impeded if the lawsuit proceeds without him." Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1493 (9th Cir. 1995). In order to determine whether an intervention as of right should be allowed, the party seeking to intervene must: (1) file a timely application; (2) have a "significantly protectable" interest relating to the property or transaction that is the subject of the litigation; (3) be so situated that the disposition of the action may impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be

7 -- FINDINGS AND RECOMMENDATION

inadequately represented by the parties before the court. Smith v. Marsh, 194 F.3d 1045, 1049 (9th Cir. 1999). The party seeking to intervene bears the burden of demonstrating that the conditions for intervention are satisfied. Petrol Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n. 5 (9th Cir. 1980), cert. denied, 454 U.S. 1098 (1981).

A. Timely Application

The parties do not dispute that Wallowa County's motion to intervene was timely filed. The court agrees that Wallowa County's motion is timely.

B. Significantly Protectable Interest

The interest requirement of Rule 24(a)(2) is interpreted broadly in favor of applicants for intervention. "Whether an applicant for intervention demonstrates sufficient interest in an action is a practical threshold inquiry. No specific legal or equitable interest need be established . . . . Nevertheless, the movant must demonstrate a significantly protectable interest." Forest Conservation Council, 66 F.3d at 1493 (quotations omitted), Green v. United States, 996 F.2d 973, 976 (9th Cir. 1993).

Plaintiff contends that intervention under the HCNRA Act should be governed by case law on intervention under the analogous National Environmental Policy Act ("NEPA"). The Ninth

8 -- FINDINGS AND RECOMMENDATION

Circuit has held that private parties do not have significantly protectable interest in the enforcement of NEPA, because NEPA requires only the compliance of federal actors, not of private parties. Churchill v. Babbitt, 150 F.3d 1072, 1082 - 83 (9th Cir. 1998). ("[B]ecause NEPA requires action only by the government, only the government can be liable under NEPA. A private party cannot 'comply' with NEPA, and, therefore, a private party cannot be a defendant in a NEPA compliance action . . . . [Therefore local governments] do[] not have a 'significantly protectable interest in federal government compliance or noncompliance with NEPA.").

Plaintiff argues that the HCNRA Act, like NEPA, regulates the federal government, requires action by the federal government, and only the federal government can be liable under the HCNRA Act. Therefore, a private party cannot be a defendant in an HCNRA Act action, nor can it intervene.

The court agrees. The HCNRA mandates only the actions and behavior of the USFS. It requires that the USFS promulgate regulations to achieve certain aims. 16 U.S.C. § 460gg-7. It directs the USFS to allow certain activities in the HCNRA. 16 U.S.C. § 460gg-9, and it allows the USFS to acquire lands or interests in lands. 16 U.S.C. § 460gg-6. It does not direct or

9 -- FINDINGS AND RECOMMENDATION

```
```

authorize any other agency, governmental unit, or private party to comply or take any action.

NEPA is a purely procedural statute, which mandates process, not results. Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 350 (1989) ("Although these procedures are almost certain to affect the agency's substantive decision, it is now well settled that NEPA itself does not mandate particular results, but simply prescribes the necessary process."). The HCNRA is similar.

In Portland Audubon Soc. v. Hodel, 866 F.2d 302 (9th Cir. 1989), cert. denied, 492 U.S. 911 (1989), the court allowed multiple Oregon counties and various private entities to intervene on plaintiffs' claims asserted under the Oregon and California Land Act ("OCLA") and the Migratory Bird Treaty Act ("MBTA"). Id. at 303. However, the Ninth Circuit upheld the district court's decision denying the private intervenors' motion to intervene in the NEPA claim on the basis that they lacked a significantly protectable interest in the NEPA claim. Id. at 309.

Wallowa County argues that approximately 75% of the acreage of the HCNRA is in Wallowa County and 24% of Wallowa County is in the HCNRA, Boswell Decl. ¶ 2, therefore, regulations and

rules governing private lands in the HCNRA could have a significant impact on the citizens of Wallowa County. Wallowa County also argues that it has an interest in maintaining and improving the condition of private lands within the HCNRA including the development of the Wallowa County Salmon Recovery Plan, the Wallowa County Comprehensive Land Use Plan, and recreation, tourism, agriculture, and forestry in Wallowa County. Id. at ¶3. However, each of these arguments goes to issues in the remedial phase of the proceedings. None of these interests alter the fact that only the USFS can comply with the provisions of the HCNRA Act, therefore, as in NEPA cases, only USFS is a proper defendant for the liability portion of the proceedings.[1]

C.  Adequate Representation by other Parties

A potential intervenor's burden "in showing inadequate representation is minimal:  it is sufficient to show that

---

[1]  Wallowa County also argues that the court allowed them to intervene in 92-1432-ST, therefore, it should be allowed to intervene in this action. However, plaintiff did not object to Wallowa County's intervention in that earlier action and the court allowed the intervention in a minute order. Furthermore, the cases on which plaintiff relies in its current objection to the County's motion to intervene had not been decided at the time of the County's intervention in the earlier case. Therefore, the court is not persuaded by this argument that the County should be allowed to intervene in all phases of this action.

11 -- FINDINGS AND RECOMMENDATION

representation may be inadequate." Forest Conservation Council, 66 F.3d at 1498. However, "[a] presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." Forest Conservation Council, 66 F.3d at 1499 (citing Pennsylvania v. Rizzo, 530 F.2d 501, 505 (3rd Cir. 1976), cert. denied, 426 U.S. 921 (1976)). When an existing party is "under legal obligation to represent the putative intervenor's interests . . . the burden of showing inadequate representation is 'most onerous.'" Silver v. Babbitt, 166 F.R.D. 418, 429 (D. Az. 1994) (citing In re Thompson, 965 F.2d 1136, 1142 (1st Cir. 1992)).

