# Exhibit F

**FILED**
MAR - 9 1999
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOUTHWEST CENTER FOR BIOLOGICAL DIVERSITY, )
      Plaintiff, )
      v. )
G. LYNN SPRAGUE, et al., )
      Defendants. )

No. C 98-2434 SC

ORDER RE BIG BEAR CITY COMMUNITY SERVICES DISTRICT'S MOTION TO INTERVENE AS DEFENDANT

ENTERED IN CIVIL DOCKET 3/9, 1999

## I. INTRODUCTION

In this action, Southwest Center For Biological Diversity ("Plaintiff") is suing G. Lynn Sprague, in his official capacity as Regional Forester for the Pacific Southwest Region of the United States Forest Service ("Forest Service"), and the United States Forest Service ("Defendants") for alleged violations of the Endangered Species Act ("ESA"). Big Bear City Community Services District ("Intervenor") moves under Federal Rule of Civil Procedure 24 for intervention of right or permissive intervention as a defendant. Intervenor argues that the Forest Service has already suspended Intervenor's special use permit allowing it to divert water from the San Bernadino National Forest because of the instant action, and that the Forest Service could revoke its permit permanently.

## II. BACKGROUND

Plaintiff filed suit against Defendants on June 18, 1998 to

force compliance with the substantive and procedural requirements of the ESA, specifically the requirement that Defendants consult with the Fish and Wildlife Service regarding the impact on endangered species of permitting certain uses of the Los Padres, San Bernadino, and Cleveland National Forest lands by private and public entities. Among other relief, Plaintiff seeks the following: (1) a declaratory judgment that Defendants have violated the ESA by continuing special use permits in the national forests; and (2) an order enjoining Defendants from authorizing or carrying out any further special use permits until the Forest Service completes the required consultations with the Fish and Wildlife Service. On October 30, 1998, several cattlemen's associations who held permits to graze their cattle in the relevant national forests moved to intervene as defendants in the action. The Court granted the motion in part, allowing the cattlemen's associations to intervene in the remedial phase of the action. See, Order of December 17, 1998 ("Order"), p. 8.

Intervenor holds a special use permit issued by the Forest Service in 1940. The permit authorizes Intervenor to divert water from Fish Hatchery Spring in the San Bernadino National Forest to provide drinking water to residents of Big Bear Valley. More than one-fourth of the water provided to Big Bear Valley residents by Intervenor originates from Fish Hatchery Spring. On January 7, 1999, the Forest Service suspended the permit by letter, noting that the permit potentially threatened the unarmored three-spined stickleback, an endangered species. See, Declaration of Rod Watkins ("Watkins Decl.") at Exh. B. The letter specifically made

2

reference to this action. Id. Intervenor moved to intervene as of right or for permissive intervention on January 29, 1999, contending that it has an interest in the action which could be adversely affected by the resolution of the action. Defendants take no position on the current motion, and Plaintiff opposes it. In the alternative, Plaintiff asks that, as with the cattlemen's associations, Intervenor be allowed to intervene only in the remedy phase.

### III. LEGAL STANDARD

Rule 24 sets forth the requirements for intervention of right and permissive intervention. The rule for intervention of right is as follows:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). The Ninth Circuit applies a four-part test under this rule:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectible" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993) (citation omitted).

Rule 24 also allows for permissive intervention "when an

3

applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

## IV. ANALYSIS

Intervenor is in a substantially similar position to the cattlemen's associations who moved for intervention in October of 1998. The Court will therefor refer to the Order on that motion in analyzing Intervenor's motion.

### A. Intervention Of Right

Intervenor seeks intervention of right, arguing that its motion is timely and its interest in diverting water from the San Bernadino National Park will not be adequately protected by Defendants. Plaintiff counters that Intervenor has no interest in the litigation, that Intervenor's interest is moot because its permit has already been suspended, and that Intervenor violated Rule 24(c) by not filing a proposed answer with the motion.

#### 1. Timeliness

The Ninth Circuit evaluates three factors in deciding whether an application for intervention is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay." United States ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, 1394 (9th Cir. 1992). As with the cattlemen's associations, Intervenor's motion is timely. This action is at a very early stage, so the parties will not be prejudiced by intervention. Plaintiff filed suit in June of 1998, and Defendants answered in August of 1998. The litigation has not

4

proceeded beyond Defendants' answer, so the stage of the proceeding clearly favors allowing intervention. As this Court held in its Order, the fact that Plaintiff and Defendants are currently in settlement negotiations does not make Intervenor's motion untimely. See, Order, p. 4.

The final factor, the reason for and length of delay, also favors Intervenor. Intervenor filed its motion to intervene three weeks after receiving the letter suspending its permit, which is not an unreasonable time in which to file the motion. Also, Intervenor filed the motion seven months into the action, which is not an unreasonable delay given the early stage of the litigation.

Intervenor's application for intervention is timely.

