# Stoever Declaration Exhibit A

1  Thomas W. Stoever, Jr. (Cal. Bar No. 150056)
   ARNOLD & PORTER LLP
2  370 Seventeenth Street, Suite 4500
   Denver, Colorado 80202-1370
3  Telephone: (303) 863-1000
   Facsimile: (303) 832-0428
4  thomas.stoever@aporter.com

5  Attorney for Proposed Intervenor-Defendant
   Reckitt Benckiser PLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Center for Biological Diversity,** a non-profit organization,<br><br>           Plaintiff,<br><br>   v.<br><br>**Environmental Protection Agency,** and **Stephen Johnson**, Administrator, U.S. EPA<br><br>           Defendants,<br><br>   and<br><br>**Reckitt Benckiser PLC,**<br><br>           Proposed Intervenor-Defendant. | Case No. 07-cv-02794-JCS<br><br>**DELCARATION OF THOMAS W. STOEVER, JR. IN SUPPORT OF RECKITT BENCKISER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE** |

---

Reckitt - Declaration of Thomas Stoever_(DN_112739_1).DOC  Stoever Declaration in Support of Reckitt Benckiser's Motion to Intervene Reply Brief

1  I, Thomas W. Stoever, Jr., declare that:

2  1.    I am an attorney at law duly admitted and licensed to practice before this Court and am the attorney for Proposed Intervenor-Defendant Reckitt Benckiser PLC.

2.    Attached as Exhibit "A" is a true and correct copy of the Center for Biological Diversity's Reply in Support of Motion to Intervene, filed in *Home Builders Ass'n of Northern California v. Williams*, CIV S-04-0345 LKK GGH (Mar. 26, 2004).

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this 12th day of November 2007 in Denver, Colorado.

By: _____
Thomas W. Stoever, Jr.
Attorney for Proposed Intervenor-Defendant
Reckitt Benckiser, PLC


1  Brendan Cummings (CA Bar No. 193952)
   Kassia Siegel (CA Bar No. 209497)
2  Center for Biological Diversity
   P.O. Box 493
3  54870 Pine Crest Ave.
   Idyllwild, CA 92549
4  Phone:  (909) 659-6053
   Facsimile:  (909) 659-2484
5
   Karen M. Kraus (CA Bar No. 181756)
6  ENVIRONMENTAL DEFENSE CENTER
   906 Garden Street
7  Santa Barbara, CA 93101
   Telephone:  (805) 963-1622
8  Facsimile:  (805) 962-3152
9
   Attorneys for Applicants-in-Intervention/Defendants
   CENTER FOR BIOLOGICAL DIVERSITY and ENVIRONMENTAL DEFENSE CENTER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Home Builders Association of Northern California, et al., | Case No. Civ. S-04-0345 LKK GGH |
| Plaintiffs, | |
| vs. | REPLY IN SUPPORT OF MOTION TO INTERVENE BY CENTER FOR BIOLOGICAL DIVERSITY AND ENVIRONMENTAL DEFENSE CENTER |
| STEVEN A. WILLIAMS, Director of the United States Fish and Wildlife Service, et al., | |
| Defendants, | Date: April 5, 2004<br>Time: 10:00 am |
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation and ENVIRONMENTAL DEFENSE CENTER, a non-profit corporation, | Courtroom: 4<br>Judge: Hon. Lawrence K. Karlton |
| Applicants-in-Intervention/Defendants. | |

REPLY SUPPORT OF MOTION TO INTERVENE    Civ. S-04-0345 LKK GGH

## I. INTRODUCTION

Very little dispute remains as to the CENTER FOR BIOLOGICAL DIVERSITY and ENVIRONMENTAL DEFENSE CENTER'S (hereinafter "the Center" and "EDC," or "Applicants") entitlement to intervene in this action as a matter of right. Federal Defendants STEVEN A. WILLIAMS, et al., have taken no position on Applicants' motion, and have filed a notice of waiver of appearance at the noticed hearing. Docket # 18. Plaintiffs HOME BUILDERS ASSOCIATION OF NORTHERN CALIFORNIA, et al., have conceded that Applicants are entitled to intervene as a matter of right as to the remedial portion of the case, but have contested Applicants' right to intervene as to the merits of the case, and have also opposed permissive intervention as to the merits. Docket #17, Plaintiffs' Partial Opposition to Intervention By the Center for Biological Diversity and Environmental Defense Center (hereinafter "Partial Opposition").

