Thomas W. Stoever, Jr. (Cal. Bar No. 150056)
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-1370
Telephone: (303) 863-1000
Facsimile: (303) 832-0428
thomas.stoever@aporter.com

Attorney for Proposed Intervenor-Defendant
Reckitt Benckiser Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **Center for Biological Diversity,** a non-profit organization, | Case No. 07-cv-02794-JCS |
| Plaintiff, | **STATUS REPORT FROM PROPOSED INTERVENOR RECKITT BENCKISER** |
| v. | Date: March 14, 2008 |
| **Environmental Protection Agency**, and **Stephen Johnson**, Administrator, U.S. EPA | Time: 1:30 p.m.<br>Place: Courtroom A, 15th Floor<br>Judge: Magistrate Judge Joseph C. Spero |
| Defendants, | |
| and | |
| **Reckitt Benckiser Inc.**, | |
| Proposed Intervenor-Defendant. | |

On October 1, 2007, Reckitt Benckiser Inc. filed a Motion to Intervene ("Motion") pursuant to Fed. R. Civ. P. 24(a) & (b) in this action to protect its property interests in its government-issued registrations for brodifacoum, difethialone, and warfarin. *See* Motion (Dckt. 21). That Motion is scheduled to be heard on March 14, 2008. Reckitt files this status report to provide an update to the Court and request that the Court either proceed with the hearing as scheduled or grant the Motion without a hearing.

1     Since Reckitt sought to intervene in this matter, the hearing on Reckitt's Motion has been rescheduled three times.  Each time the Motion has been set for hearing at the same time as the Rule 16 case management conference for the parties, the Center for Biological Diversity ("CBD") and the Environmental Protection Agency ("EPA").  Before each hearing, CBD and EPA have submitted a case management statement advising the Court that they are negotiating a settlement and requesting a postponement of the case management conference.  (Dckt. 30, 35. 37).  The Court has granted their request and postponed the hearing on the Motion to Intervene as well.  (Dckt. 31, 36, 38).

    Reckitt has been told by counsel for CBD and EPA that the parties are still negotiating, not likely to settle prior to the March 14 hearing, and will probably seek a further continuance of the case management conference.  While Reckitt does not oppose a continuance of the case management conference, Reckitt respectfully requests that the Court go forward with the hearing on Reckitt's Motion to Intervene.

    Reckitt understands that settlement negotiations between CBD and EPA have turned to the issue of injunctive relief.  Any injunctive relief being discussed by CBD and EPA will affect Reckitt's interests.  As discussed more fully in its Motion and Reply, Reckitt has a personal and significant interest in protecting its product registrations, both because of the significant resources it has devoted to obtaining the registrations and because Reckitt derives income from the sale of its products.  *See* Motion at 7-12 (Dckt. 21); Reply at 2-9 (Dckt. 33).  Just as important is Reckitt's interest in the process by which EPA registers or re-registers Reckitt's products, which may be affected by the injunctive relief being negotiated by the parties.  *See* Motion at 10-11 (Dckt. 21).  Thus, the settlement discussions affect Reckitt's cognizable property interests, and Reckitt seeks a seat at the table to participate in the negotiations.

    Furthermore, given that the litigation is now effectively in the remedy phase (*i.e.*, the parties are discussing injunctive relief), Reckitt has a right to intervene.[1]  *See Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001); *Sierra Club v. EPA*, 995 F.2d

---

[1] As set out in its motion and reply briefs, Reckitt believes it has a right to intervene in all phases of the litigation.

1478 (9th Cir. 1993). Even CBD has acknowledged that right. *See* Plaintiff's Combined Opposition To Motions To Intervene (Dckt. 27) at 9 ("Plaintiffs do not oppose the limited intervention of Proposed Intervenors at the remedial stage because that is when the Proposed Intervenors' interests may actually be affected."); *id.* at 10 ("Proposed Intervenors' interests lie in the remedial phase of this suit, at which point all agree it is appropriate for them to have party status to protect those interests."). In other words, there should be no dispute that intervention is proper at this time.

CBD opposed Reckitt's intervention on the grounds that it might "impede efficient resolution of this case." *See* Plaintiff's Combined Opposition To Motions To Intervene (Dckt. 27) at 9-10. But after five months of settlement talks and three continuances (and a possible fourth), it should be clear to all concerned that the process is moving slowly. CBD would be hard pressed to show that Reckitt's participation would slow the process down any further. And, in fact, other intervenors have participated in successful settlement negotiations in similar cases, without derailing the process. *See, e.g., Center for Biological Diversity v. Johnson*, No. C-02-1580-JSW (N.D. Cal. Oct. 17. 2006 and Oct. 20, 2006) (stipulated injunction and interim measures negotiated by all parties, including intervenors); *Natural Resources Defense Council v. U.S. Environmental Protection Agency*, No. 03-CV-02444 (Md. Mar. 28, 2006 and Mar. 29, 2006) (same); *Center for Biological Diversity v. Leavitt*, No. 04-CV-00126-CKK (D.C. Aug. 22, 2005 and Aug. 29, 2005) (same).

The undersigned counsel for Reckitt has contacted counsel for EPA and CBD to determine whether either party objects to keeping the hearing on Reckitt's Motion on calendar for March 14. Counsel for the EPA stated that the government takes no position on this request. Counsel for CBD said CBD is waiting to see the EPA's response to the last settlement proposal (which they expect to see sometime early next week) before determining whether to take a position on this request.[2]

---

[2] If CBD opposes this request, Reckitt respectfully suggests that the Court direct CBD to address the status of settlement negotiations, including whether the discussions have turned to injunctive relief, in the Joint Case Management Statement to be filed March 7, 2008. If CBD confirms that the parties are discussing the injunctive relief to be included in a settlement, it may not be necessary to hold a hearing, *i.e.* Reckitt's motion should be granted without a hearing.

Status Report From Proposed
Intervenor Reckitt Benckiser                -3-

1  For the reasons set out above, Reckitt asks the Court to either grant its Motion to
2  Intervene or to proceed with the hearing on the Motion as scheduled for March 14, 2008.

Respectfully submitted this 29th day of February, 2008,

By:  /s/ Thomas W. Stoever, Jr.
Thomas W. Stoever, Jr.
(Cal. Bar No. 150056)
ARNOLD & PORTER LLP
370 Seventeenth Street
Suite 4500
Denver, Colorado 80202-1370
Telephone: (303) 863-1000
Facsimile: (303) 832-0428

Attorney for Proposed Intervenor-
Defendant Reckitt Benckiser, Inc.

CERTIFICATE OF SERVICE

  I hereby certify that on February 29th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notification of such to counsel of record.

                /s/  Thomas W. Stoever, Jr.