1  Thomas W. Stoever, Jr. (Cal. Bar No. 150056)
   ARNOLD & PORTER LLP
2  370 Seventeenth Street, Suite 4500
   Denver, Colorado  80202-1370
3  Telephone:  (303) 863-1000
   Facsimile:  (303) 832-0428
4  thomas.stoever@aporter.com

5  Attorney for Intervenor-Defendant
   Reckitt Benckiser Inc.

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  **Center for Biological Diversity,** a non-profit )          Case No. 07-cv-02794-JCS
    organization,                                   )
13                                                   )
                  Plaintiff,                         )
14                                                   )          **ANSWER OF INTERVENOR-**
        v.                                           )     **DEFENDANT RECKITT BENCKISER**
15                                                   )                 **INC.**
    **Environmental Protection Agency**, and          )
16  **Stephen Johnson**, Administrator, U.S. EPA       )
                                                     )
17                Defendants,                         )
                                                     )
18                and                                )
                                                     )
19  **CropLife America**, **RISE, and Reckitt**          )
    **Benckiser, Inc.,**                               )
20                                                   )
                  Intervenor-Defendants.             )
21  _____)

22          Intervenor-Defendant Reckitt Benckiser Inc. ("Reckitt"), by and through undersigned

23  counsel, hereby answers and asserts the following defenses to the allegations contained within

24  Plaintiff's Complaint for declaratory and injunctive relief (filed May 30, 2007).  Any allegation

25  not specifically admitted below is denied.  Answering the numbered paragraphs of the

26  Complaint, Reckitt admits, denies, and avers as follows:

27

28

1

## INTRODUCTION

2    1.    Paragraph 1 of the Complaint consists of Plaintiff's characterization of this

3    lawsuit, to which no response is required.

4    2.    Paragraph 2 of the Complaint consists of Plaintiff's characterization of its

5    requests for relief, to which no response is required.

6    3.    Paragraph 3 of the Complaint consists of Plaintiff's characterization of its

7    requests for relief, to which no response is required.

8    ## JURISDICTION AND VENUE

9    4.    The first two sentences of paragraph 4 of the Complaint constitute conclusions of

10   law, to which no response is required.  The third sentence of paragraph 4 constitutes a

11   characterization of Plaintiff's claims and conclusions of law, to which no response is required.

12   5.    Reckitt is without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in paragraph 5 of the Complaint and therefore denies such allegations.

14   6.    Paragraph 6 of the Complaint constitutes a conclusion of law, to which no

15   response is required.

16   7.    Paragraph 7 of the Complaint constitutes a conclusion of law, to which no

17   response is required.  Additionally, Reckitt is without knowledge or information sufficient to

18   form a belief as to the truth of the allegations as to what occurred or continues to occur "in this

19   district" therefore denies such allegations.

20   ## INTRADISTRICT ASSIGNMENT

21   8.    Paragraph 8 of the Complaint constitutes a conclusion of law, to which no

22   response is required.  Additionally, Reckitt is without knowledge or information sufficient to

23   form a belief as to the truth of the allegations as to what occurred or continues to occur in the

24   counties named in paragraph 8 and therefore denies such allegations.

25   ## PARTIES

26   9.    Reckitt is without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in paragraph 9 of the Complaint and therefore denies such allegations.

28

10. Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 10 of the Complaint and therefore denies such allegations. The remaining sentences of paragraph 10 constitute conclusions of law, to which no response is required.

11. Reckitt admits that the EPA is a federal agency. The remaining allegations of paragraph 11 of the Complaint purport to characterize or summarize the provisions of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), the Federal Food, Drug, and Cosmetic Act ("FFDCA"), as amended by the Food Quality Protection Act ("FQPA"), and the Endangered Species Act ("ESA"). Those statutes speak for themselves, and Reckitt denies all allegations that are contrary to the plain language and meaning of those statutes.

12. Reckitt admits that Stephen Johnson currently serves as the Administrator of the EPA. The second sentence of paragraph 12 constitutes a conclusion of law and characterization of Plaintiff's claims, to which no response is required.

**LEGAL BACKGROUND**

**I.      The Endangered Species Act.**

13. Paragraph 13 of the Complaint purports to characterize or summarize the ESA, which speaks for itself, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA.

14. Paragraph 14 of the Complaint purports to quote, characterize, or summarize the ESA, which speaks for itself, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA.

15. Paragraph 15 of the Complaint purports to characterize or summarize the ESA and federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA and the referenced regulations.

16.     Paragraph 16 of the Complaint purports to quote, characterize, or summarize the ESA and federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA and the referenced regulations.

17.     Paragraph 17 of the Complaint purports to quote, characterize, or summarize federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the referenced regulations.

18.     Paragraph 18 of the Complaint purports to quote, characterize, or summarize federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the referenced regulations.

19.     The first three sentences of paragraph 19 of the Complaint purport to quote, characterize, or summarize federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the referenced regulations. Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 19 and therefore denies such allegations.

20.     Paragraph 20 of the Complaint purports to characterize or summarize the ESA and federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA and the referenced regulations.

21.     Paragraph 21 of the Complaint purports to quote, characterize, or summarize the ESA and federal regulations, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA and the referenced regulations.

22.     Paragraph 22 of the Complaint purports to characterize or summarize the ESA, which speaks for itself, and no response is required. To the extent that a response is deemed

necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA.

23.     Paragraph 23 of the Complaint purports to quote, characterize or summarize the ESA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the ESA.

## II.     The Federal Insecticide, Fungicide, And Rodenticide Act

24.     The first sentence of paragraph 24 of the Complaint constitutes a conclusion of law to which no response is required.  The remainder of paragraph 24 purports to characterize or summarize FIFRA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of FIFRA.

25.     Paragraph 25 of the Complaint purports to characterize or summarize FIFRA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of FIFRA.

26.     The first sentence of paragraph 26 of the Complaint constitutes a conclusion of law to which no response is required.  The second through fourth sentences of paragraph 26 purport to characterize or summarize FIFRA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of FIFRA.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 26 and therefore denies such allegations.

27.     The first and second sentences of paragraph 27 of the Complaint purport to quote, characterize, or summarize FIFRA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of FIFRA.  Reckitt is without knowledge or information sufficient

to form a belief as to the truth of the allegations in the third sentence of paragraph 27 and therefore denies such allegations.

