UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>        Plaintiff(s),<br><br>    v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>        Defendant(s).<br>_____/ | Case No. C07-02794 JCS<br><br>**ORDER APPROVING STIPULATED INJUNCTION AND ORDER** [Doc. #104] |

Plaintiff Center for Biological Diversity ("Plaintiff") and Defendant Environmental Protection Agency ("EPA") filed a Joint Motion for Entry of Stipulated Injunction (the "Motion"). Intervenors Reckitt Benckiser, Inc., CropLife America and RISE (the "Intervenors") opposed the Motion. A hearing was held on March 26, 2010. All parties appeared through counsel. Plaintiff and the EPA filed additional evidence and briefing on April 23, 2010 and Intervenors filed additional briefs on May 7, 2010. For the reasons stated at the hearing, and for the reasons stated below, the Motion is GRANTED.

The Court has carefully reviewed the record in this case and finds that, with the modification set forth below, the proposed stipulated injunction is fair, reasonable and equitable and does not violate the law or public policy. *See, Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir 1990); *see also, Washington Toxics Coalition v. EPA*, 413 F. 3d 1024, 1035 ("We have held that the appropriate remedy for violations of the ESA consultation requirements is an injunction pending compliance with the ESA"). The EPA violated its regulations by failing to making an effects determination. As a result, the EPA did not comply with §702(a)(2) of the Endangered Species Act ("ESA"). The remedy for this non-technical violation is an injunction. The

proposed injunction is narrowly tailored to buffer areas directly tied to habitat where listed species may be present. There has been no showing by defendants that the enjoined actions are non-jeopardizing.  The Court notes that the parties have begun the review contemplated by the Stipulated Injunction and the EPA has concluded that, for the pesticides reviewed thus far, consultation with the United States Fish and Wildlife Service is required under the EPA.

The Court also rejects, for the reasons stated at the hearing, the challenges made to the Stipulation Injunction by the Intervenors, with one exception.  The Injunction does not violate the Due Process Clause, and is not inconsistent with FIFRA.  However, at the hearing, the parties disputed whether the Stipulated Injunction as written purported to modify Intervenors' existing pesticide registrations.  To clarify this matter, the Court orders as follow:

The proposed Stipulated Injunction [Doc. #104-1] is adopted as an Order of this Court with the following additional language: Nothing in this Stipulated Injunction shall be construed to modify any existing pesticide registrations.

IT IS SO ORDERED.

Dated: May 17, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge

2