IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Center for Biological Diversity,**<br>Plaintiff,<br>v.<br>**United States Environmental Protection Agency et al.,**<br>Defendants,<br>and,<br>**CropLife America, RISE, and Reckitt Benckiser, Inc.,**<br>Intervenor-Defendants. | Case No. 07-2794<br><br>**Stipulation Amending Original Stipulated Settlement and [Proposed] Order** |

Plaintiff Center for Biological Diversity (the "Center"), Defendants the United States Environmental Protection Agency ("EPA"), and Gina McCarthy, in her official capacity as Administrator of EPA (collectively, the "Parties"), by and through the undersigned counsel, state as follows:

**Whereas,** the Parties entered into a stipulated settlement that resolved the remaining disputed issues in this case, and the Court entered the terms of that settlement as an order and dismissed this case without prejudice (while retaining continuing jurisdiction to enforce its order), Docket No. 121 (May 17, 2010) ("Original Stipulated Settlement");

**Whereas,** Section 2 of the Original Stipulated Settlement requires

EPA to complete effects determinations and, as appropriate, initiate consultation with the U.S. Fish and Wildlife Service ("FWS") under the Endangered Species Act ("ESA") on the potential effects of 75 pesticides to certain species in the San Francisco Bay area over a four and one-half year period (that has since been extended);

**Whereas**, through June 30, 2013, EPA issued effects determinations and initiated consultation, where appropriate, for 59 of the 75 pesticides;

**Whereas,** EPA, the United States Department of the Interior, the United States Department of Commerce, and the United States Department of Agriculture ("USDA") had previously asked the National Academy of Sciences ("NAS") to evaluate the differing risk assessment approaches used by these agencies to identify the potential effects of pesticides on threatened and endangered species;

**Whereas,** the NAS responded to that request on April 30, 2013 by issuing a report entitled "Assessing Risks to Endangered and Threatened Species from Pesticides" (the "NAS report");

**Whereas,** the NAS report suggests, *inter alia*, that EPA, FWS, and the National Marine Fisheries Service ("NMFS") take a common approach to assessing the potential effects of pesticides on threatened and endangered species to facilitate coordination among federal agencies;

**Whereas,** EPA, FWS, NMFS, and the USDA are now working in close cooperation to evaluate and implement the recommendations made by the NAS report, including through the application of the November 2013 Interim Approaches for National Level Pesticide Endangered Species Act Assessments Based on the Recommendations of the National Academy of Sciences April 2013 Report ("Interim Approaches") on an interim basis for ESA analyses of a specific subset of five pesticides (chlorpyrifos, diazinon,

malathion, carbaryl, and methomyl);

**Whereas,** based on the findings in the NAS report and the work done so far by the agencies to implement the recommendations in that report, the Parties now agree that it would be more efficient for EPA to assess and initiate any required consultations with FWS or the National Marine Fisheries Service (NMFS), as appropriate, on the potential effects that pesticides have on threatened and endangered species nationwide, instead of limiting effects determinations and consultations only to potential effects on San Francisco Bay area species;

**Whereas,** the agencies intend to proceed with nationwide ESA evaluations in a phased, iterative process, taking into account input received and lessons learned from the initial efforts to work with the Interim Approaches, and maintaining flexibility to pursue processes or methodologies not part of the Interim Approaches;

**Whereas,** EPA is working to complete a nationwide evaluation of the effects of four pesticides–atrazine, simazine, propazine and glyphosate–on threatened and endangered species in connection with registration review under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA")

**Whereas,** EPA expects to complete effects determinations and initiate any necessary nationwide ESA consultations for these four pesticides by June 30, 2020;

**Whereas,** the Parties agree that it would be more efficient to complete nationwide effects determinations and consultations on the four pesticides instead of completing effects and consultations on the remaining 16 pesticides that are limited to the San Francisco Bay Area species;

**Whereas,** the Parties have now devised this stipulation to amend the Original Stipulated Settlement so that EPA can complete nationwide effects

3

determinations and initiate any necessary consultations on the four pesticides, as described above, but this stipulation will still require EPA to complete the remaining 16 effects determinations on the San Francisco Bay Area species if it is not able to complete nationwide consultations on the four pesticides (although the schedule for such San Francisco Bay Area effects determinations would be extended);

**Whereas,** the Parties reserved the right to ask this Court to modify the Original Stipulated Settlement "because of EPA's and the FWS's ongoing actions to comply with the ESA, to meet the requirements of other federal agencies or departments, or to deal with circumstances not presently anticipated", Original Stipulated Settlement § 14; and,

**Whereas**, Intervenor-Defendants CropLife America, Responsible Industry for a Sound Environment (RISE) take no position on and Intervenor-Defendant Reckitt Benckiser, Inc., does not object to the relief sought by this stipulation;

**Now, therefore, the Parties stipulate to amend the Original Stipulated Settlement as follows:**

     1.    The schedule for the remaining 16 effects determinations set out in section 2 of the Original Stipulated Settlement is hereby suspended to allow EPA to conduct nationwide effects determination and initiate any necessary consultations on atrazine, simazine, propazine and glyphosate.

     2.    No provision of this Stipulation requires (or shall be construed to require) EPA to complete nationwide effects determinations and initiate any necessary consultations on atrazine, simazine, propazine and glyphosate, and no provision of this Stipulation requires (or shall be construed to require) EPA to complete any such nationwide effects determinations or initiate consultation on the schedule set out above in the "whereas" clauses.