Plaintiff contends that Wallowa County would be adequately represented by the United States Forest Service in this proceeding, therefore, intervention is inappropriate. Wallowa County contends that the Forest Service will not adequately represent its need to regulate all private lands throughout Wallowa County in a cohesive manner, and would not fully represent the Wallowa County Comprehensive Land Use Plan or place a high priority on maintaining Wallowa County's rural lifestyle.

However, as the District of Arizona noted with respect to a NEPA claim "[b]ecause only the Forest Service can 'comply'

12 -- FINDINGS AND RECOMMENDATION

with this duty, only the Forest Service can and should be a defendant for the liability phase of the litigation. No entity other than the Forest Service has a stronger incentive or greater informational ability to challenge [plaintiff's] claim." Southwest Center for Biological Diversity v. United States Forest Service, 82 F. Supp. 2d 1070, 1074 (D. Az. 2000) (quoting Churchill County, 150 F.3d at 1082).  This court agrees. Although Wallowa County has raised a number of issues which affect it in the remedial phase of the litigation, it has not demonstrated that with respect to the liability portion of the proceedings, the USFS will not adequately represent Wallowa County's interests.

Accordingly, the court finds that the USFS will adequately represent Wallowa County in the liability portion of this action.  Wallowa County will be allowed to intervene in the remedial phase of this action and will be limited to acting act as a friend of the court in the liability phase.

    D.   Intervention in Endangered Species Act Claims

Plaintiff amended its complaint to include claims for violation of the Endangered Species Act ("ESA") after Wallowa County filed its motion to intervene. At oral argument, Wallowa County stated that it believes it has a right to intervene on plaintiff's ESA claims based on the relationship between its

13 -- FINDINGS AND RECOMMENDATION

interests and plaintiff's specific allegations. Accordingly the court will address Wallowa County's ability to intervene on the ESA claims.

As with the HCNRA Act claims, claims for violation of section 7 of the ESA involve only compliance by the agency at issue. The District of Arizona reasoned, "because only the Forest Service can 'comply' with [the duties under the ESA], only the Forest Service can and should be a defendant for the liability phase of the litigation." Southwest Center for Biological Diversity v. United States Forest Service, 82 F. Supp. 2d 1070, 1074 (D. Az. 2000). The reasoning of the Arizona District Court is persuasive. Plaintiff seeks an order requiring defendants to consult pursuant to section 7(a)(2) and an order requiring defendants to enter into renewed notice and comment ruling making in order to conserve listed fish pursuant to section 7(a)(1). The County cannot comply with either of these requests or with the duties contained in sections 7(a)(1) and (a)(2).

However, the court recognizes that decisions regarding renewed notice and comment rulemaking or consultation under the ESA may ultimately affect the County's regulatory ability or other facets of the County with respect to the portions thereof located in the HCNRA. Accordingly, the County may intervene in

14 -- FINDINGS AND RECOMMENDATION

the remedial portion of these proceedings. Moreover, the County may act as a friend of the court, file briefs, and attend and participate in oral arguments in accordance with that status.

II. Permissive Intervention

The court has broad discretion in deciding a motion for permissive intervention and may grant the motion where: (1) the movant shows an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicants claim or defense and the main action have a question of law or fact in common. Greene v. United States, 996 F2d 973, 978 (9th Cir 1993) and FRCP 24(b). However, in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. FRCP 24(b)(2).

A relevant inquiry is whether the County "will significantly contribute to [the] full development of the underlying . . . issues in the suit and to the just and equitable adjudication of the legal questions presented." Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977). "Where proposed intervenors present no new questions, courts have preferred to confer amicus status rather than granting permissive intervention." Silver, 166 F.R.D. at 434 (citations omitted).

The County in this case fails to identify sufficient

15 -- FINDINGS AND RECOMMENDATION

grounds, independent of the grounds asserted by the parties to the case, upon which it should be permitted to intervene in the liability phase of the litigation. The County points to its land use regulations and the vast amount of the County that is within the HCNRA as evidence that the County may be affected by this litigation. However, as the court discussed earlier, the County's concerns go to the remedial phase of the litigation.

The Court in <u>Silver</u> explained this issue thusly "the purpose of the injunctive relief in this case is to compel the federal defendants to comply with their obligations under the ESA. Thus, although applicants comments and economic arguments are considered by the federal defendants in the process, applicants do not state any defenses that share a common fact or law questions in this action." <u>Silver</u>, 166 F.R.D. at 434. The court accordingly, denied the County's request to intervene permissively and instead allowed the county to proceed as an amicus. <u>Id</u>. The Ninth Circuit affirmed this decision. <u>Silver v. Babbitt</u>, 1995 WL 587667 (9th Cir. 1995).

The court finds that the County has not stated sufficient grounds to permissively intervene in the liability phase of this litigation. Accordingly, the County's motion to intervene should be denied with respect to the liability portion of this

16 -- FINDINGS AND RECOMMENDATION

action and the County should be allowed to continue as an amicus.

## CONCLUSION

Wallowa County's motion to intervene (#16) should be denied with respect to the liability phase of this action. The County's motion should be granted with respect to the remedial phase of the litigation. Wallowa County should be allowed to proceed as a friend of the court in the liability phase of the action.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 2, 2001. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due January 17, 2001, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this ____ day of December, 2000.

                                        Dennis James Hubel
                                        United States Magistrate Judge

17 -- FINDINGS AND RECOMMENDATION