### 2. Impairing Intervenor's Ability To Protect Their Interests

Intervenor must show that the disposition of this action may impair its interest in diverting water from the Fish Hatchery Spring. Sierra Club, 995 F.2d at 1481. Plaintiff seeks to enjoin Defendants from authorizing any permitting which could affect endangered species in the San Bernadino National Forest, so Intervenor clearly meets this requirement. Plaintiffs' argument that Intervenor has no interest in the action because its permit has already been suspended is unpersuasive. The Forest Service suspended Intervenor's permit temporarily. Watkins Decl. at Exh. B. Intervenor has a strong interest in this action because its permit could be revoked permanently as a result of the action. Furthermore, Intervenor is appealing the Forest Service's suspension of the permit, so the permit may become valid again during the pendency of the action. See, Declaration of T. Peter

5

Pierce, ¶ 2. Intervenor clearly has a strong interest in this litigation despite the temporary suspension of its permit.

### 3. Intervenor's Interests Inadequately Represented

Intervenor must also show that Defendants will not adequately represent its interests in the action. Sierra Club, 995 F.2d at 1481. Intervenor need only show that the representation may be inadequate, and the burden of that showing is minimal. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). Intervenor has made this showing. Water diversion is but one of multiple uses of national forest land that Plaintiff seeks to enjoin, and Defendants may sacrifice that use in favor of other uses. Intervenor has demonstrated that Defendants may not adequately represent its interests in the action.

### 4. Significantly Protectable Interest

Plaintiff is suing Defendants for substantive and procedural violations of the ESA. Intervenor's only interest in this case derives from its status as a current water use permittee for the San Bernadino National Forest. Nothing in the ESA specifically addresses permitting uses for national forest lands. Because Intervenor's interest in this action is wholly unrelated to the ESA, it may not have a significantly protectable interest related to the action as required for intervention.

As with the cattlemen's associations, who were granted intervention into the remedial phase of the case, the Court believes that the holding of Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489 (9th Cir. 1995), applies to the facts here. See, Order, pp. 6-7. For the reasons set forth in the

6

Court's earlier Order, the Court finds that Intervenor does have a significantly protectible interest.

Intervenor meets all the requirements for intervention as of right under Rule 24(a).

### B. Intervenor's Failure to File an Answer

Plaintiff contends that, pursuant to Rule 24(c), Intervenor's motion to intervene should be denied because Intervenor failed to file a proposed answer with the motion. Rule 24(c) requires a party moving for intervention to include with the motion "a pleading setting forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). While Intervenor did fail to include an answer with its motion, the requirement is merely procedural, and neither party has been prejudiced by the failure. Intervenor filed an answer with his reply, so the Court will not deny Intervenor's motion on this basis.

### C. Intervention In Remedy Phase Only

In its Order, the Court allowed intervention by the cattlemen's associations only at the remedial phase of the action. See, Order, pp. 7-8; Forest Conservation Council, 66 F.3d at 1495. Plaintiff argues that, if the Court allows intervention here, it should again relegate Intervenor's intervention to the remedy phase. Intervenor counters that its interest in not losing twenty-five percent of the water supply for its residents is significantly stronger than the interest of the cattlemen's associations' interest in their grazing permits. Intervenor therefore argues that the Court should allow intervention before the remedial phase.

       The Court agrees with Intervenor that its interests are
stronger than those of the cattlemen's associations.  Fish
Hatchery Spring provides approximately twenty-five percent of Big
Bear Valley's potable water supply.  See, Declaration of Gary
Keller, ¶ 3.  There is evidence that suspension of the permit
would have severe negative effects on the Big Bear Valley
community's drinking water supply.  Id., ¶ 4.  The Court will
therefore allow Intervenor broader intervention than it did the
cattlemen's association.  The Court will allow the following
intervention: (1) Intervenor shall be allowed to participate in
any proceeding concerning the use of water or the impact of water
permits on endangered species; (2) all pleadings and other
documents which concern water use shall be served on Intervenor
before being filed with the Court; (3) Intervenor shall have the
right to respond to any such pleading or document; and (4)
Intervenor shall be allowed to take part in the remedy phase of
the action.  Intervenor shall not be allowed to intervene in
settlement negotiations, as that would too severely prejudice the
parties.

   D. Permissive Intervention

       Intervenor's alternative motion for permissive intervention
is moot.


V. CONCLUSION

       Based on the foregoing analysis, Big Bear City Community
Services District's Motion To Intervene As Defendant is GRANTED IN
PART.  Big Bear City Community Services District shall be allowed

8

to intervene in the above-captioned action in the following manner:

(1) Intervenor shall be allowed to participate in any proceeding concerning the use of water or the impact of water permits on endangered species;

(2) all pleadings and other documents which concern water use shall be served on Intervenor before being filed with the Court;

(3) Intervenor shall have the right to respond to any such pleading or document; and

(4) Intervenor shall be allowed to take part in the remedy phase of the action.

IT IS SO ORDERED.

Dated: March 9, 1999

_____
United States District Judge

9