In their Partial Opposition, Plaintiffs urge the Court to ignore Ninth Circuit precedent directly on point holding that environmental organizations are entitled to intervene as a matter of right in a case challenging the listing of a species under the Endangered Species Act, 16 U.S.C. § 1531 et seq. ("ESA"). Plaintiffs instead urge the Court to vastly expand a holding with regard to cases filed under the National Environmental Protection Act, 42 U.S.C. § 4321 et seq. ("NEPA") in order to prevent the Center and EDC from participating fully in this action. Plaintiffs' action is designed to eliminate or reduce protections afforded to the Sonoma County and Santa Barbara County Distinct Population Segments of the California Tiger Salamander ("Sonoma CTS" and "Santa Barbara CTS," respectively) under the ESA. The Center and EDC have worked for years to obtain these protections from the U.S. Fish and Wildlife Service, an agency with a demonstrated reluctance to perform its statutory duties with respect to the Sonoma CTS and Santa Barbara CTS. As described below, the Center and EDC are entitled to intervene as a matter of right in all phases of this action, and, in the alternative, should be granted permissive intervention to participate fully in this case.

## II. THE CENTER AND EDC ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT IN ALL PHASES OF THIS CASE

Plaintiffs are entitled to intervene as a matter of right if they meet the four-part test under Federal Rule of Civil Procedure 24(a)(2):

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993).

District courts in the Ninth Circuit construe Rule 24 "liberally, in favor of potential intervenors." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001) citing Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). In addition to mandating "broad construction," the Ninth Circuit is "guided primarily by practical considerations, not technical distinctions." Id. at 818 (internal citation omitted). Finally, district courts are required to accept as true the non-conclusory allegations made in support of an intervention motion. Id. at 819-20.

Plaintiffs argue only that the Center and EDC's participation in this case should be limited to the remedial phase of the case, based on theory that Plaintiffs do not have a legally protectable interest in the listing rules for the Sonoma and Santa Barbara CTS challenged in this action. Plaintiffs do not dispute that the Center and EDC's motion is timely, and mention only in passing that the Center and EDC may fail "up to three" factors of the four-part test.

### A.   The Center and EDC Have a Legally Protectable Interest in the Action

Plaintiffs cite Churchill County v. Babbitt, 150 F.3d 1072, 1082-83 (9th Cir. 1998) for the proposition that because federal agencies are the only entities required to comply with NEPA, therefore only a federal agency can be a proper defendant in a NEPA action. Partial Opposition at 4-5. Under this reasoning, the Ninth Circuit has limited intervention as of right for entities other than federal agencies to the remedial phase of NEPA suits, on the grounds that a private party cannot have a legally protectable interest in a federal agency's non-compliance with NEPA. Portland Audubon Society v. Hodel, 866 F.2d 302, 308-310 (9th Cir. 1989) (organizations with purely economic interests in continued logging on public land had no legally protectable interest in an environmental organization's lawsuit to compel the U.S. Bureau of Land Management to comply with NEPA with regards to its permitting of logging in endangered species habitat). Plaintiffs then assert that "the logic of Churchill precludes CBD's intervention of right" in this case on "non remedy" issues. Partial Opposition at 5: 5-6.

Plaintiffs' argument suffers from a central fatal flaw: this is not a NEPA action and is governed by a different line of precedent. This suit challenges the U.S. Fish and Wildlife Service's ("FWS's") adoption of final rules listing the Sonoma and Santa Barbara CTS as endangered species under the ESA, and is governed by Idaho Farm Bureau Federation v. Babbitt, 58 F.3d 1392 (9th Cir. 1995). In Idaho Farm Bureau, the Farm Bureau and others challenged the FWS's adoption of a final rule listing the Bruneau Hot Springs snail as an endangered species. The Idaho Conservation League and Committee for Idaho's High Desert ("ICL/CIHD"), two environmental organizations who had advocated for the protection of the snail, including filing suit to compel the FWS to list it as an endangered species, moved to intervene as a matter of right. The Ninth Circuit held that the environmental organizations were entitled to intervene as a matter of right, holding, with regard to the protectable interest prong:

> The conservation groups also have an interest relating to the subject of the present litigation. A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported. Sagebrush Rebellion, Inc., v. Watt, 713 F.2d 525, 527 (9th Cir. 1983); Washington State Bldg. & Constr. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982), cert. denied, Don't Waste Washington Legal Defense Foundation v. Washington, 461 U.S. 913, 77 L. Ed. 2d 282, 103 S. Ct. 1891 (1983). In Sagebrush Rebellion, the party that was granted intervention, National Audubon Society, had participated in the administrative process the Interior Secretary followed to establish a conservation area for birds of prey. 713 F.2d at 526-27. Similarly, ICL/CIHD have been active in the process FWS went through to list the Springs Snail as an endangered species. The groups even filed a suit to compel FWS to make a final decision on the proposed listing rule. ICL/CIHD satisfy the interest requirement.