28.     The first three sentences of paragraph 28 of the Complaint purport to quote, characterize, or summarize the 1988 amendments to FIFRA, which amendments speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1988 amendments to FIFRA.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 28 and therefore denies such allegations.

29.     The first sentence of paragraph 29 of the Complaint purports to quote, characterize, or summarize FIFRA, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1988 amendments to FIFRA.  The second sentence purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

30.     Paragraph 30 purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

31.     Paragraph 31 purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

32.     Paragraph 32 purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

33.     The first sentence of paragraph 33 of the Complaint purports to quote, characterize, or summarize Pesticide Regulation Notice 97-6, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of Pesticide Regulation Notice 97-6.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies such allegations.

34.     Paragraph 34 purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

35.     Reckitt admits that Congress enacted the FFDCA and amended the FFDCA through the enactment of the FQPA.  The first three sentences of paragraph 35 of the Complaint purport to quote, characterize, or summarize the FFDCA or FQPA, which speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the FFDCA and FQPA.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 35 and therefore denies such allegations.

36.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies such allegations.  To the extent that paragraph 36 purports to characterize or summarize the requirements outlined in the FQPA, that statute speaks for itself and is the best evidence of its requirements.

37.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies such allegations.

38.     Paragraph 38 purports to characterizes aspects of a process that is governed by statutes and regulations, which are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Reckitt denies the allegations set out in this paragraph as the statute and regulations speak for themselves.

39.     Reckitt admits that the EPA published a final notice for its Field Implementation of its Endangered Species Protection Program in November 2005.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint and therefore denies such allegations.

**FACTUAL BACKGROUND**

**I.     The San Francisco Bay Area.**

40.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies such allegations.

41.     The allegations in paragraph 41 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

42.     The allegations in paragraph 42 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

43.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies such allegations.

44.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 44 of the Complaint and therefore denies such allegations.  The second sentence of paragraph 44 purports to characterize or summarize the San Francisco Estuary Project's <u>Pesticides in Urban Surface Waters: Urban Pesticides Use Trends Annual Report 2005</u> ("<u>Annual Report</u>"), which speaks for itself, and no

response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the <u>Annual Report</u>.

**II.    Waterways Throughout the Bay Area Are Contaminated With Pesticides.**

45.    The allegations in paragraph 45 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

46.    Paragraph 46 of the Complaint purports to characterize or summarize unidentified reports released by the U.S. Geological Survey, which reports speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified reports.

47.    The allegations in the first sentence of paragraph 47 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.  The remainder of paragraph 47 purports to characterize or summarize unidentified reports released by the U.S. Geological Survey, which reports speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified reports.

48.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies such allegations.

49.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 49 of the Complaint and therefore denies such allegations.  Reckitt denies the second sentence of paragraph 49 as stated.

50.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of paragraph 50 of the Complaint and therefore denies such allegations.  The fifth and sixth sentences refer to an unidentified 1997 "study."  If the "study" is a written document, then these sentences purport to characterize or summarize it and Reckitt asserts that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all

allegations that are contrary to the plain language and meaning of the unidentified report.  If the term "study" does not refer to a written document, then Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations about the study and therefore denies such allegations.

51.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies such allegations.  To the extent that paragraph 51 purports to characterize or summarize one or more unidentified studies by the U.S. Geological Survey, those studies speak for themselves and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified reports.

52.    Reckitt denies the allegations in the first sentence of paragraph 52 of the Complaint as stated.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies such allegations.

53.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies such allegations.

**III.    Sediment in the Bay Area Is Contaminated With Pesticides.**

54.    The allegations in paragraph 54 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is deemed necessary, Reckitt denies the allegations.

55.    The allegations in paragraph 55 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is deemed necessary, Reckitt denies the allegations.

56.    The allegations in the first sentence of paragraph 56 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is deemed necessary, Reckitt denies the allegations.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 56 and therefore denies such allegations.

57.     The first and second sentences of paragraph 57 of the Complaint refer to an unidentified "study" by the U.S. Geological Survey.  If the "study" is a written document, then these sentences purport to characterize or summarize it and Reckitt asserts that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified report.  If the term "study" does not refer to a written document, then Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations about the study and therefore denies such allegations.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 57 and therefore denies such allegations.

## IV.  Aquatic Species May be Adversely Affected From Continued and Ongoing Exposure to Pesticides.

58.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 58 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 58 are too vague and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

59.     The first four sentences of paragraph 59 of the Complaint purport to characterize or summarize a 1999 Pesticide Action Network North America report, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the report.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 59 and therefore denies such allegations.

60.     The allegations in the first sentence of paragraph 60 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is deemed necessary, Reckitt denies the allegations.  The second sentence of paragraph 60 purports to characterize or summarize unidentified "numerous studies," which studies speak for themselves, and no response is required.  To the extent that a response is deemed necessary,

1   Reckitt denies all allegations that are contrary to the plain language and meaning of the

2   unidentified studies. Reckitt is without knowledge or information sufficient to form a belief as to

3   the truth of the allegations in the third and fourth sentences of paragraph 60 and therefore denies

4   such allegations.

5         61.    The first sentence of paragraph 61 of the Complaint purports to quote,

6   characterize, or summarize one or more unidentified studies or reports of the U.S. Fish and

7   Wildlife Service, which studies or reports speak for themselves, and no response is required. To

8   the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to

9   the plain language and meaning of the unidentified studies or reports. The second sentence of

10  paragraph 61 refers to unidentified reports by unidentified researchers, which reports speak for

11  themselves, and no response is required. To the extent that a response is deemed necessary,

12  Reckitt denies all allegations that are contrary to the plain language and meaning of the

13  unidentified reports. The allegations in the third sentence of paragraph 61 are too vague and

14  ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is

15  deemed necessary, Reckitt denies the allegations as stated.

16        62.    Reckitt is without knowledge or information sufficient to form a belief as to

17  the truth of the allegations in paragraph 62 of the Complaint and therefore denies such allegations.

18  **V.    Amphibian Species May be Adversely Affected From Continued and Ongoing**

19  **      Exposure to Pesticides.**

20        63.    The allegations in paragraph 63 of the Complaint are too vague and ambiguous to

21  allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed

22  necessary, Reckitt denies the allegations as stated.