3.      While it is not obligated to do so, if EPA completes nationwide effects determinations and initiates any necessary consultations on the effects of atrazine, simazine, propazine and glyphosate on the schedule set out above in the "whereas" clauses, then EPA shall be deemed to have discharged its obligation to complete the required remaining 16 effects determinations and initiate any necessary consultation on San Francisco Bay Area species under the terms of the Original Stipulated Settlement, and the completion of consultation pursuant to Service regulations (including any EPA no effect determinations, where applicable) for atrazine, simazine, propazine and glyphosate shall terminate injunctive relief for the remaining 16 pesticides under the terms of the Original Stipulated Settlement.

4.      Alternatively, if:

(a)  EPA does not complete nationwide effects determinations and initiate any necessary consultations on atrazine, simazine, propazine and glyphosate on the schedule set out above in the "whereas" clauses;

(b)  EPA concludes (based on further review of these issues) that nationwide effects determinations and consultations are no longer appropriate; or,

(c)  EPA does not complete the interim benchmarks on the estimated schedule described below in Paragraph 5,

then:

(1) at the request of either the Center or the Federal Defendants, the Parties shall meet and confer at the earliest available opportunity to discuss whether it is appropriate for EPA to complete the effects determinations and initiate any appropriate consultation on the potential effects to the San Francisco Bay Area species as described

5

in Section 2 of the Original Stipulated Settlement and, if so, to discuss an appropriate revised schedule for those consultations based on the schedule set out in Section 2 of the Original Stipulated Settlement; and,

(2) if the Parties are unable to reach agreement on that revised schedule within thirty (30) days of any such meeting and conference, either party may petition the Court to resolve the dispute and set a schedule for the remaining effects determinations on the potential effects of the remaining pesticides on the San Francisco Bay Area species as described in Section 2 of the Original Stipulated Settlement.

5.  Within 30 days of the Court's approval of this Stipulation, EPA shall provide the Center and Intervenor-Defendants with an estimated schedule for completing interim benchmarks as part of completing the nationwide effects determinations described above in the "whereas" clauses for atrazine, simazine, propazine and glyphosate. That schedule will include estimated dates for draft effects determinations and comment periods (if applicable) for each of these pesticides. The parties recognize that this schedule will be a good faith estimate as of the date that it is provided, but that the schedule may be subject to change (based on factors including, but not limited to, variations in the estimated dates for data submission and unanticipated legal obligations), and that, as stated above in Paragraph 2, this schedule will not be binding or enforceable by the Court.

6.  Starting from the date of the Court's approval of this Stipulation, EPA shall provide the Center and Intervenor-Defendants with an update by conference call every four months describing the status of EPA's and the Services' efforts to address the NAS report, which may include processes and methodologies other than those specified in the Interim

Approaches, and of the effects determinations on atrazine, simazine, propazine and glyphosate. At the Federal Government's discretion, these calls may be combined with the conference calls required by Paragraph 6 of the July 28, 2014 Stipulation Amending Original Settlement and Order in *Center for Biological Diversity v. U.S. Fish and Wildlife Service, et al.*, No. 3:11-cv-5108 (JSW).

7. Within 30 days of the Court's approval of this Stipulation, EPA shall include the full text of this Stipulation in a clearly marked section of its Office of Pesticide Programs website. EPA shall also ensure that publicly-available documents associated with the nationwide consultation processes for atrazine, simazine, propazine and glyphosate, as well as the pesticides that are subject to this case, including preliminary risk assessments, biological evaluations, draft biological opinions, and proposed decisions that are subject to public comment, are posted on an easily accessible government website within 14 days of the date they become publicly available.

8. Provisions of the Original Stipulated Settlement that are not directly amended by this Stipulation shall remain in effect.

9. This Stipulation has no precedential value and shall not be used as evidence in litigation or in any other context.

**PURSUANT TO THIS STIPULATION, IT IS ORDERED** that the Original Stipulated Settlement executed by the Parties is hereby incorporated into this Order; and

**IT IS FURTHER ORDERED** that this Court shall have continuing jurisdiction to enforce this Order and the terms of the Original Stipulated Settlement herein consistent with the terms of that agreement.

Dated: July 21, 2015

        Respectfully submitted,

        JOHN C. CRUDEN
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division
        SETH M. BARSKY, Section Chief
        S. JAY GOVINDAN, Assistant Section Chief

        */s/ J. Brett Grosko*
        _____
        J. BRETT GROSKO, Trial Attorney
        Wildlife & Marine Resources Section
        P.O. Box 7611, Washington D.C. 20044

        COUNSEL FOR DEFENDANTS


        */s/ Collette Adkins Giese* (with permission)
        COLLETTE ADKINS GIESE (MN Bar # 035059X)
        JUSTIN AUGUSTINE (CA Bar # 235561)
        CENTER FOR BIOLOGICAL DIVERSITY
        351 California Street, Suite 600
        San Francisco, CA 94104
        Telephone: (415) 436-9682
        Facsimile: (415) 436-9683
        jaugustine@biologicaldiversity.org

        cadkinsgiese@biologicaldiversity.org

        ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ J. Brett Grosko*
_____
J. BRETT GROSKO