58 F.3d at 1397-98.

It is difficult to conceive of a case more directly on point than Idaho Farm Bureau. Plaintiffs claim that Idaho Farm Bureau does not provide precedent because it "simply did not address the limitations on issues for intervenors established in other binding Ninth Circuit decisions." Partial Opposition at 6: 1-5. The decision in Idaho Farm Bureau does not address limitations on intervention applicable to NEPA suits raised here by Plaintiffs, because Idaho Farm Bureau addresses claims pursuant to Section 4 of the ESA and Administrative Procedure Act ("APA"), not NEPA. Plaintiffs advance no legitimate argument for their astounding claim (made in a mere two sentences) that a Ninth

Circuit decision in an identical factual situation does not provide precedent.[1] Plaintiffs' invitation to ignore the binding decision in Idaho Farm Bureau must be rejected.

Plaintiffs also belittle the recent decision in Kern County Farm Bureau, et. al., v. Anne Badgely, et. al., Civ. F 02-5376 AWI DLB (E. D. Cal., Order dated Aug. 26, 2003) (Exh. G to Siegel Dec., Docket # 12) as "an unreported opinion by the magistrate judge" that does not "come to grips" with the rationale of Churchill County. Partial Opposition at 6: 9-13. The decision in Kern County Farm Bureau does not "come to grips" with limitations applicable to NEPA cases, because that case, like this one, involves claims challenging the listing of an endangered species pursuant to Section 4 of the ESA, not NEPA claims. Plaintiffs advance no valid argument why Kern County Farm Bureau should not be persuasive, but rather urge this Court to disregard it merely because its holding is unfavorable to Plaintiffs.

In incorrectly stating that the law requires the Center and EDC's intervention to be limited to the remedial phase of the case, Plaintiffs rely on two district court cases limiting the intervention of interest groups with a financial stake in the outcome to the remedial portion of cases: Southwest Center for Biological Diversity v. U.S. Forest Service, 82 F. Supp.2d 1070, 1074 (D. Az. 2000); and Center for Biological Diversity v. Whitman, No C 02-1580 CW (N.D. Cal., Order dated Aug. 6, 2002). These cases are distinguishable from the case at hand as they both involve Section 7 of the ESA (addressing inter-agency consultation), not Section 4 (providing for the listing of species as threatened and endangered). They are also distinguishable because in both those cases the applicants for intervention were groups with an economic interest in the government's continued non-compliance with the ESA. In those cases, a limited extension of the NEPA line of cases was understandable, because, just as in the seminal case Donaldson v. United States, 400 U.S. 517 (1970) and in Portland Audubon, the fact that an

---

[1] By citing Churchill County, a 1998 case, Plaintiffs imply that Idaho Farm Bureau did not address the limitations on intervention that Plaintiffs' propose because those limitations were developed by the Ninth Circuit following the 1995 Idaho Farm Bureau decision. This is utterly false, as the limitation on intervention in NEPA actions was well developed prior to the Idaho Farm Bureau decision. See, e.g., Portland Audubon, 866 F.2d at 308-310 (9th Cir. 1989). Plaintiffs cite to a footnote by Supreme Court Justice Antonin Scalia stating "It is of course contrary to all traditions of our jurisprudence to consider the law on this point conclusively resolved by broad language in cases where the issue was not presented or even envisioned." R.A.V. v. City of St. Paul, 505 U.S. 377, 382 n.5 (1992). This footnote is irrelevant to the issue here, as environmental organizations' ability to intervene as a matter of right was squarely presented and decided in Idaho Farm Bureau.