23        64.    The allegations in the first sentence of paragraph 64 of the Complaint too vague

24  and ambiguous to allow Reckitt to admit or deny them, but to the extent that a response is

25  deemed necessary, Reckitt denies the allegations. Reckitt is without knowledge or information

26  sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 64

27  and therefore denies such allegations. The allegations in the third and fourth sentences of

28

1    paragraph 64 are too vague and ambiguous to allow Reckitt to admit or deny those allegations,

2    but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

3         65.    The allegations in paragraph 65 of the Complaint purport to characterize or

4    summarize unidentified "studies," which studies speak for themselves, and no response is

5    required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that

6    are contrary to the plain language and meaning of the unidentified studies.

7         66.    The allegations in paragraph 66 of the Complaint purport to characterize or

8    summarize an unidentified report or study on red-spotted newts and endosulfan, which report or

9    study speaks for itself, and no response is required.  To the extent that a response is deemed

10   necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of

11   the unidentified report or study.

12        67.    The allegations in paragraph 67 of the Complaint purport to characterize or

13   summarize an unidentified U.S. Geological Survey study, which study speaks for itself, and no

14   response is required.  To the extent that a response is deemed necessary, Reckitt denies all

15   allegations that are contrary to the plain language and meaning of the unidentified study.

16        68.    The allegations in paragraph 68 of the Complaint purport to characterize or

17   summarize an unidentified U.S. Geological Survey carbaryl study, which study speaks for itself,

18   and no response is required.  To the extent that a response is deemed necessary, Reckitt denies

19   all allegations that are contrary to the plain language and meaning of the unidentified study.

20        69.    The allegations in paragraph 69 of the Complaint purport to characterize or

21   summarize unidentified atrazine studies, which studies speaks for themselves, and no response is

22   required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that

23   are contrary to the plain language and meaning of the unidentified studies.

24        70.    Reckitt is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in the first sentence of paragraph 70 of the Complaint and therefore

26   denies such allegations.  The remaining sentences in paragraph 70 purport to quote, characterize,

27   or summarize unidentified reports or studies, including one by a Berkeley researcher, which

28   reports or studies speak for themselves, and no response is required.  To the extent that a

---

1   response is deemed necessary, Reckitt denies all allegations that are contrary to the plain

2   language and meaning of the unidentified reports or studies.

3       71.     The allegations in paragraph 71 of the Complaint purport to characterize or

4   summarize an unidentified study on frog reproductive systems, which study speaks for itself, and

5   no response is required.  To the extent that a response is deemed necessary, Reckitt denies all

6   allegations that are contrary to the plain language and meaning of the unidentified study.

7       72.     The allegations in paragraph 72 of the Complaint purport to characterize or

8   summarize an unidentified study on trematode infections and pesticide exposure, which study

9   speaks for itself, and no response is required.  To the extent that a response is deemed necessary,

10  Reckitt denies all allegations that are contrary to the plain language and meaning of the

11  unidentified study.

12      73.     The allegations in paragraph 73 of the Complaint are too vague and ambiguous to

13  allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed

14  necessary, Reckitt denies the allegations as stated.

15      74.     The allegations in paragraph 74 of the Complaint purport to characterize or

16  summarize an unidentified  "2001 Canadian study," which study speaks for itself, and no

17  response is required.  To the extent that a response is deemed necessary, Reckitt denies all

18  allegations that are contrary to the plain language and meaning of the unidentified study.

19      75.     The allegations in paragraph 75 of the Complaint purport to characterize or

20  summarize an unidentified 2000 U.S. Geological Survey study, which study speaks for itself, and

21  no response is required.  To the extent that a response is deemed necessary, Reckitt denies all

22  allegations that are contrary to the plain language and meaning of the unidentified study.

23      76.     The allegations in the first and third sentences of paragraph 76 of the Complaint

24  are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the

25  extent that a response is deemed necessary, Reckitt denies the allegations as stated.  Reckitt is

26  without knowledge or information sufficient to form a belief as to the truth of the allegations in

27  the second sentence of paragraph 76 and therefore denies such allegations.

28

**VI.    Avian Spies May be Adversely Affected From Continued and Ongoing Exposure to Pesticides.**

77.    The allegations in paragraph 77 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

78.    The allegations in paragraph 78 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

**VII.    Insect Species May be Adversely Affected From Continued and Ongoing Exposure to Pesticides.**

79.    The allegations in the first through fifth sentences of paragraph 79 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated. Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of paragraph 79 and therefore denies such allegations.

**VIII.    EPA's Registration of Pesticides May Adversely Affect the Following Bay Area Species.**

SAN FRANCISCO BAY AND DELTA FISH SPECIES

The Tidewater Goby (Eucyclogobius newberryi)

80.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies such allegations.

The Delta Smelt (*Hypomesus transpacificus*)

81.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore denies such allegations.

82.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and therefore denies such allegations.

83.    Paragraph 83 of the Complaint purports to quote, characterize, or summarize unidentified reports, studies, or "research," which reports, studies, and research speak for themselves, and no response is required.  To the extent that a response is deemed necessary,

Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified reports or studies.

84.     The allegations in the first three sentences of paragraph 84 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 84 and therefore denies such allegations.  The sixth sentence of paragraph 84 purports to characterize or summarize an unidentified report by the U.S. Geological Survey, which report speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified report.

85.     The allegations in the last sentence of paragraph 85 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.  The remainder of paragraph 85 purports to characterize or summarize an unidentified study by the U.S. Geological Survey, which study speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified study.

### TIDAL MARSHLAND AND ESTUARINE SPECIES

#### The California Clapper Rail (*Rallus longirostris obsoletus*)

86.     The allegations in the ninth sentence of paragraph 86 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 86 and therefore denies such allegations.

#### The Salt Marsh Harvest Mouse (*Reithrodontomys raviventris*)

87.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and therefore denies such allegations.

88.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and therefore denies such allegations.

89.     Paragraph 89 of the Complaint purports to characterize or summarize a 1993 Biological Opinion on the Effects of 16 Vertebrate Control Agents on Threatened and Endangered Species ("1993 BO"), which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1993 BO.