REPLY IN SUPPORT OF MOTION TO INTERVENE    4                    Civ. S-04-0345 LKK GGH

entity stands to gain or lose financially from the outcome of a lawsuit does not automatically create a legally protectable interest in the action.[2] The factual scenario in Portland Audubon, Southwest Center for Biological Diversity v. U.S. Forest Service and Center for Biological Diversity v. Whitman, where proposed intervenors only had a financial interest in a federal agency's continued non-compliance with the law, stands in sharp contrast to this case where the Center and EDC request intervention as of right in order to defend the ESA protections they were instrumental in securing for the Sonoma and Santa Barbara CTS.

Plaintiffs imply that Southwest Center for Biological Diversity v. U.S. Forest Service and Center for Biological Diversity v. Whitman are representative of a trend in the Ninth Circuit towards expanding the limitations on intervention in the NEPA line of cases to other statutes including the ESA. This is untrue. The Ninth Circuit has in fact explicitly declined to extend the NEPA line of cases to the ESA and other statutes. In Southwest Center for Biological Diversity v. Berg, 268 F.3d 810 (9th Cir. 2001), the Ninth Circuit reversed the denial of intervention of building trade associations in an ESA Section 10 challenge to the Fish and Wildlife Service's approval of a habitat conservation plan and issuance of an incidental take permit. The Court concluded that the associations had a significantly protectable interest warranting intervention and granted intervention as of right in all phases of that case. 268 F.3d at 818-821. In Sierra Club v. EPA, 995 F.2d 1478 (9th Cir. 1993), the Ninth Circuit refused to extend the "none but a federal defendant" rule to a suit under the Clean Water Act.

In their attempt to dismiss the Center and EDC's interest in the subject matter of this litigation, Plaintiffs, who do not dispute the pivotal role the Center and EDC played in instituting the protections for the Sonoma and Santa Barbara CTS, simply disregard the fundamental import of this fact. The

---

[2] As the Ninth Circuit stated in Sierra Club v. EPA, 995 F.2d at 1484,

> In a NEPA case, a private interest is unprotectable in the same sense as in *Donaldson*, the circus employee case. In *Donaldson*, the would-be intervenor expected to be financially worse off if the plaintiff won the lawsuit, but that was insufficient for intervention, because the law did not protect his financial interest, and he had no interest protected by any law which related to the matter at issue. Likewise, in a NEPA case, someone who will be economically worse off if an environmental impact statement precedes a major government action nevertheless has no interest protected by law in defending against issuance of an environmental impact statement.

REPLY IN SUPPORT OF MOTION TO INTERVENE    5    Civ. S-04-0345 LKK GGH

finding in Idaho Farm Bureau that "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported" has a long history in the Ninth Circuit. 58 F.3d at 1397. For example, in Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996), the court noted the "common thread" shared by those cases where it had granted intervention: applicant intervenors that "were directly involved in the enactment of the law or in the administrative proceedings out of which the litigation arose." See also Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983) aff'd 790 F.2d 760 (9th Cir. 1986) (granting the National Audubon Society's motion to intervene because it had participated in proceedings to create a wildlife sanctuary that plaintiffs challenged in the case); Washington State Bldg. and Constr. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982) cert. denied Don't Waste Washington v. Washington, 461 U.S. 913 (1983) (holding that public interest group had sufficient interest to intervene as of right in challenge to initiative because it had sponsored the initiative); Idaho v. Freeman, 625 F.2d 886 (9th Cir. 1980) (permitting National Organization for Women (NOW) to intervene in challenge to validity of ratification procedures for the Equal Rights Amendment where NOW had actively supported the Amendment and had an interest in the "continued vitality" of the Amendment).

Plaintiffs also falsely claim that the Center and EDC's interests lie only in the remedial phase of this action. The Center and EDC have an obvious interest in the resolution of this case on the merits as the determination of the legality of the Sonoma and Santa Barbara listing rules will determine whether any remedy is needed in the first instance. The ruling on the merits may also affect the legality of the FWS's Distinct Population Segment ("DPS") policy. The legality of the current DPS policy could have an impact on the protection of the Sonoma and Santa Barbara CTS as well as other species that have been listed under this policy and that are considered for listing in the future. Both the Center and EDC have asserted a broad interest in the preservation of imperiled species and biodiversity: it is the primary mission of the Center and one of the primary missions of EDC. Declaration of Peter Galvin (Docket #9) at §§ 2-3; Declaration of Karen Kraus (Docket # 11) at §§ 2-3. Plaintiffs' claim that the Center and EDC have an interest only in the remedial phase of the case is a gross distortion of Plaintiffs asserted interests, which must be accepted as true for the purpose of deciding the motion to intervene. Southwest Center for Biological Diversity v. Berg, 268 F.3d at 819.