90.     Paragraph 90 of the Complaint purports to characterize or summarize regulations implementing section 7 of the ESA, which regulations speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the regulations.

91.     Paragraph 91 of the Complaint purports to characterize or summarize a 1996 letter from FWS to EPA, which letter speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the letter.

92.     The allegations in paragraph 92 of the Complaint constitute a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

93.     The first sentence of paragraph 93 of the Complaint purports to characterize or summarize a 1999 FWS memo, which memo speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the memo.  The remaining allegations in paragraph 93 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

## FRESHWATER AND WETLANDS SPECIES

### The California Tiger Salamander (*Ambystoma californiense*)

94.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint and therefore denies such allegations.

95.    The first sentence of paragraph 95 of the Complaint purports to quote, characterize, or summarize a FWS study, report, or other document, which study, report, or other document speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the study, report, or other document.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 and therefore denies such allegations.

96.    The first and fourth sentences of paragraph 96 of the Complaint purport to quote, characterize, or summarize a FWS study, report, or other document, which study, report, or other document speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the study, report, or other document.  The allegations in the second and third sentences of paragraph 96 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

97.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint and therefore denies such allegations.

98.    The first sentence of paragraph 98 of the Complaint purports to characterize or summarize a FWS study, report, or other document, which study, report, or other document speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the study, report, or other document.  The allegations in the second sentence of paragraph 98 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

99.    The first three sentences of paragraph 99 of the Complaint purport to characterize or summarize a South Sacramento Draft Habitat Conservation Plan, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allegations that are contrary to the plain language and meaning of the Conservation Plan.  The allegations in the fourth sentence of paragraph 99 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

100.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 100 of the Complaint and therefore denies such allegations.  The allegations in the fourth sentence of paragraph 100 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>The San Francisco Garter Snake (<em>Thamnophis sirtalis tetrataenia</em>)</u>

101.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint and therefore denies such allegations.

102.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and therefore denies such allegations. To the extent that the second sentence of paragraph 102 purports to characterize or summarize an unidentified FWS report or study, that report or study speaks for itself and no response is required; to the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified report or study.

103.    Paragraph 103 of the Complaint purports to characterize or summarize an unidentified 1999 FWS memo, which memo speaks for itself and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the unidentified memo.

104.    The first and third sentences of paragraph 104 of the Complaint purport to characterize or summarize a 1993 BO, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1993 BO.  Reckitt admits that aluminum phosphide, magnesium phosphide, potassium nitrate, and sodium nitrate are registered rodenticides.  Reckitt

is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 104 and therefore denies such allegations.

105.    The first and second sentences of paragraph 105 of the Complaint purport to characterize or summarize a 1996 FWS letter, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1996 FWS letter.  The allegations in the third sentence of paragraph 105 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>The California Freshwater Shrimp (*Syncaris pacifica)*</u>

106.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint and therefore denies such allegations.

107.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint and therefore denies such allegations.

108.    The first and second sentences of paragraph 108 of the Complaint purport to characterize or summarize a 1989 Biological Opinion on the National Pesticide Consultation ("1989 BO") and a 1999 FWS letter, which speak for themselves, and no response is required. To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1989 BO and the 1999 FWS letter.  The allegations in the third sentence of paragraph 108 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>TERRESTRIAL SPECIES</u>

<u>The San Joaquin Kit Fox (*Vulpes macrotis mutica*)</u>

109.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and therefore denies such allegations.

110.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint and therefore denies such allegations.

111.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and therefore denies such allegations.

112.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 112 of the Complaint and therefore denies such allegations.  Reckitt admits that brodifacoum is an active ingredient in certain rat and mouse baits but denies the remainder of the allegations in the third sentence of paragraph 112.

113.     The allegations in the first sentence of paragraph 113 of the Complaint are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 113 and therefore denies such allegations.

114.     The first and third sentences of paragraph 114 of the Complaint purport to characterize or summarize a 1999 FWS letter, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1999 FWS letter.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 114 and therefore denies such allegations.

115.     The first through fourth sentences of paragraph 115 of the Complaint purport to quote, characterize, or summarize a 1993 BO and a 1996 FWS letter, which speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1993 BO and the 1996 FWS letter.  The allegations in the fifth sentence of paragraph 115 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>The Alameda Whipsnake (*Masticophis lateralis euryxanthus*)</u>

116.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint and therefore denies such allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

117.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and therefore denies such allegations.

118.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 118 of the Complaint and therefore denies such allegations.  The second sentence of paragraph 118 purports to characterize or summarize a 1996 letter from FWS to EPA, which letter speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1996 letter.  The allegations in the fourth sentence of paragraph 118 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>The Valley Elderberry Longhorn Beetle (<em>Desmocerus californicus dimorphus)</em></u>

119.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences of paragraph 119 of the Complaint and therefore denies such allegations.  The fifth sentence of paragraph 119 purports to characterize or summarize Conservation Guidelines released by the FWS in 1999, which Guidelines speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the Conservation Guidelines.

120.    The first through fourth sentences of paragraph 120 of the Complaint purport to characterize or summarize a 1999 FWS memo, which speaks for itself, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1999 FWS memo.  The allegations in the fifth sentence of paragraph 120 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

<u>Bay Checkerspot Butterfly (<em>Euphydryas editha bayensis</em>)</u>

121.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint and therefore denies such allegations.

122.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint and therefore denies such allegations.

123.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint and therefore denies such allegations.

124.    The first through fourth sentences of paragraph 124 of the Complaint purport to characterize or summarize a 1989 BO and a 1999 FWS memo, which speak for themselves, and no response is required.  To the extent that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain language and meaning of the 1989 BO and the 1999 FWS memo.  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 124 and therefore denies such allegations. The allegations in the sixth and seventh sentences of paragraph 124 are too vague and ambiguous to allow Reckitt to admit or deny those allegations, but to the extent that a response is deemed necessary, Reckitt denies the allegations as stated.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation Of The Endangered Species Act, 16 U.S.C. § 1536(a)(2)
(The EPA's Failure To Consult On Pesticide Registrations That May
Affect Endangered and Threatened Species in the Bay Area)**

125.    Reckitt's responses to all preceding paragraphs are incorporated by reference as if fully stated herein.

126.    Paragraph 126 of the Complaint consists of conclusions of law, to which no response is needed.  Furthermore, paragraph 126 purports to characterize or summarize portions of the ESA and FIFRA, which speak for themselves, and no response is required.  To the extent

Answer of Reckitt Benckiser Inc.                23

1    that a response is deemed necessary, Reckitt denies all allegations that are contrary to the plain

2    language and meaning of the ESA and FIFRA.