### B. The Parties Do Not Adequately Represent the Interests of the Center and EDC

Plaintiffs also argue in passing that the Center and EDC's interests are "adequately represented at this time." Partial Opposition at 6-7. Plaintiffs have ignored all applicable caselaw and presented nothing beyond their mere conclusory statement that the Center and EDC have not met the minimal test of showing that representation "may be" inadequate. Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10 and acc. text (1972) (citation omitted). The Center and EDC have more than met this standard, as well as overcome any presumption that may exist that Federal Defendants will adequately represent their interests.

Federal Defendants have demonstrated, by their repeated recalcitrance in taking action to protect the Sonoma CTS and Santa Barbara CTS, that they do not have the same interests as the Center and EDC. Memorandum of Points and Authorities in Support of Motion to Intervene at 4-6, Docket # 7. Defendants would not have listed either species but for the Center's and EDC's lawsuits to compel them to do so. Further, Plaintiffs have not denied that their intent is to "negotiate a set of acceptable rules with the Interior Department before the case goes to trial." Lawsuit to Test Habitat Rules, Santa Rosa Press Democrat, February 18, 2004 (Exh. F to Siegel Dec., Docket # 12). The fact that Plaintiffs go to such lengths to exclude the Center and EDC from participating in the merits of this dispute, including settlement negotiations, underscores the fact that Plaintiffs believe that the Center and EDC's interests are not adequately represented by the federal government, and that therefore Plaintiffs will obtain a more favorable result without the Center and EDC's participation. Partial Opposition at 5, n.2.

In sum, the Center and EDC have more than demonstrated that they meet the test for intervention as of right pursuant to Fed. R. Civ. P. 24(a).

### III. IN THE ALTERNATIVE, THE CENTER AND EDC SHOULD BE ALLOWED PERMISSIVE INTERVENTION

The Center and EDC request, in the alternative, permissive intervention Rule 24(b). Like intervention of right, courts should also grant permissive intervention liberally. See 7C Wright & Miller, Federal Practice and Procedure § 1904 (1986). Plaintiffs again request that intervention be limited to the remedial phase of the case, but present absolutely no evidence of any prejudice that would

result from intervention in all phases of the case. The equities, as well as the interest of judicial economy, clearly tip in favor of full intervenor/defendant status for the Center and EDC.

### A. The Center and EDC's Participation Will Not Prejudice the Parties

Plaintiffs lamely assert that the Center and EDC should be denied intervenor status on the merits of the case because their participation "could" delay or prejudice the case because they may "interject" "motions on preliminary matters" and "unpersuasive arguments on the merits" that Federal Defendants do not raise. Partial Opposition at 7. Plaintiffs offer no argument beyond this conclusory statement for denying these public interest organizations access to the judicial system. The Center and EDC have submitted a proposed answer to which Plaintiffs make no reference.

Plaintiffs' primary intent appears to be to exclude the Center and EDC from settlement negotiations. Partial Opposition at 7:24-25 and at 5, n2. The Center and EDC do in fact request such participation, and, contrary to Plaintiffs' inapt citations[3], are entitled to participate fully in those negotiations. United States v. Oregon, 745 F.2d 550 (9th Cir. 1984). In United States v. Oregon, the Ninth Circuit reversed the district court's denial of the state of Idaho's motion to intervene in a case concerning the extent to which the States of Oregon and Washington could regulate fishing in the Columbia River and its tributaries consistent with the treaty rights of several Indian Tribes, stating:

> The appellees argue that Idaho's interests can be adequately represented by its participation in the [settlement] negotiations in an amicus capacity rather than as a party, but their argument ignores obvious distinctions between parties and amici. <u>When granted intervention, Idaho will be able to insure its participation in the negotiations and discussions of a modified plan on the same basis as other participants.</u> As a party to the action, it will be able to invoke the district court's jurisdiction to secure adherence to orders of the district court. Given Idaho's legitimate interest in the anadromous fish runs which are the subject of this litigation and the absence of other parties protecting that interest, intervention should have been granted.