3        127.    Reckitt is without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in paragraph 127 of the Complaint and therefore denies such allegations.

5        128.    Reckitt is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in paragraph 128 of the Complaint and therefore denies such allegations.

7        129.    The first sentence of paragraph 129 of the Complaint characterizes the status of

8    EPA's risk management decisions and therefore no response is required, but to the extent that a

9    response is deemed necessary, Reckitt denies the allegations as stated.  Reckitt denies as stated

10   the allegations set out in the second sentence of this paragraph.

11       130.    Reckitt is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in paragraph 130 of the Complaint and therefore denies such allegations.

13       131.    Paragraph 131 of the Complaint contains conclusions of law, to which no

14   response is required.  To the extent that a response is deemed necessary, Reckitt denies the

15   allegations in paragraph 131.

16                    The Tidewater Goby (*Eucyclogobius newberryi)*

17

18       132.    Reckitt is without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in the first sentence of paragraph 132 of the Complaint and therefore

20   denies such allegations.  The allegations in the second sentence of paragraph 132 are conclusions

21   of law to which no response is required.  To the extent that a response is deemed necessary,

22   Reckitt denies the allegations in the second sentence of paragraph 132.

23                    The Delta Smelt (*Hypomesus transpacificus*)

24       133.    Reckitt is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in the first sentence of paragraph 133 of the Complaint and therefore

26   denies such allegations.  The allegations in the second sentence of paragraph 133 are conclusions

27   of law to which no response is required.  To the extent that a response is deemed necessary,

28   Reckitt denies the allegations in the second sentence of paragraph 133.

134.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 134 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 134 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 134.

135.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 135 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 135 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 135.

136.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 136 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 136 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 136.

137.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 137 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 137 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 137.

138.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 138 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 138 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 138.

139.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 139 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 139 are conclusions

1   of law to which no response is required.  To the extent that a response is deemed necessary,

2   Reckitt denies the allegations in the second sentence of paragraph 139.

3        140.    Reckitt is without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in the first sentence of paragraph 140 of the Complaint and therefore

5   denies such allegations.  The allegations in the second sentence of paragraph 140 are conclusions

6   of law to which no response is required.  To the extent that a response is deemed necessary,

7   Reckitt denies the allegations in the second sentence of paragraph 140.

8        141.    Reckitt is without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in the first sentence of paragraph 141 of the Complaint and therefore

10   denies such allegations.  The allegations in the second sentence of paragraph 141 are conclusions

11   of law to which no response is required.  To the extent that a response is deemed necessary,

12   Reckitt denies the allegations in the second sentence of paragraph 141.

13        142.    Reckitt is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in the first sentence of paragraph 142 of the Complaint and therefore

15   denies such allegations.  The allegations in the second sentence of paragraph 142 are conclusions

16   of law to which no response is required.  To the extent that a response is deemed necessary,

17   Reckitt denies the allegations in the second sentence of paragraph 142.

18        143.    Reckitt is without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in the first sentence of paragraph 143 of the Complaint and therefore

20   denies such allegations.  The allegations in the second sentence of paragraph 143 are conclusions

21   of law to which no response is required.  To the extent that a response is deemed necessary,

22   Reckitt denies the allegations in the second sentence of paragraph 143.

23        144.    Reckitt is without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in the first sentence of paragraph 144 of the Complaint and therefore

25   denies such allegations.  The allegations in the second sentence of paragraph 144 are conclusions

26   of law to which no response is required.  To the extent that a response is deemed necessary,

27   Reckitt denies the allegations in the second sentence of paragraph 144.

28

145.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 145 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 145 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 145.

146.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 146 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 146 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 146.

147.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 147 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 147 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 147.

<u>The California Clapper Rail (<i>Rallus longirostris obsoletus</i>)</u>

148.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 148 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 148 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 148.

149.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 149 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 149 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 149.

150.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 150 of the Complaint and therefore

denies such allegations.  The allegations in the second sentence of paragraph 150 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 150.

151.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 151 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 151 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 151.

152.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 152 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 152 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 152.

<u>The Salt Marsh Harvest Mouse</u> *(Reithrodontomys raviventris)*

153.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 153 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 153 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 153.

154.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 154 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 154 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 154.

155.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 155 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 155 are conclusions

1   of law to which no response is required.  To the extent that a response is deemed necessary,

2   Reckitt denies the allegations in the second sentence of paragraph 155.

3         156.    Reckitt is without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in the first sentence of paragraph 156 of the Complaint and therefore

5   denies such allegations.  The allegations in the second sentence of paragraph 156 are conclusions

6   of law to which no response is required.  To the extent that a response is deemed necessary,

7   Reckitt denies the allegations in the second sentence of paragraph 156.

8         157.    Reckitt admits the allegations set out in the first sentence of paragraph 157.

9   Reckitt is without knowledge or information sufficient to form a belief as to the truth of the

10  allegations in the second sentence of paragraph 157 of the Complaint and therefore denies such

11  allegations.

12        158.    Reckitt is without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in the first sentence of paragraph 158 of the Complaint and therefore

14  denies such allegations.  The allegations in the second sentence of paragraph 158 are conclusions

15  of law to which no response is required.  To the extent that a response is deemed necessary,

16  Reckitt denies the allegations in the second sentence of paragraph 158.

17        159.    Reckitt is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in the first sentence of paragraph 159 of the Complaint and therefore

19  denies such allegations.  The allegations in the second sentence of paragraph 159 are conclusions

20  of law to which no response is required.  To the extent that a response is deemed necessary,

21  Reckitt denies the allegations in the second sentence of paragraph 159.

22        160.    Reckitt is without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in the first sentence of paragraph 160 of the Complaint and therefore

24  denies such allegations.  The allegations in the second sentence of paragraph 160 are conclusions

25  of law to which no response is required.  To the extent that a response is deemed necessary,

26  Reckitt denies the allegations in the second sentence of paragraph 160.

27        161.    Reckitt is without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in the first sentence of paragraph 161 of the Complaint and therefore

1   denies such allegations.  The allegations in the second sentence of paragraph 161 are conclusions

2   of law to which no response is required.  To the extent that a response is deemed necessary,

3   Reckitt denies the allegations in the second sentence of paragraph 161.

4          162.    Reckitt is without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in the first sentence of paragraph 162 of the Complaint and therefore

6   denies such allegations.  The allegations in the second sentence of paragraph 162 are conclusions

7   of law to which no response is required.  To the extent that a response is deemed necessary,

8   Reckitt denies the allegations in the second sentence of paragraph 162.

9          163.    Reckitt admits the allegations set out in the first sentence of paragraph 163.