745 F.2d at 553 (emphasis supplied)

Not only do the Center and EDC clearly have a right to participate in such negotiations, but allowing such participation is also in the interest of judicial economy. Because it is undisputed that the Center and EDC would have the right to object to any settlement agreement

---

[3] <u>Local Number 93, International Association of Firefighters v. City of Cleveland</u>, 478 U.S. 501, 528-29 (1986) and <u>Bergh v. Dep't of Transportation</u>, 795 F.2d 1575 (Fed. Cir. 1986) hold that an intervenor does not have the power to unilaterally <u>block</u> the adoption of a settlement agreement and do not address the issue at hand.

submitted to the Court, they should be allowed to participate in negotiation of any such settlement.

### B. Amicus Curiae Status is Not an Adequate Substitute for Full Party Status

Plaintiffs' suggestion that designating the Center and EDC as amicus curiae can substitute for granting them full party status as to all phases of this case should be rejected. As stated by the Ninth Circuit stated in United States v. Oregon, full party status will allow intervenors to (1) participate fully in settlement negotiations, and (2) invoke the Court's jurisdiction to enforce any orders. 745 F.2d at 553. Moreover, intervenor status will allow the Center and EDC to appeal any adverse decision on the merits[4], and bring claims or motions on the merits that the Federal Defendants fail to raise. The Center and EDC are clearly entitled to full party status in order to protect their interests in the Sonoma and Santa Barbara CTS, two of the most imperiled amphibians in California.

Plaintiffs admit, as they must, that even if the more restrictive line of intervention cases in NEPA actions applied to this case (which it does not), this Court retains full discretion to grant permissive intervention to a non-federal agency defendant. Partial Opposition at 8: 4-12; Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111(9th Cir. 2002). Should the Court find that the Center and EDC are not entitled to intervene as a matter of right, the Court should exercise its discretion to grant the Center and EDC permissive intervention in all phases of this case.

## IV. CONCLUSION

For the foregoing reasons, the Center and EDC's motion to intervene in all phases of this case as a matter of right under Federal Rule of Civil Procedure 24(a), or in the alternative, to intervene in all phases of this case permissively pursuant to Rule 24(b) should be GRANTED.

---

[4] The federal government frequently fails to appeal adverse decisions against it. See, e.g., Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726 (1998) (Supreme Court granted review at industry intervenor's behest and over the federal defendants' objection); Legal Aid Soc'y of Alameda County v. Brennan, 608 F.2d 1319, 1328 (9th Cir. 1979) (nongovernmental entity granted intervention to appeal when federal government acquiesced in the judgment against it); Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107 (federal defendants, enjoined from implementing the "Roadless Area Conservation Rule," did not appeal the injunction, which was appealed by environmental organization intervenors.)

Respectfully submitted this 26th date of March, 2004.

*/s/ Kassia Siegel*
Kassia Siegel
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 493
54870 Pinecrest Ave.
Idyllwild, CA 92549
Telephone: (909) 659-6053
Facsimile: (909) 659-2484

Karen M. Kraus
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Telephone: (805) 963-1622
Facsimile: (805) 962-3152

Applicants-in-Intervention/Defendants

REPLY IN SUPPORT OF MOTION TO INTERVENE    10    Civ. S-04-0345 LKK GGH

# CERTIFICATE OF SERVICE

I, Kassia R. Siegel, declare as follows:

I am a citizen of the United States and employed in the city of Idyllwild in Riverside County, CA. I am over eighteen years of age, not a party to this action, and my business address is P.O. Box 493, 54870 Pine Crest Ave., Idyllwild, CA 92549.

On March 26th, 2004, I served the REPLY IN SUPPORT OF MOTION TO INTERVENE BY CENTER FOR BIOLOGICAL DIVERSITY AND ENVIRONMENTAL DEFENSE CENTER on the below parties in said action by placing a true copy thereof, enclosed in a sealed envelope and sending, via U.S. Mail and Facsimile, addressed as follows:

Bridget Kennedy McNeil
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Attorney for Defendants
Fax: (202) 305-0275

Michael D. Newman and Steven P. Rice
CROWELL & MORING LLP
3 Park Plaza
20th Floor
Irvine, CA 92614-8505
Fax: (949) 263-8414

Steven P. Quarles, J. Michael Klise, and Thomas R. Lundquist
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595
Fax: (202) 628-5116

Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct and was executed on March 26th, 2004 at Idyllwild, California.

_Kassia Siegel_
Kassia Siegel

REPLY IN SUPPORT OF MOTION TO INTERVENE    11    Civ. S-04-0345 LKK GGH