10  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations in the second sentence of paragraph 163 of the Complaint and therefore denies such

12  allegations.

13         164.    Reckitt is without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in the first sentence of paragraph 164 of the Complaint and therefore

15  denies such allegations.  The allegations in the second sentence of paragraph 164 are conclusions

16  of law to which no response is required.  To the extent that a response is deemed necessary,

17  Reckitt denies the allegations in the second sentence of paragraph 164.

18                   The California Tiger Salamander *(Ambystoma californiense)*

19         165.    Reckitt is without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in the first and second sentences of paragraph 165 of the Complaint and

21  therefore denies such allegations.  The allegations in the third sentence of paragraph 165 are

22  conclusions of law to which no response is required.  To the extent that a response is deemed

23  necessary, Reckitt denies the allegations in the third sentence of paragraph 165.

24         166.    Reckitt is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in the first sentence of paragraph 166 of the Complaint and therefore

26  denies such allegations.  The allegations in the second sentence of paragraph 166 are conclusions

27  of law to which no response is required.  To the extent that a response is deemed necessary,

28  Reckitt denies the allegations in the second sentence of paragraph 166.

167.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 167 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 167 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 167.

168.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 168 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 168 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 168.

169.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 169 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 169 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 169.

170.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 170 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 170 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 170.

171.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 171 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 171 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 171.

172.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 172 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 172 are conclusions

of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 172.

173.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 173 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 173 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 173.

174.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 174 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 174 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 174.

175.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 175 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 175 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 175.

176.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 176 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 176 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 176.

177.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 177 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 177 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 177.

1

178.    Reckitt is without knowledge or information sufficient to form a belief as to the

2

truth of the allegations in the first sentence of paragraph 178 of the Complaint and therefore

3

denies such allegations.  The allegations in the second sentence of paragraph 178 are conclusions

4

of law to which no response is required.  To the extent that a response is deemed necessary,

5

Reckitt denies the allegations in the second sentence of paragraph 178.

6

179.    Reckitt is without knowledge or information sufficient to form a belief as to the

7

truth of the allegations in the first sentence of paragraph 179 of the Complaint and therefore

8

denies such allegations.  The allegations in the second sentence of paragraph 179 are conclusions

9

of law to which no response is required.  To the extent that a response is deemed necessary,

10

Reckitt denies the allegations in the second sentence of paragraph 179.

11

180.    Reckitt is without knowledge or information sufficient to form a belief as to the

12

truth of the allegations in the first sentence of paragraph 180 of the Complaint and therefore

13

denies such allegations.  The allegations in the second sentence of paragraph 180 are conclusions

14

of law to which no response is required.  To the extent that a response is deemed necessary,

15

Reckitt denies the allegations in the second sentence of paragraph 180.

16

181.    Reckitt is without knowledge or information sufficient to form a belief as to the

17

truth of the allegations in the first sentence of paragraph 181 of the Complaint and therefore

18

denies such allegations.  The allegations in the second sentence of paragraph 181 are conclusions

19

of law to which no response is required.  To the extent that a response is deemed necessary,

20

Reckitt denies the allegations in the second sentence of paragraph 181.

21

182.    Reckitt is without knowledge or information sufficient to form a belief as to the

22

truth of the allegations in the first sentence of paragraph 182 of the Complaint and therefore

23

denies such allegations.  The allegations in the second sentence of paragraph 182 are conclusions

24

of law to which no response is required.  To the extent that a response is deemed necessary,

25

Reckitt denies the allegations in the second sentence of paragraph 182.

26

The San Francisco Garter Snake (*Thamnophis sirtalis tetrataenia*)

27

183.    Reckitt is without knowledge or information sufficient to form a belief as to the

28

truth of the allegations in the first sentence of paragraph 183 of the Complaint and therefore

1   denies such allegations.  The allegations in the second sentence of paragraph 183 are conclusions
2   of law to which no response is required.  To the extent that a response is deemed necessary,
3   Reckitt denies the allegations in the second sentence of paragraph 183.

4       184.    Reckitt is without knowledge or information sufficient to form a belief as to the
5   truth of the allegations in the first sentence of paragraph 184 of the Complaint and therefore
6   denies such allegations.  The allegations in the second sentence of paragraph 184 are conclusions
7   of law to which no response is required.  To the extent that a response is deemed necessary,
8   Reckitt denies the allegations in the second sentence of paragraph 184.

9       185.    Reckitt is without knowledge or information sufficient to form a belief as to the
10  truth of the allegations in the first sentence of paragraph 185 of the Complaint and therefore
11  denies such allegations.  The allegations in the second sentence of paragraph 185 are conclusions
12  of law to which no response is required.  To the extent that a response is deemed necessary,
13  Reckitt denies the allegations in the second sentence of paragraph 185.

14      186.    Reckitt is without knowledge or information sufficient to form a belief as to the
15  truth of the allegations in the first sentence of paragraph 186 of the Complaint and therefore
16  denies such allegations.  The allegations in the second sentence of paragraph 186 are conclusions
17  of law to which no response is required.  To the extent that a response is deemed necessary,
18  Reckitt denies the allegations in the second sentence of paragraph 186.

19      187.    Reckitt is without knowledge or information sufficient to form a belief as to the
20  truth of the allegations in the first sentence of paragraph 187 of the Complaint and therefore
21  denies such allegations.  The allegations in the second sentence of paragraph 187 are conclusions
22  of law to which no response is required.  To the extent that a response is deemed necessary,
23  Reckitt denies the allegations in the second sentence of paragraph 187.

24      188.    Reckitt is without knowledge or information sufficient to form a belief as to the
25  truth of the allegations in the first sentence of paragraph 188 of the Complaint and therefore
26  denies such allegations.  The allegations in the second sentence of paragraph 188 are conclusions
27  of law to which no response is required.  To the extent that a response is deemed necessary,
28  Reckitt denies the allegations in the second sentence of paragraph 188.

189.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 189 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 189 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 189.

190.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 190 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 190 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 190.

191.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 191 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 191 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 191.

192.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 192 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 192 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 192.

193.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 193 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 193 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 193.

### The California Freshwater Shrimp (*Syncaris pacifica*)

194.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 194 of the Complaint and therefore

denies such allegations.  The allegations in the second sentence of paragraph 194 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 194.

195.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 195 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 195 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 195.

The San Joaquin Kit Fox (<em>Vulpes macrotis mutica</em>)

196.    Reckitt admits the allegations set out in the first sentence of paragraph 196. Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 196 of the Complaint and therefore denies such allegations.

197.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 197 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 197 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 197.

198.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 198 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 198 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 198.

199.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 199 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 199 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 199.

1    200.    Reckitt is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in the first sentence of paragraph 200 of the Complaint and therefore

3    denies such allegations.  The allegations in the second sentence of paragraph 200 are conclusions

4    of law to which no response is required.  To the extent that a response is deemed necessary,

5    Reckitt denies the allegations in the second sentence of paragraph 200.

6    201.    Reckitt is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in the first sentence of paragraph 201 of the Complaint and therefore

8    denies such allegations.  The allegations in the second sentence of paragraph 201 are conclusions

9    of law to which no response is required.  To the extent that a response is deemed necessary,

10   Reckitt denies the allegations in the second sentence of paragraph 201.

11   202.    Reckitt is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in the first sentence of paragraph 202 of the Complaint and therefore

13   denies such allegations.  The allegations in the second sentence of paragraph 202 are conclusions

14   of law to which no response is required.  To the extent that a response is deemed necessary,

15   Reckitt denies the allegations in the second sentence of paragraph 202.

16   203.    Reckitt is without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in the first sentence of paragraph 203 of the Complaint and therefore

18   denies such allegations.  The allegations in the second sentence of paragraph 203 are conclusions

19   of law to which no response is required.  To the extent that a response is deemed necessary,

20   Reckitt denies the allegations in the second sentence of paragraph 203.

21   204.    Reckitt is without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in the first sentence of paragraph 204 of the Complaint and therefore

23   denies such allegations.  The allegations in the second sentence of paragraph 204 are conclusions

24   of law to which no response is required.  To the extent that a response is deemed necessary,

25   Reckitt denies the allegations in the second sentence of paragraph 204.

26   205.    Reckitt is without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in the first sentence of paragraph 205 of the Complaint and therefore

28   denies such allegations.  The allegations in the second sentence of paragraph 205 are conclusions

of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 205.

206.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 206 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 206 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 206.

207.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 207 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 207 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 207.

208.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 208 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 208 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 208.

209.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 209 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 209 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 209.

210.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 210 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 210 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 210.

211.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 211 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 211 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 211.

212.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 212 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 212 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 212.

213.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 213 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 213 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 213.

<u>The Alameda Whipsnake</u> *(Masticophis lateralis euryxanthus)*

214.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 214 of the Complaint and therefore denies such allegations.  The allegations in the third sentence of paragraph 214 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 214.

215.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 215 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 215 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 215.

216.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 216 of the Complaint and therefore

1     denies such allegations.  The allegations in the second sentence of paragraph 216 are conclusions

2     of law to which no response is required.  To the extent that a response is deemed necessary,

3     Reckitt denies the allegations in the second sentence of paragraph 216.

4          217.     Reckitt is without knowledge or information sufficient to form a belief as to the

5     truth of the allegations in the first sentence of paragraph 217 of the Complaint and therefore

6     denies such allegations.  The allegations in the second sentence of paragraph 217 are conclusions

7     of law to which no response is required.  To the extent that a response is deemed necessary,

8     Reckitt denies the allegations in the second sentence of paragraph 217.

9          218.     Reckitt is without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in the first sentence of paragraph 218 of the Complaint and therefore

11    denies such allegations.  The allegations in the second sentence of paragraph 218 are conclusions

12    of law to which no response is required.  To the extent that a response is deemed necessary,

13    Reckitt denies the allegations in the second sentence of paragraph 218.

14         219.     Reckitt is without knowledge or information sufficient to form a belief as to the

15    truth of the allegations in the first sentence of paragraph 219 of the Complaint and therefore

16    denies such allegations.  The allegations in the second sentence of paragraph 219 are conclusions

17    of law to which no response is required.  To the extent that a response is deemed necessary,

18    Reckitt denies the allegations in the second sentence of paragraph 219.

19         220.     Reckitt is without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in the first sentence of paragraph 220 of the Complaint and therefore

21    denies such allegations.  The allegations in the second sentence of paragraph 220 are conclusions

22    of law to which no response is required.  To the extent that a response is deemed necessary,

23    Reckitt denies the allegations in the second sentence of paragraph 220.

24         221.     Reckitt admits the allegations set out in the first sentence of paragraph 221.

25    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the

26    allegations in the second sentence of paragraph 221 of the Complaint and therefore denies such

27    allegations.

28

1    222.    Reckitt is without knowledge or information sufficient to form a belief as to the

2   truth of the allegations in the first sentence of paragraph 222 of the Complaint and therefore

3   denies such allegations.  The allegations in the second sentence of paragraph 222 are conclusions

4   of law to which no response is required.  To the extent that a response is deemed necessary,

5   Reckitt denies the allegations in the second sentence of paragraph 222.

6    223.    Reckitt is without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in the first sentence of paragraph 223 of the Complaint and therefore

8   denies such allegations.  The allegations in the second sentence of paragraph 223 are conclusions

9   of law to which no response is required.  To the extent that a response is deemed necessary,

10  Reckitt denies the allegations in the second sentence of paragraph 223.

11   224.    Reckitt admits the allegations set out in the first sentence of paragraph 224.

12  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations in the second sentence of paragraph 224 of the Complaint and therefore denies such

14  allegations.

15   225.    Reckitt is without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in the first sentence of paragraph 225 of the Complaint and therefore

17  denies such allegations.  The allegations in the second sentence of paragraph 225 are conclusions

18  of law to which no response is required.  To the extent that a response is deemed necessary,

19  Reckitt denies the allegations in the second sentence of paragraph 225.

20   226.    Reckitt admits the allegations set out in the first sentence of paragraph 226.

21  Reckitt is without knowledge or information sufficient to form a belief as to the truth of the

22  allegations in the second sentence of paragraph 226 of the Complaint and therefore denies such

23  allegations.

24   227.    Reckitt is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in the first sentence of paragraph 227 of the Complaint and therefore

26  denies such allegations.  The allegations in the second sentence of paragraph 227 are conclusions

27  of law to which no response is required.  To the extent that a response is deemed necessary,

28  Reckitt denies the allegations in the second sentence of paragraph 227.

228.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 228 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 228 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 228.

<u>The Valley Elderberry Longhorn Beetle (*Desmocerus californicus dimorphus*)</u>

229.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 229 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 229 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 229.

230.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 230 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 230 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 230.

231.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 231 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 231 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 231.

232.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 232 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 232 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 232.

1    233.    Reckitt is without knowledge or information sufficient to form a belief as to the

2 truth of the allegations in the first sentence of paragraph 233 of the Complaint and therefore

3 denies such allegations.  The allegations in the second sentence of paragraph 233 are conclusions

4 of law to which no response is required.  To the extent that a response is deemed necessary,

5 Reckitt denies the allegations in the second sentence of paragraph 233.

6    234.    Reckitt is without knowledge or information sufficient to form a belief as to the

7 truth of the allegations in the first sentence of paragraph 234 of the Complaint and therefore

8 denies such allegations.  The allegations in the second sentence of paragraph 234 are conclusions

9 of law to which no response is required.  To the extent that a response is deemed necessary,

10 Reckitt denies the allegations in the second sentence of paragraph 234.

11    235.    Reckitt is without knowledge or information sufficient to form a belief as to the

12 truth of the allegations in the first sentence of paragraph 235 of the Complaint and therefore

13 denies such allegations.  The allegations in the second sentence of paragraph 235 are conclusions

14 of law to which no response is required.  To the extent that a response is deemed necessary,

15 Reckitt denies the allegations in the second sentence of paragraph 235.

16    236.    Reckitt is without knowledge or information sufficient to form a belief as to the

17 truth of the allegations in the first sentence of paragraph 236 of the Complaint and therefore

18 denies such allegations.  The allegations in the second sentence of paragraph 236 are conclusions

19 of law to which no response is required.  To the extent that a response is deemed necessary,

20 Reckitt denies the allegations in the second sentence of paragraph 236.

21    237.    Reckitt is without knowledge or information sufficient to form a belief as to the

22 truth of the allegations in the first sentence of paragraph 237 of the Complaint and therefore

23 denies such allegations.  The allegations in the second sentence of paragraph 237 are conclusions

24 of law to which no response is required.  To the extent that a response is deemed necessary,

25 Reckitt denies the allegations in the second sentence of paragraph 237.

26    Bay Checkerspot Butterfly (*Euphydryas editha bayensis*)

27    238.    Reckitt is without knowledge or information sufficient to form a belief as to the

28 truth of the allegations in the first and second sentences of paragraph 238 of the Complaint and

therefore denies such allegations.  The allegations in the third sentence of paragraph 238 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the third sentence of paragraph 238.

239.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 239 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 239 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 239.

240.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 240 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 240 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 240.

241.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 241 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 241 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 241.

242.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 242 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 242 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 242.

243.    Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 243 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 243 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 243.

244.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 244 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 244 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 244.

245.     Reckitt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 245 of the Complaint and therefore denies such allegations.  The allegations in the second sentence of paragraph 245 are conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Reckitt denies the allegations in the second sentence of paragraph 245.

## VII.  PRAYER FOR RELIEF

*WHEREFORE, Plaintiffs respectfully request that the Court enter judgment providing the following relief:*

*1.     Declare that EPA is violating ESA § 7(a)(2) by failing to consult with FWS concerning effects of EPA pesticide registrations on the eleven identified endangered and threatened species in the Bay Area;*

*2.     Order EPA to begin consultation pursuant to ESA § 7(a)(2) on the effects of pesticide registrations on the eleven identified endangered and threatened species within 30 days of the signing of order;*

*3.     Enjoin EPA from authorizing uses of the identified pesticides in the San Francisco Bay watershed until the consultation process has been completed and EPA has brought its pesticide registrations into compliance with the ESA § 7(a)(2);*

*4.     Award Plaintiff's costs, including reasonable attorneys' fees and expert witness fees;*

*and*

*5.     Grant plaintiffs such additional and further relief as the Court may deem just and appropriate.*

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is deemed necessary, Reckitt denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

## SEPARATE AND ADDITIONAL DEFENSES

In addition to the foregoing denials, Reckitt alleges and asserts the following defenses. By pleading these defenses, Reckitt does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims raised in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the claims in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are not ripe for adjudication.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they have become moot.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it has not exhausted administrative remedies.

## RESERVATION OF SEPARATE AND ADDITIONAL DEFENSES

Reckitt presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses to the Complaint.  Reckitt reserves the right to assert additional defenses as it becomes aware that such defenses may be available.

WHEREFORE, having fully answered, Reckitt prays that judgment be entered for Reckitt and the other Defendants and against Plaintiff, that Plaintiff be denied any and all relief, that this action be dismissed with prejudice, that Reckitt be granted attorney fees and costs, and that the Court grant Reckitt and the other Defendants such other and further relief as may be just and appropriate.

Dated:  April 2, 2008                    ARNOLD & PORTER LLP


By:___/s/  Thomas W. Stoever, Jr._____
    Thomas W. Stoever, Jr.
    (Cal. Bar No. 150056)
    ARNOLD & PORTER LLP
    370 Seventeenth Street
    Suite 4500
    Denver, Colorado  80202-1370
    Telephone:  (303) 863-1000
    Facsimile:   (303) 832-0428

    Attorney for Intervenor-Defendant
    Reckitt Benckiser, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notification of such to counsel of record.

<u>    /s/  Thomas W. Stoever, Jr.    </u>